Amy P. Lally (SBN 198555)
alally@sidley.com
Ellyce R. Cooper (SBN 204453)
ecooper@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595-9500
Facsimile: +1 310 595-9501

Mark Rosenbaum (SBN 59940)
mrosenbaum@publiccounsel.org
Judy London (SBN 149431)
jlondon@publiccounsel.org
Talia Inlender (SBN 253796)
tinlender@publiccounsel.org
Alisa Hartz (SBN 285141)
ahartz@publiccounsel.org
Lucero Chavez (SBN 273531)
lchavez@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: +1 213 385-2977
Facsimile: +1 213 385-9089

*Attorneys for Plaintiffs*
*Additional Counsel on next page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MS. J.P., MS. J.O., AND MS. R.M., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, ATTORNEY GENERAL OF THE UNITED STATES; KIRSTJEN NIELSEN, SECRETARY OF HOMELAND SECURITY; U.S. DEPARTMENT OF HOMELAND SECURITY, AND ITS SUBORDINATE ENTITIES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. | Case No. 2:18-cv-06081-JAK-SK<br><br>**SUPPLEMENTAL DECLARATION OF KENNETH BERRICK IN RESPONSE TO INMATE HEALTH SLIP LODGED BY DEFENDANTS**<br><br>Complaint Filed: July 12, 2018<br>Hearing Date: n/a<br>Judge: Hon. John A. Kronstadt |

| | |
|---|---|
| 1 | CUSTOMS AND BORDER PROTECTION; ALEX M. AZAR II, SECRETARY OF HEALTH AND HUMAN SERVICES; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; SCOTT LLOYD, DIRECTOR OF THE OFFICE OF REFUGEE RESETTLEMENT; OFFICE OF REFUGEE RESETTLEMENT; DAVID MARIN, LOS ANGELES FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; LISA VON NORDHEIM, WARDEN, JAMES A. MUSICK FACILITY; MARC J. MOORE, SEATTLE FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; LOWELL CLARK, WARDEN, TACOMA NORTHWEST DETENTION CENTER, |

Defendants.

Carter G. Phillips*
cphillips@sidley.com
Jennifer J. Clark*
jennifer.clark@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736-8000
Facsimile: +1 202 736-8711

Mark E. Haddad (SBN 205945)
markhadd@usc.edu
Part-time Lecturer in Law
USC Gould School of Law**
University of Southern California
699 Exposition Blvd.
Los Angeles, CA 90089
Telephone: +1 213 675-5957

SUPPLEMENTAL DECLARATION OF KENNETH BERRICK

| | |
|---|---|
| Michael Andolina* | Luis Cortes Romero (SBN 310852) |
| mandolina@sidley.com | lcortes@ia-lc.com |
| Timothy Payne* | Alma L. David (SBN 257676) |
| tpayne@sidley.com | adavid@ia-lc.com |
| Kevin Fee* | IMMIGRANT ADVOCACY & |
| kfee@sidley.com | LITIGATION CENTER, PLLC |
| SIDLEY AUSTIN LLP | 19309 68th Avenue South, Suite R-102 |
| One South Dearborn | Kent, WA 98032 |
| Chicago, IL 60603 | Telephone: +1 253 872-4730 |
| Telephone: +1 312 853-7000 | Facsimile: +1 253 237-1591 |
| Facsimile: +1 312 853-7036 | |

Sean A. Commons (SBN 217603)
scommons@sidley.com
Bridget S. Johnsen (SBN 210778)
bjohnsen@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896-6000
Facsimile: +1 213 896-6600

*Admitted pro hac vice

** Institution listed for identification purposes only

SUPPLEMENTAL DECLARATION OF KENNETH BERRICK

# SUPPLEMENTAL DECLARATION OF KENNETH BERRICK IN RESPONSE TO INMATE HEALTH SLIP

**Preliminary Statements**

1.　I, Kenneth Berrick, have been retained by counsel for Plaintiffs as an expert in connection with the above-captioned litigation. My professional background, experience, and publications are detailed in my curriculum vitae, which was previously submitted in connection with my previous declaration in this matter, signed on July 8, 2018. Docket 1-2.

2.　In preparing this declaration, I have relied on my years of experience in this field, as set out in my curriculum vitae, and on the materials listed therein. The materials I have relied upon in preparing this declaration are the same types of materials that experts in my field of study regularly rely upon when forming opinions on the subject.

3.　I am not being compensated for the time devoted to providing expert advice or preparing declarations. The opinions I express, or testimony I provide, do not depend on any compensation.

4.　If our further testimony would be of benefit to the court, I would be available by telephone or in person to participate in the hearing on this matter.

**Provision of Mental Health Services to Address Trauma of Familial Separation**

5.　As described in my previous Declaration dated August 21, 2018 (Docket 119-4), it is my expert opinion that the current assessment process utilized by the government is not a clinically adequate or appropriate method for identifying (much less treating) the mental health needs of parents who have been separated from their children and detained in federal facilities. I have reviewed the additional document, the Inmate Health Slip, that the Government first introduced at the September 20, 2018 argument before the Court. This screening form is even more clinically inadequate and inappropriate than the Psychological Services Inmate Questionnaire (PSIQ) addressed in my previous Declaration. While the PSIQ was an insufficient

specific screening tool that did not adequately address trauma, the Inmate Health Slip is not a screening tool at all. Instead, it appears it is merely a form that allows incarcerated individuals themselves to request medical, dental, or "mental health" care (for a fee). It makes no mention of trauma generally, or family separation specifically. It has none of the features of an effective screening tool that I outlined in my prior Declaration. Like the PSIQ, the Inmate Health Slip relies on an incarcerated individual's "self-report" rather than a trained clinician interview or observation, which is ineffective. The Inmate Health Slip also requires the incarcerated individual to self-identify as having mental health needs, rather than allowing a trained professional to make that determination, and it calls on the individuals to make clinical conclusions about their own mental health needs, rather than asking questions that screen for mental health services needs.

6. There is no indication about when, how, how often, or to whom the Inmate Health Slip is provided, all of which are key to understanding how it fits into the Government's mental health program. However, my understanding is that the Plaintiffs in this case never received this form. For example, the declaration of Lucero Chavez notes that Plaintiff J.P., who was detained at the facility where the Inmate Health Slip was purportedly used, did not receive any mental health screening form. Docket 119-2, ¶ 5. Moreover, even if she received the Inmate Health Slip, J.P. does not speak either of the two languages (English and Spanish) in which the form is apparently offered, so would not have understood it even if she received it.

7. As previously noted, after an appropriate screening for trauma inflicted by family separation, there are a variety of trauma-informed psychotherapy treatment modalities that should be employed to address trauma caused by familial separation. For individual therapy, these include Cognitive Behavioral Therapy and Exposure Therapy. Where the assessment determines that family therapy would be beneficial, then psychotherapeutic treatment modalities like the following should be employed: Multidimensional Family Therapy, Functional Family Therapy, Combined Parent-

Child Cognitive-Behavioral Therapy. Studies demonstrate that successful treatment of trauma using these modalities can often be completed within 12-16 weeks of consistent and culturally-appropriate treatment by an experienced licensed mental health professional.

8. There are existing networks of providers with national scope that could be activated quickly if necessary, and relied on to provide trauma-informed mental health services that separated families need. The National Council for Behavioral Health and the Alliance for Strong Families and Communities, for example, are nationwide networks of providers that could be accessed, if appropriate, to provide necessary treatment to all the class members in this case. The Government itself already provides post-relief contact and services in other contexts, and has its own public list of providers across the country with which it already contracts that can be used to identify agencies that can provide screening, assessment, and mental health services to reunified families. This list is divided by states and counties on the Office of Refugee Resettlement's webpage at https://www.acf.hhs.gov/orr/state-programs-annual-overview. My organization, Seneca Family of Agencies, is willing and able to contact existing regional and national networks of mental health providers to facilitate coordination screening, assessment, and provision of mental health services to identified members of the Plaintiff class.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 18, 2018.

By:

_____

Kenneth Berrick

3
SUPPLEMENTAL DECLARATION OF KENNETH BERRICK

I, Kenneth Berrick, declare as follows:

1. I make this declaration based on my own personal knowledge, and if called as a witness, I could and would testify to the following matters.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Oakland, California on October 18, 2018.

_____

Kenneth Berrick