Amy P. Lally (SBN 198555)
alally@sidley.com
Ellyce R. Cooper (SBN 204453)
ecooper@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595-9500
Facsimile: +1 310 595-9501

Mark Rosenbaum (SBN 59940)
mrosenbaum@publiccounsel.org
Judy London (SBN 149431)
jlondon@publiccounsel.org
Talia Inlender (SBN 253796)
tinlender@publiccounsel.org
Alisa Hartz (SBN 285141)
ahartz@publiccounsel.org
Lucero Chavez (SBN 273531)
lchavez@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: +1 213 385-2977
Facsimile: +1 213 385-9089

*Attorneys for Plaintiffs*
*Additional Counsel on next page*

JOSEPH H. HUNT
Assistant Attorney General
ERNESTO H. MOLINA, JR.
Deputy Director
DANIEL GOLDMAN
Senior Litigation Counsel
MICHELLE R. SLACK
LANCE JOLLEY
SCOTT M. MARCONDA, CBN 144225
Trial Attorneys

MICHAEL HEYSE
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
PO Box 878, Ben Franklin Station
Washington, DC 20044
Michael.Heyse@usdoj.gov
Telephone: (202) 305-7002
Fax: (202) 616-4923
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MS. J.P., MS. J.O., AND MS. R.M., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MATTHEW G. WHITAKER, ACTING ATTORNEY GENERAL, ET AL.,<br><br>        Defendants. | Case No. 2:18-cv-06081-JAK-SK<br><br>**JOINT STATEMENT REGARDING SETTLEMENT DISCUSSIONS AND LODGING OF *MS. L.* SETTLEMENT AGREEMENT PURSUANT TO COURT'S JANUARY 7, 2019 ORDER**<br><br>Assigned to the Hon. John A. Kronstadt |

1

Carter G. Phillips*
cphillips@sidley.com
Jennifer J. Clark*
jennifer.clark@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736-8000
Facsimile: +1 202 736-8711

Mark E. Haddad (SBN 205945)
markhadd@usc.edu
Part-time Lecturer in Law
USC Gould School of Law**
University of Southern California
699 Exposition Blvd.
Los Angeles, CA 90089
Telephone: +1 213 675-5957

Michael Andolina*
mandolina@sidley.com
Timothy Payne*
tpayne@sidley.com
Kevin Fee*
kfee@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: +1 312 853-7000
Facsimile: +1 312 853-7036

Luis Cortes Romero (SBN 310852)
lcortes@ia-lc.com
Alma L. David (SBN 257676)
adavid@ia-lc.com
IMMIGRANT ADVOCACY &
LITIGATION CENTER, PLLC
19309 68th Avenue South, Suite R-102
Kent, WA 98032
Telephone: +1 253 872-4730
Facsimile: +1 253 237-1591

Sean A. Commons (SBN 217603)
scommons@sidley.com
Bridget S. Johnsen (SBN 210778)
bjohnsen@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896-6000
Facsimile: +1 213 896-6600

*Admitted pro hac vice

** Institution listed for identification purposes only

1
2

**JOINT STATEMENT REGARDING SETTLEMENT DISCUSSIONS AND LODGING THE MS. L. SETTLEMENT AGREEMENT**

3

**A. Plaintiffs' Statement**

4
5
6
7
8
9
10

It is productive for counsel to discuss settlement of this action both at this time and in future stages of this case, and Plaintiffs respectfully request appointment of a bench officer.  In light of the ongoing lapse in appropriations, Plaintiffs are amenable to the mediation between counsel taking place in Washington, D.C. at a time convenient for the appointed officer, or by video conference.  Plaintiffs are committed to participating in good-faith direct settlement discussions both before and, if necessary, after the scheduled mediation.

11
12
13
14
15
16
17
18
19

Plaintiffs hope that direct discussions between counsel will prove fruitful and are committed to negotiating in good faith with Defendants to determine whether a negotiated resolution is possible.  However, for the reasons set forth in Plaintiffs' Motion for Preliminary Injunction (ECF No. 45), Plaintiffs and Class Members will suffer irreparable injury without the preliminary relief sought, and therefore do not believe that rulings on Plaintiffs' fully briefed and heard Motion for Preliminary Injunction (ECF No. 45) and Motion for Class Certification (ECF No. 81) should be deferred pending settlement discussions.  Plaintiffs respectfully request that the Court rule on these motions as soon as it deems it advisable to do so.

20
21
22

Contrary to Defendants' claims, Plaintiffs' Motion for Preliminary Injunction and Motion for Class Certification are far from moot.  Recently, the National Research Center on Hispanic Children and Families reported:

23
24

- "Abundant evidence shows that forceful separation from parents is harmful for children in the short term and over time."

25
26

- "Children separated from a primary caregiver without preparation or explanation experience traumatic stress that can be toxic to the brain."

27
28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- "[P]arents' own experiences of distress and traumatization can disrupt their immediate and long-term well-being and may impede their ability to buffer their children's suffering."

*See* http://www.hispanicresearchcenter.org/publications/applying-child-development-research-to-immigration-policy/ (last visited January 14, 2019).  Efforts, if any, by counsel, in this or other litigation arising out of the unconscionable Family Separation Policy, to obtain mental health care screening and treatment for named plaintiffs and other persons on an individual basis do not moot Plaintiffs' request or the need for classwide relief.

In an effort to drive this case towards a timely resolution, and following the parties' unsuccessful settlement discussions culminating in December, Plaintiffs served initial discovery requests on Defendants on January 10, 2019.  *See* Plaintiffs' Request for Production of Documents, Ex. A. Pursuant to Fed. R. Civ. P. 34, Defendants' responses are due on February 11, 2019.  Plaintiffs are willing to agree to a reasonable extension of time to answer and produce documents in response to these requests if specific information is temporarily inaccessible.  However, Plaintiffs do not consent to a blanket stay of discovery deadlines because of the lapse in appropriations for the same reasons the Court did not stay hearing the motion to dismiss.  Defendants' repeated reliance on the lapse in appropriations to justify delaying preliminary injunctive relief and discovery focused on the ultimate merits of this action discount this Court's finding that "[t]his matter presents certain issues that concern 'emergencies involving the safety of human life." Dkt. 173.

Pursuant to Local Rule 5-1, lodged herewith are the following documents filed in *M.M.M., et al. v. Sessions, et al.* (Case No. 3:18-cv-1832-DMS, USDC, Southern District of California):

- Exhibit B: Settlement Agreement (Plan to Address the Asylum Claims of Class-Member Parents and Children Who are Physically Present in the United States

1    & The Return of Removed Parents to the United States), filed September 12,

2    2018;

3    • Exhibit C: Order Certifying the Settlement Classes and Granting Final

4    Approval of Class Action Settlement, filed November 15, 2018.

5    **B. Defendants' Statement**

6    Defendants agree that settlement should proceed before a Court-appointed

7    bench officer. Although Plaintiffs offer to conduct settlement talks in Washington,

8    D.C., Defendants understand that the appointed bench officer may prefer, or require,

9    that such negotiations occur within the Central District of California, with all parties

10   appearing in person. Defendants will defer to the appointed bench officer's

11   preferences and requirements. To the extent that the bench officer so prefers, or

12   requires, Defendants will endeavor to appear in person, and with agency

13   representatives present or available via telephone, as that is Defendants' preferred

14   means of conducting such sensitive discussions. The ongoing lapse in government

15   appropriations, however, renders such travel difficult for Defendants and their agency

16   representatives at this time. Once settlement talks are scheduled, and the bench

17   officer's preferences and requirements made known, Defendants will revisit the

18   attendant details.

19   Defendants also ask that the Court, as offered, defer ruling on the pending

20   motions, and stay all discovery until settlement talks have been completed.

21   Defendants also intend to soon file a separate motion to stay discovery based on the

22   proposed settlement discussions, the ongoing appropriations lapse, and other

23   considerations. A similar motion was granted in *Ms. L.*

24   Defendants respectfully submit that the Court deferring ruling on the pending

25   motions, and staying discovery, provides an incentive to all parties to settle this

26   matter. While the Court indicated during the Motion to Dismiss hearing a likelihood

27   of denying Defendants' Motion to Dismiss, Defendants submit that the numerous and

28   meritorious arguments in favor of dismissal remain viable. The same is true of the

1  pending class certification and preliminary injunction motions, especially given that

2  the proper scope of the putative class here is coextensive with the *Ms. L.* class,

3  notwithstanding the minor differences in the respective language of the two classes'

4  definitions,[1] a class from which Plaintiffs cannot opt out, and the named Plaintiffs

5  have all been released and reunited with their children. Contrary to Plaintiffs'

6  contentions, Plaintiffs do not suffer irreparable harm without preliminary relief. As

7  made apparent by the *Ms. L.* counsel's efforts, they have obtained pro bono mental

8  health services for numerous class members, for which they have stated an intention to

9  seek monetary relief to reimburse providers, and the Government has funded a grant

10  to provide such services, too, through the HHS's SAMSHA grant program. Plaintiffs'

11  request for production of documents makes all the more apparent the duplicative

12  nature of these cases, seeking any and all discovery produced in similar cases. *See*

13  Plaintiffs' Request for Production of Documents, Ex. A.

14       Further, the financial and workload cost of conducting discovery, which in this

15  case involves multiple government agencies, many of which are subject to the

16  ongoing appropriations lapse, present expenses and logistical challenges that are

17  unnecessary while settlement discussions are ongoing. Indeed, many of the

18  individuals likely to possess relevant information and documents remain furloughed.

19  Conducting such partial discovery while these individuals are unavailable would

20  require subsequent and repeated updates and in general sow confusion.[2] Subjecting

21  Defendants to discovery while settlement talks are ongoing, and especially while the

22

---

23  [1] *See* Third Joint Report, ECF No. 168 at 2 and n.2.
    [2] Plaintiffs could have commenced discovery in September, but instead waited four
24  months and filed their first discovery requests while Defendants are in the midst of the
    longest government shutdown in history, trying to respond to this Court's Orders, and
25  preparing for mediated settlement discussions. The Court also has not yet held the
    Rule 16 Scheduling Hearing, as it deferred that matter in September; and at the
26  Motion to Dismiss hearing, Plaintiffs provided conflicting trial schedule dates.
    Although the rules permit discovery to commence before the scheduling hearing,
27  given the complexity of this matter, such discussions and a scheduling order are
    warranted before class-wide discovery should proceed.

28

1   Government lacks appropriations, thus substantially deters and undermines

2   meaningful resolution of this matter, given that this requires diverting limited

3   personnel and resources to discovery and other litigation duties.[3] Defendants therefore

4   ask that the Court, as offered, defer ruling on the pending motions, and stay discovery,

5   pending the outcome of settlement discussions.

6        Regarding Defendants' position about lodging the partial-settlement agreement

7   in the *Ms. L.* litigation, Defendants acknowledge that a final settlement was reached

8   on the asylum-related claims (Claim III) in the *Ms. L.* litigation. The settlement was

9   approved by the *Ms. L.* Court in November and that agreement is a publicly-available

10  document. Thus, Defendants do not object to the lodging of that publicly-filed

11  settlement agreement.

12       Contrary to Plaintiffs' counsel's arguments at the hearings on September 20,

13  2018 and January 7, 2019, that settlement agreement does not eliminate the

14  duplicative nature of proceeding in this case. Instead, the settlement does not involve

15  the due process claims raised by the *Ms. L.* Plaintiff-Class, which includes the named

16  Plaintiffs and proposed class members in the instant case, and those issues remain to

17  be litigated in *Ms. L.*

18

19  Dated:  January 14, 2019            */s/ Amy P. Lally*
                                         Amy P. Lally
20                                       Attorneys for Plaintiffs

21  Dated:  January 14, 2019            */s/ Michael Heyse*
                                         Michael Heyse
22                                       Attorneys for  Defendants

23

24

25

26

---

[3] If the Court issues a preliminary injunction or certifies a class, Defendants would
27  need to consider and possibly seek authorization for an expedited appeal. Such
    activities and attendant judicial resources would be rendered unnecessary in the event
28  of a settlement.

JOINT STATEMENT

1

## **ATTESTATION**

2        I hereby attest that the other signatory listed, on whose behalf this filing is

3   submitted, concurs in the filing's content and has authorized the filing.

4

5     Dated:  January 14, 2019                    */s/ Amy P. Lally*
                                                   Amy P. Lally
6                                                  Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

JOINT STATEMENT
