JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7125
619-546-7751 (fax)

*Attorneys for Federal Respondents-Defendants*

Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)
ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
**Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L, et al.,

Petitioners-Plaintiffs,

vs.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents-Defendants.

Case No. 18cv428 DMS MDD

**JOINT STATUS REPORT**

The Court ordered the parties to file a joint status report ("JSR") by 3:00pm on April 12, 2019, in anticipation of the status conference scheduled at 1:00pm on April 16, 2019. The parties submit this joint status report in accordance with the Court's instruction.

## I. DEFENDANTS' POSITIONS

### A. Update on Reunifications

As of April 11, 2019, Defendants have discharged 2,759 of 2,814 possible children of potential class members. *See* Table 1: Reunification Update. This is an increase of ten discharges reported in Table 1 since the JSR filed on March 27, 2019. *See* ECF No. 388. Three of the ten children were discharged by being reunified with

the separated parent; and the remaining seven were discharged under other appropriate circumstances, such as discharges to other appropriate sponsors.

Currently, there is one child in ORR care proceeding towards reunification or other appropriate discharge. This child has a parent who departed from the United States, but the Steering Committee has advised that resolution of parental preference will be delayed. Defendants are supporting the efforts of the Steering Committee to obtain a statement of intent from the parent. Once Defendants receive notice from the Steering Committee, Defendants will either reunify the child or move him into the TVPRA sponsorship process, consistent with the intent of the parent.

In the last JSR, Defendants reported a child in ORR care, with a parent in the class, for whom the Steering Committee advised Defendants that it was unable to obtain parental preference regarding reunification. Because the Steering Committee has communicated that it considers this case as resolved for its purposes, Defendants have re-categorized this child as having a parent out of class, and will attempt to find a sponsor for the child under the TVPRA process.

The current reunification status for the 2,814 children ages 0 through 17 who have been the focus of Defendants' reporting to date is further summarized in Table 1. The data in Table 1 reflects approximate numbers on these children maintained by ORR at least as of April 11, 2019. These numbers are dynamic and continue to

change as more reunifications, determinations on class membership, or discharges occur.

**Table 1: Reunification Update**

| **Description** | **Phase 1 (Under 5)** | **Phase 2 (5 and above)** | **Total** |
|---|---|---|---|
| Total number of possible children of potential class members | 107 | 2707 | 2814 |
| **Discharged Children** | | | |
| Total children discharged from ORR care: | 106 | 2653 | 2759 |
| • Children discharged by being reunified with separated parent | 82 | 2080 | 2162 |
| • Children discharged under other appropriate circumstances (these include discharges to other sponsors [such as situations where the child's separated parent is not eligible for reunification] or children that turned 18) | 24 | 573 | 597 |
| **Children in ORR Care, Parent in Class** | | | |
| Children in care where the parent is not eligible for reunification or is not available for discharge at this time: | 0 | 1 | 1 |
| • Parent presently outside the U.S. | 0 | 1 | 1 |
| o Steering Committee has advised that resolution will be delayed | 0 | 1 | 1 |
| • Parent presently inside the U.S. | 0 | 0 | 0 |
| o Parent in other federal, state, or local custody | 0 | 0 | 0 |
| o Parent red flag case review ongoing – safety and well being | 0 | 0 | 0 |
| **Children in ORR Care, Parent out of Class** | | | |
| Children in care where further review shows they were not separated from parents by DHS | 1 | 8 | 9 |

| Children in care where a final determination has been made they cannot be reunified because the parent is unfit or presents a danger to the child | 0 | 15 | 15 |
|---|---|---|---|
| Children in care with parent presently departed from the United States whose intent not to reunify has been confirmed by the ACLU | 0 | 28 | 28 |
| Children in care with parent in the United States who has indicated an intent not to reunify | 0 | 1 | 1 |
| Children in care for whom the Steering Committee could not obtain parental preference | 0 | 1 | 1 |

**B. Update on Removed Class Members**

The current reunification status of removed class members is set forth in Table 2 below. The data presented in this Table 2 reflects approximate numbers maintained by ORR as of at least April 11, 2019. These numbers are dynamic and continue to change as the reunification process moves forward.

**Table 2: Reunification of Removed Class Members**

| REUNIFICATION PROCESS | REPORTING METRIC | NO. | REPORTING PARTY |
|---|---|---|---|
| **STARTING POPULATION** | Children in ORR care with parents presently departed from the U.S. | 30 | Defs. |
| **PROCESS 1: Identify & Resolve Safety/Parentage Concerns** | Children with no "red flags" for safety or parentage | 30 | Defs. |
| **PROCESS 2: Establish Contact with Parents in Country of Origin** | Children with parent contact information identified | 30 | Defs. |
| | Children with no contact issues identified by plaintiff or defendant | 30 | Defs. & Pls. |
| | Children with parent contact information provided to ACLU by Government | 30 | Defs. |

| | | | |
|---|---|---|---|
| **PROCESS 3: Determine Parental Intention for Minor** | Children for whom ACLU has communicated parental intent for minor: | 28 | Pls. |
| | • Children whose parents waived reunification | 28 | Pls. |
| | • Children whose parents chose reunification in country of origin | 0 | Pls. |
| | • Children proceeding outside the reunification plan | 0 | Pls. |
| | Children for whom ACLU has not yet communicated parental intent for minor: | 1 | Pls. |
| | • Children with voluntary departure orders awaiting execution | 0 | Defs. |
| | • Children with parental intent to waive reunification documented by ORR | 0 | Defs. |
| | • Children whose parents ACLU has been in contact with for 28 or more days without intent determined | 0 | Pls. |
| | Children whose parents steering committee could not obtain parental preference | 1 | PIs |
| | | | |
| **PROCESS 4: Resolve Immigration Status of Minors to Allow Reunification** | Total children cleared Processes 1-3 with confirmed intent for reunification in country of origin | 0 | Pls. |
| | • Children in ORR care with orders of voluntary departure | 0 | Defs. |
| | • Children in ORR care w/o orders of voluntary departure | 0 | Defs. |
| | o Children in ORR care whose immigration cases were dismissed | 0 | Defs. |

**C. Update Regarding Government's Implementation of Settlement Agreement**

| SETTLEMENT PROCESS | DESCRIPTION | NUMBER |
|---|---|---|
| **Election Forms**[1] | Total number of executed election forms received by the Government | **347 (222 Parents/125 Children)**[2] |
| | • Number who elect to receive settlement procedures | **189 (121 Parents/68 Children)** |
| | • Number who waive settlement procedures | **158 (101 Parents/57 Children)**[3] |
| **Interviews** | Total number of class members who received interviews | **139**[4] |
| | • Parents who received interviews | **73** |
| | • Children who received interviews | **66** |

[1] The number of election forms reported here is the number received by the Government as of April 5, 2019.

[2] The number of children's election forms is lower than the number of parent election forms because in many instances a parent electing settlement procedures submitted an election form on his or her own behalf or opposing counsel e-mailed requesting settlement implementation for the entire family, but no separate form was submitted on behalf of the child.

[3] The number of children's waivers is lower because some parents have submitted waivers only for themselves and some parents who have waived reunification also waived settlement procedures and have therefore not provided a form for the child.

[4] Some individuals could not be interviewed because of rare languages; these individuals were placed in Section 240 proceedings.

| Decisions | Total number of CFI/RFI decisions issued for parents by USCIS | **66**[5] |
|---|---|---|
| | • Number of parents determined to establish CF or RF upon review by USCIS | **66**[6] |
| | • Number of parents whose CF or RF finding remains negative upon review by USCIS | **0** |
| | Total number of CFI decisions issued for children by USCIS | **73**[7] |
| | • Number of children determined to establish CF by USCIS | **73**[8] |

[5] This number is the aggregate of the number of parents whose negative CF/RF determinations were reconsidered, number of parents whose negative CF/RF determination was unchanged, and individuals who were referred to Section 240 proceedings without interview because of a rare language. This number excludes 12 cases where a parent already had an NTA from ICE or was already ordered removed by an IJ (which are included in the interview totals).

[6] This number includes parents who received positive CF/RF determinations upon reconsideration, parents who received a Notice to Appear based on their child's positive CF determination, and parents who were placed in Section 240 proceedings due to a rare language.

[7] This number is the aggregate of the number of children who received a positive CF determination, the number of children who received a negative CF determination, and children who were referred to Section 240 proceedings without interview because of a rare language.

[8] This number includes children who received a positive CF determination, children who received a Notice to Appear as a dependent on their parent's positive CF determination, and children who were placed in Section 240 proceedings due to a

| | | |
|---|---|---|
| | • Number of children determined not to establish CF by USCIS | **0** |
| **Removals** | Number of class members who have been returned to their country of origin as a result of waiving the settlement procedures | **100 Parents**[9] |

**D. Parents Who ICE Records Reflect Have Absconded After Being Released**

| | | |
|---|---|---|
| **Absconders** | Number of Parents who absconded from enrollment in ATD (Alternatives To Detention) | **143**[10] |

**E. March 8, 2019 Order Regarding Class Definition**

On April 5, 2019, in accordance with this Court's March 28, 2019 order, ECF No. 391, Defendants filed with the Court their Proposed Expanded *Ms. L.* Class Identification Plan Summary and supporting declarations. Concurrent with that filing, Defendants designated interagency operational leads. HHS has also begun preparing the dataset that would be relevant to the approximately 47,000 children who were referred to and discharged from ORR care between July 1, 2017, and June 25, 2018. HHS has facilitated discussions involving ORR subject matter experts, the

rare language.

9 This number is as of April 6, 2019.

10 Data from time period of May 4, 2018, to April 5, 2019.

ORR data team, and interagency data team members to identify and refine a list of candidate variables relevant to the development of a statistical prediction model. As explained in the Declarations of Jonathan White and Barry Graubard, ECF Nos. 394-2 and 394-3, the model would be used to group the records of the approximately 47,000 possible children of potential class members for the expansion class according to the probability of parental class membership, in order to allow for efficient identification of class members and children.

HHS has also initiated an expedited procurement process, so that Defendants can hire the additional staff required to implement the Proposed Expanded *Ms. L.* Class Identification Plan if necessary. Defendants anticipate that they would have to hire at least three data scientists on a contract basis, plus at least ten contractors to work full time as part of the manual Case File Review Team.

**F. Pending Motion Regarding Released Settlement Class Members**

The parties met and conferred regarding this issue on March 27, 2019. On April 3, 2019, Plaintiffs sent a list of questions regarding the information provided by Defendants. Defendants responded to these inquiries on April 12, 2019. The parties will continue to meet and confer to resolve these issues.

**G. Children Awaiting Placement.**

On April 3, 2019, Plaintiffs sent an email requesting information regarding the status of 17 children who remain in ORR custody, and whose parents were

removed and waived reunification. Of those 17 children, four have been discharged to sponsors, and a fifth currently has a potential sponsor undergoing the assessment process. Five children have been placed in ORR long-term foster care because they have no viable sponsor and because legal service providers identified them as being potentially eligible for legal relief. The last seven children remain in shelter care because they lack viable sponsors and have no potential legal relief identified.

**H. Government Processes, Procedures, and Tracking, for Separations Since June 26, 2018.**

1. *Data Requested by Plaintiffs*

Defendants are providing Plaintiffs with an updated report containing information regarding parents and children separated since the Court's June 26, 2018 preliminary-injunction order in conjunction with today's JSR. Defendants will continue to provide updated reporting on a regular basis on any new separations.

2. *Processes and Procedures*

Defendants have provided a summary outline memorializing the processes, procedures, tracking, and communication between the agencies that have been adopted by the agencies since June 26, 2018. The outline also included an overview of the options for separated parents and children to obtain information about reunification options. Defendants also have reached out to representatives for the Bureau of Prisons and the U.S. Marshals Service to ensure that those entities are included in discussions regarding these processes and procedures.

On March 4, 2019, Plaintiffs and lawyers for the children's legal service providers sent comments and questions in response to the government's proposals. Defendants have reviewed those comments and questions, and the parties have set a time to meet and confer on April 15, 2019, regarding those inquiries.

## II. ***MS. L.*** **PLAINTIFFS' POSITION**

### 1. Identifying the Pre-June 26 Families

On April 5, the government submitted its plan to identify the pre-June 26 separated families referenced in the internal HHS report. The plan gives the government up to two years to identify the families. Plaintiffs believe that is unacceptable and that the families can be identified much more quickly. In advance of the upcoming hearing next week, Plaintiffs intend to submit specific reasons why the government does not need two years and how the identification process can be completed in far less time.

### 2. Centralized Database and Procedures and Standards to Govern Further Separations

The parties continue to meet and confer on how to address the continuing separations.

### 3. Deported Parents and Settlement

The parties continue to confer on this issue. Plaintiffs expect, however, that the issue will need to be addressed in the next JSR and status conference.

### 4. Information Regarding Parents Separated from Children After June 26

Plaintiffs have requested additional information and clarification from the government regarding the bases for the post-June 26 separations. In the last JSR, the government stated they would provide the information on April 5. As of the time of filing, Plaintiffs have not yet received the requested information.

Plaintiffs have requested rolling disclosures of separations, as the last government disclosure included only separations between June 26, 2018 and the end of January 2019. Plaintiffs have also requested additional information about the basis of separations, including that government identify the criminal history it relied upon for some parents; that the government provide further details of the criminal history it identified for other parents; and that the government elaborate on separations explained only as being for "other" reasons. The parties are meeting and conferring on this issue.

## 5. **Additional Information Requests**

Plaintiffs have made requests for additional information about class members that have been pending with the government for more than two months without a response. These requests include:

- Additional information about the basis for the government decision to exclude seven parents from the class. The government "recategorized" these parents as separated on December 12, 2018, but then informed Plaintiffs that they were excluded from the class. Plaintiffs requested information about the bases for this exclusion on February 27, 2019.
- Additional information about the basis for the government decision to deny reunification to four parents who were excluded from the class on criminal grounds after September 7, 2018. Plaintiffs requested this information on December 5, 2018.
- Clarification as to the number of parents identified on certain government lists as having "waived reunification," but not included on government lists identifying the universe of Ms. L. class members. Plaintiffs have requested this information repeatedly beginning on February 27, 2019, the most recent being March 4, 2019.

## F. STEERING COMMITTEE PROGRESS

The Steering Committee has successfully contacted and confirmed the preferences of nearly all removed parents with respect to reunifications. On April 5, the government reported that, as of April 4, 31 children with removed parents remained in ORR custody.[11] The Committee has delivered preferences for the parents of 29 of those children, and those children are awaiting placement with sponsors in accordance with their parents' submitted preferences. For the two remaining parents, the Steering Committee has advised the government that no parental preference will be forthcoming due to complex and individualized family circumstances.

The status of efforts based on the government's April 4 list of 31 children in ORR custody with removed parents appears in the table immediately below.

| Removed parents identified by the government to the Steering Committee as of 4/4/2019 | 31 |
|---|---|
| | |
| Parent's final preference has been communicated to the government | 29[12] |
| • Parent has elected reunification in Country of Origin | 0 |
| • Parent has elected to waive reunification in Country of Origin | 29 |
| Total number of cases that the Steering Committee has indicated to the government should be set aside | 2 |
| • No parental preference will be forthcoming due to complex and individualized family circumstances | 2 |

[11] As discussed at the October 25 Status Conference, in this Joint Status Report Plaintiffs are reporting a set of detailed numbers based only on the government's most recent list of children in ORR custody with removed parents.

[12] The Steering Committee determined that for one child it was appropriate to report the preference of a non-removed parent because the Steering Committee was unable to reach the removed parent.

**G. <u>Children Whose Parents Have Submitted Preferences and Are Still Detained</u>**

The Steering Committee continues to follow up with the government about the status of children who remain in ORR custody for prolonged periods after submitting preferences. According to the government's April 4 data, 14 of the 31 children in ORR custody have been separated from their parents for at least five months, with half of those children having been in ORR for seven months or longer. The Steering Committee will continue to meet and confer with the Government regarding these children.

**III. <u>*MMM-Dora* Plaintiffs' Report Regarding Settlement Implementation</u>**

As reported in the prior JSR, and per the Court's February 22, 2019 Order (ECF No. 362), the Government provided *Dora* and *M.M.M.* counsel with a list of class members with removal orders, which includes individuals with either expedited removal orders or final removal orders. Plaintiffs' counsel have examined the list to determine how many of the individuals on the list have provided signed settlement forms, and have reached the preliminary conclusion (subject to further meet and confer with the Government) that less than 25% of the individuals on the list have submitted forms.

The parties have been meeting and conferring about the data and the best way to identify class members who may be in need of settlement relief. The

Government has recently provided Plaintiff's counsel with additional address information to facilitate outreach to class members.

In addition, the parties continue to work together to implement the settlement agreement approved on November 15, 2018. Counsel for Plaintiffs are providing the government with signed waiver forms as they are received from class members (detained and released). The parties are meeting and conferring on settlement implementation issues as they arise, and are working together to resolve (among other issues) the discrepancy between the number of waiver forms submitted by class counsel and the number of forms reported by the Government. The parties will alert the Court of any issues that require the Court's guidance.

DATED: April 12, 2019           Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Judy Rabinovitz*
Anand Balakrishnan*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*jrabinovitz@aclu.org*
*abalakrishnan@aclu.org*

Bardis Vakili (SBN 247783)

ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
T: (619) 398-4485
F: (619) 232-0036
*bvakili@aclusandiego.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Petitioners-Plaintiffs*
**Admitted Pro Hac Vice*

JOSEPH H. HUNT
Assistant Attorney General
SCOTT G. STEWART
Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

*/s/ Sarah B. Fabian*
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE MURLEY
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice

Case 3:18-cv-00428-DMS-MDD Document 399-1 Filed 04/25/19 PageID.5912 Page 18 of 18

P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4824
(202) 616-8962 (facsimile)
sarah.b.fabian@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney

*Attorneys for Respondents-Defendants*