Amy P. Lally (SBN 198555)
alally@sidley.com
Ellyce R. Cooper (SBN 204453)
ecooper@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595-9500
Facsimile: +1 310 595-9501

Mark Rosenbaum (SBN 59940)
mrosenbaum@publiccounsel.org
Judy London (SBN 149431)
jlondon@publiccounsel.org
Talia Inlender (SBN 253796)
tinlender@publiccounsel.org
Alisa Hartz (SBN 285141)
ahartz@publiccounsel.org
Lucero Chavez (SBN 273531)
lchavez@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: +1 213 385-2977
Facsimile: +1 213 385-9089

*Attorneys for Plaintiffs*
*Additional Counsel on next page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| Ms. J.P., et al., | Case No. 2:18-cv-06081-JAK-SK |
|---|---|
| Plaintiffs, | Assigned to the Hon. John A. Kronstadt and the Hon. Steve Kim |
| v. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY ALL PROCEEEDINGS PENDING APPEAL** |
| WILLIAM P. BARR, et al., | |
| Defendants. | |

Carter G. Phillips*
cphillips@sidley.com
Jennifer J. Clark*
jennifer.clark@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736-8000
Facsimile: +1 202 736-8711

Michael Andolina*
mandolina@sidley.com
Timothy Payne*
tpayne@sidley.com
Kevin Fee*
kfee@sidley.com
Daniel Craig*
dcraig@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: +1 312 853-7000
Facsimile: +1 312 853-7036

Sean A. Commons (SBN 217603)
scommons@sidley.com
Bridget S. Johnsen (SBN 210778)
bjohnsen@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896-6000
Facsimile: +1 213 896-6600

Mark E. Haddad (SBN 205945)
markhadd@usc.edu
Part-time Lecturer in Law
USC Gould School of Law**
University of Southern California
699 Exposition Blvd.
Los Angeles, CA 90089
Telephone: +1 213 675-5957

Luis Cortes Romero (SBN 310852)
lcortes@ia-lc.com
Alma L. David (SBN 257676)
adavid@ia-lc.com
IMMIGRANT ADVOCACY &
LITIGATION CENTER, PLLC
19309 68th Avenue South, Suite R-102
Kent, WA 98032
Telephone: +1 253 872-4730
Facsimile: +1 253 237-1591

*Admitted pro hac vice

** Institution listed for identification purposes only

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY
ALL PROCEEDINGS PENDING APPEAL

## I.      INTRODUCTION

This Court has already found that Plaintiffs have established, sufficient for the purposes of entering a preliminary injunction, that "the trauma they experienced as a result of the family separation policy will cause irreparable injury unless they are provided with immediate care." Order Certifying Class, Granting Preliminary Injunction, and Denying Motion to Dismiss ("Order"), ECF Dkt. No. 251 at 42-43. Through an *ex parte* improperly filed on the eve of the Thanksgiving holiday, Defendants seek a stay in light of an administrative burden that is premised on erroneous facts regarding the nature of the relief ordered by the Court, a burden that in any event cannot outweigh the irreparable harm to class members.

A stay is discretionary, and for a Court to exercise that discretion a party has to show a likelihood of success on appeal, that it will be irreparably harmed, and that the equities of a stay tip in its favor. This Court has considered each of these in its Order, finding that *Plaintiffs* are likely to succeed, that *Plaintiffs* – whom the Government deliberately harmed by separating them from their children in order to deter asylum seekers from seeking safety in the United States – would be irreparably injured, and that the equities tipped in *Plaintiffs'* direction. *See generally* Order. An administrative burden on the government to come up with a plan to remedy a harm that it intentionally caused cannot outweigh the injury that class members will suffer if relief is still further delayed. The Court has addressed these points already, and a stay is not appropriate.

Defendants' *ex parte* application should be denied.

## II.      PROCEDURAL HISTORY

Defendants' *ex parte* application, filed on the eve of a national holiday, comes after months of repeated efforts to delay the proceeding, avoid timely resolution of the dispute, and circumvent the government's constitutional obligation found by this Court to provide Plaintiffs and class members with the medical care they require due

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY
ALL PROCEEDINGS PENDING APPEAL

1    to the government's actions in separating them from their children.

2           A.    **Defendants' Efforts to Delay Discovery**

3           This case comes before the Court in view of the devastating psychological

4    trauma suffered by Plaintiffs and class members as a result of Defendants' decision to

5    forcibly separate immigrant families at the U.S.-Mexico border. Given the multiplying

6    effects of this harm with each day the trauma remains untreated, delivering class relief

7    quickly is a pressing concern, a reality that this Court has already recognized. Order at

8    42-43 ("Plaintiffs have submitted substantial evidence to support the position that the

9    trauma they experienced as a result of the family separation policy will cause

10   irreparable injury unless they are provided with immediate care.").

11          In an effort to drive the case towards a timely resolution, Plaintiffs served initial

12   discovery requests on Defendants on January 10, 2019. Since that submission over ten

13   months ago, Defendants have sought to extend the deadline to respond to the requests

14   on ten separate occasions and have still refused to provide even the most basic

15   discovery including the list of class members (a list they have had to at least

16   substantially compile and provide to Plaintiffs in the *Ms. L.* action and still refuse to

17   produce here). *See* ECF Dkt. Nos. 183, 198, 213, 216, 223, 225, 228, 231, 237, and

18   238 (requesting extensions).

19          B.    **The Order and Defendants' Request for Extension to Respond**

20          Following the collapse of extended settlement negotiations with the

21   government, this Court issued its Order on November 5, 2019, which: (i) granted

22   Plaintiffs' Motion for Class Certification, (ii) granted Plaintiffs' Motion for a

23   Preliminary Injunction to provide mental health screenings and trauma-informed

24   mental health to the Custody Subclass, and (iii) denied Defendants' Motion to Dismiss

25   in its entirety. *See* Order, ECF Dkt. No. 251. The November 5, 2019 Order further

26   establishes the urgency of the situation to Plaintiffs, and appropriately highlights the

27   pressing need for the government to promptly remediate the severe and obvious harms

28

1    caused by Defendants' unconstitutional policy to separate immigrant families at the

2    U.S.-Mexico border.

3         Despite the urgency expressed by this Court in the November 5, 2019 Order,

4    Defendants have continued to pursue procedural delay. On November 19, 2019,

5    Defendants once again requested an extension, seeking an additional 30 days to

6    answer Plaintiffs' July 12, 2018 Complaint. *See* ECF Dkt. No. 257. Plaintiffs did not

7    oppose that extension request, even though Defendants already had over sixteen

8    months to consider the Complaint. Notably, Defendants' November 19, 2019 request

9    did not disclose any intention to pursue this *ex parte* application just over a week later.

10        C.    **The Instant *Ex Parte* Motion and Defendants' Bad Faith**

11             **Conduct**

12        On November 27, 2019, the day before Thanksgiving Day, Defendants chose to

13   file the instant *Ex Parte* Application to Stay. Despite having clearly planned the filing

14   for weeks (the declarations supporting their brief were signed as early as November

15   13, 2019), Defendants first informed Plaintiffs' counsel of their intention to file this

16   application at 11:04 A.M. Pacific the same day they filed, but did not provide in that

17   communication a description of the basis for the relief sought or the reasons why relief

18   must be granted *ex parte*. *See* Declaration of Amy Lally in Support of Plaintiffs'

19   Opposition to Defendants' *Ex Parte* Application to Stay ("Lally Dec.") Exhibit A. In

20   that communication, Defendants expressed to Plaintiffs their expectation that

21   Plaintiffs respond to their motion "within 24 hours (or one court day)" following

22   service. *Id.*

23        Plaintiffs requested that Defendants provide them with additional information

24   concerning the Defendants' *ex parte* motion – as is required by Local Rule 17-19.1 (it

25   is the duty of attorneys to make a good faith effort to inform counsel of the "substance

26   of the proposed ex parte application") – and also to allow Plaintiffs more than a single

27   business day to respond. *Id.* Defendants proceeded to deny Plaintiffs' request, and, in

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY
ALL PROCEEDINGS PENDING APPEAL

1   explaining their rationale for the motion, provided no support or explanation for why

2   Defendants either needed this stay or could not timely bring their request for stay by

3   noticed motion. *Id.* The communication denying Plaintiffs' request for a suitable time

4   to respond was provided at 4:45 P.M. PST, when Plaintiffs' counsel were already

5   traveling for Thanksgiving, and providing Plaintiffs with no time to prepare for

6   responding over the holiday weekend. *Id.* The Application itself and supporting

7   documents were filed electronically later that evening.

8        The full correspondence including Plaintiffs' offer of a reasonable briefing

9   schedule and efforts to glean the substance of Defendants' application is attached as

10   Exhibit A to the Lally Declaration filed concurrently herewith.

11   **III.   Argument**

12        A.   **The Requested Stay Is Unnecessary and Inappropriate**

13        The standards for a stay are clear, and they do not favor a stay in this instance.

14   *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017) (per curiam),

15   *reconsideration en banc denied*, 853 F.3d 933 (9th Cir. 2017), *amended and*

16   *superseded by*, 858 F.3d 1168 (9th Cir. 2017), *cert. denied sub nom. Golden v.*

17   *Washington*, 138 S. Ct. 448, 199 L. Ed. 2d 331 (2017) ("Our decision is guided by

18   four questions: '(1) whether the stay applicant has made a strong showing that he is

19   likely to succeed on the merits; (2) whether the applicant will be irreparably injured

20   absent a stay; (3) whether issuance of the stay will substantially injure the other parties

21   interested in the proceeding; and (4) where the public interest lies.'") (*quoting Lair v.*

22   *Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012)).

23        These are questions that the Court considered, less than a month ago, in its

24   Order. In granting the Preliminary Injunction, the Court found that Plaintiffs were

25   likely to succeed, that Plaintiffs would be irreparably injured, and that the public

26   interest favored Plaintiffs. *See Generally* Order. Defendants offer nothing new in

27   support of their *ex parte* application to stay that this Court has not already considered

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY
ALL PROCEEDINGS PENDING APPEAL

1  and ruled on in its Order. In addition, even had Defendants offered anything new, a

2  stay is "not a matter of right, even if irreparable injury might otherwise result."

3  *Washington* at 1164 (*quoting Nken v. Holder*, 556 U.S. 418, 433 (2009)).

4  　　　Here, as the Court noted, delay will further injure Plaintiffs and their children

5  who were forcibly separated by Defendants without regard for their mental health.

6  Order at 42-43. Defendants lay out all sorts of supposed harms that they would

7  endure. In the first place, none of these purported harms can outweigh the irreparable

8  harm that the Court has found that class members are likely to suffer in the absence of

9  preliminary relief. As the Court noted in its Order, quoting Plaintiffs' expert Dr. Bruce

10  Perry, "The longer such [trauma] interventions are delayed, the greater the negative

11  cumulative effect the acute neurophysiological, neuroendocrine, and

12  neuropsychological response will have on these children and their parents." Order at

13  10. *See also* ECF Dkt. No. 46, Decl. of Marleen Wong at ¶ 25 ("It is essential to

14  intervene and treat the trauma as early as possible so that the child can function

15  adaptively and feel less consumed by the traumatic event."); ECF Dkt. No. 51, Decl.

16  of Luis H. Zayas at ¶ 28 (recommending that "screenings, assessments, and family

17  and individual treatments be implemented *as soon as possible*.").

18  　　　The purported burdens on Defendants to begin to remedy the harm that they

19  intentionally caused cannot outweigh the long-term effects to Plaintiffs and their

20  children of a continued failure to assess and treat class members for trauma. *See* Order

21  at 44 ("There is no evidence that the proposed relief would impose unreasonable

22  financial burdens on the Government. Moreover, the costs to the Government will be

23  the result of its actions and the resulting, claimed adverse effects on Plaintiffs.").

24  　　　Furthermore, Defendants' supposed injuries assume a particular format for

25  relief to Plaintiffs and their children (*i.e.* that the Public Health Services will need to

26  be deployed in a "massive public health delivery system" and ICE will need to

27  transfer detainees), but they offer no evidence that this is a clinically indicated remedy

28

7

that is able to provide relief to class members. In fact, Plaintiffs submit that an NGO, such as the Seneca Family of Agencies, is more suited to provide the outreach and treatment contemplated by the Court, and they could provide such relief without any of the troubles put forth by Defendants, if Defendants simply chose to pay for the care ordered. *Cf* Order at 32 (an injunction is still appropriate under the APA if even if it requires the expenditure of resources). *See also* Berrick Decl. at ¶ 8 ("In light of the trauma that class members have already suffered, it is critical that an outreach to this population be conducted in a trauma-informed and culturally appropriate manner. For this reason, such outreach must be conducted by individuals not associated with the government, whom class members are likely to associate with the trauma they experienced and who may be perceived as threatening or intidimdating."). Agreeing upon the details of this relief structure was the goal of the meet and confer process included in the Order, which Plaintiffs participated in fully in good faith. *See* Dkt. No. 260 at 5, 8-9, 14 (describing the work Seneca could do). Nevertheless, the fact of the availability of NGOs such as Seneca shows Defendants' arguments of injury to be a straw man that, like Defendants' other arguments, have been addressed in this Court's Order.

For all the reasons extensively stated in this Court's Order, Defendants are not likely to succeed on appeal, and the continuing irreparable harm is being suffered by Plaintiffs not Defendants. The relief Defendants seek is extraordinary and the harm caused to the class is is far more severe than any administrative burden upon the federal government. Should the Court require more information regarding the burden on the federal government and the harms to class members if relief is further delayed, Plaintiffs request an additional four days to provide the Court with declarations from pro bono expert consultants.

## IV.     <u>Conclusion</u>

Plaintiffs are parents whose children were forcibly separated from them by

1  Defendants causing intense mental health trauma. This separation was
2  unconstitutional. Causing this trauma was a deliberate constitutional violation.
3  Plaintiffs suffered and continue to suffer irreparable injury. The Court has already
4  addressed each of these points in its Order and should deny the *ex parte* application.
5  Should the Court require additional information before ruling on this motion to stay,
6  Plaintiffs request the opportunity to file additional expert declarations by Friday,
7  December 6.

8   DATED: December 2, 2019               SIDLEY AUSTIN LLP
9
10                                          By:   */s/* Amy P. Lally
11                                                Amy P. Lally (SBN 198555)
                                                  alally@sidley.com
12                                                1999 Avenue of the Stars, 17th Floor
                                                  Los Angeles, CA 90067
13                                                Telephone: 310.595.9500
                                                  Facsimile: 310.595.9501
14
15                                                Attorney for Plaintiffs
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY
ALL PROCEEDINGS PENDING APPEAL

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1999 Avenue of the Stars, 17th Floor, Los Angeles, California 90067.

On December 2, 2019, I served the foregoing document(s) described as **PLAINTIFFS' OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION TO STAY ALL PROCEEDINGS PENDING APPEAL** on all interested parties in this action by the method described below:

I electronically filed the foregoing with the Clerk of District Court using its CM/ECF system, which electronically provides notice.

I declare under penalty of perjury that the foregoing is true and correct.


*/s/*  Amy P. Lally
Amy P. Lally
Attorney for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY
ALL PROCEEDINGS PENDING APPEAL