JOSEPH H. HUNT
Assistant Attorney General
JEFFREY S. ROBINS
Deputy Director
SARAH B. FABIAN
Senior Litigation Counsel
LINDSAY M. VICK
Trial Attorney

NICOLE N. MURLEY
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation
PO Box 868, Ben Franklin Station
Washington, D.C. 20044
Nicole.Murley@usdoj.gov
Telephone: (202) 616-0473
Fax: (202) 616-8962

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MS. J.P., MS. J.O., AND MS. R.M., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM P. BARR, et al.,<br><br>Defendants. | Case No. 2:18-cv-06081-JAK (SKx)<br><br>**DEFENDANTS' ANSWER TO COMPLAINT [ECF NO. 1]**<br><br>Hearing Date: None requested<br>Location: Courtroom 10B<br>Hon. John A. Kronstadt |

Defendants respond to Plaintiff's Complaint as follows:

## **INTRODUCTION**[1]

1.     Paragraph 1 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely subjective characterizations and legal conclusions. Defendants deny the first paragraph.

2.     Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in paragraph 2 and, on such lack of information and knowledge, deny the allegations contained in the paragraph. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the characterization of Marti Loring as a "leading trauma expert" and, on such lack of information and knowledge, deny the characterization.

3.     Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in paragraph 3 and, on such lack of information and knowledge, deny the allegations contained in the paragraph. Defendants admit that the quotation in the second sentence accurately reflects the Berrick Declaration. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the characterization of Kenneth Berrick, John Sprinson, and Kevin Campbell as "trauma experts" and, on such lack of information and knowledge, deny the characterization.

4.     Defendants admit that Plaintiffs and their minor children were detained by the federal government for trying to enter the United States without proper immigration documentation and subsequently separated, but deny the first sentence of paragraph 4 as to the claim that Plaintiffs were separated from their children under a family

---

[1] Defendants have reproduced Plaintiffs' headings throughout this Answer for ease of reference, but offer no individual responses to those headings. To the extent a response may be warranted, Defendants deny the allegations in each and every heading.

separation policy.[2] Defendants do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in this paragraph and, on such lack of information and knowledge, deny all remaining allegations. Defendants aver that the named Plaintiffs are no longer detained and are no longer separated from their children.

5.    Defendants admit the first sentence of paragraph 5 to the extent that DHS and its agencies are assigned with faithfully enforcing the INA and other laws of the United States, and deny the second and third sentences.

6.    Defendants deny the first three sentences of paragraph 6. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the last two sentences in paragraph 6 and, on such lack of information and knowledge, deny the paragraph.

7.    Defendants deny the first three sentences of paragraph 7. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the last two sentences in paragraph 7 and, on such lack of information and knowledge, deny the paragraph.

8.    Paragraph 8 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely subjective characterizations and legal conclusions. Defendants deny paragraph 8.

9.    Defendants admit that paragraph 9 documents certain findings of *Ms. L. v. U.S. Immigration & Customs Enf't*, 18-cv-0428, 2018 WL 3129486 (S.D. Cal. June 26, 2018). To the extent that paragraph 9 contains Plaintiffs' characterizations of that court's decision that go beyond the explicit holdings of that court, Defendants deny the paragraph.

---

[2] Defendants deny each and every claim in Plaintiffs' Complaint that the United States government enacted or maintained a policy of family separation.

10.    Defendants admit that paragraph 10 documents certain findings of *Ms. L. v. U.S. Immigration & Customs Enf't*, No. 18-cv-428, ECF No. 86 (S.D. Cal. July 5, 2018). To the extent that paragraph 10 contains Plaintiffs' characterizations of that court's decision that go beyond the explicit holdings of that court, Defendants deny the paragraph.

11.    Defendants deny the first sentence of paragraph 11. To the extent the remainder of paragraph 11 relies on the incorrect premise of the first sentence, and to the extent that paragraph 11 contains Plaintiffs' characterizations of that court's decision that go beyond the explicit holdings of that court, Defendants deny the remainder of paragraph 11.

12.    Paragraph 12 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely subjective characterizations and legal conclusions. Defendants deny paragraph 12.

13.    Paragraph 13 is a characterization of Plaintiffs' own claims and legal conclusions. Defendants deny paragraph 13.

14.    Paragraph 14 is a characterization of Plaintiffs' own claims and legal conclusions. Defendants deny paragraph 14.

15.    Defendants admit the first sentence of paragraph 15 documents certain findings of the *Flores* settlement. To the extent that paragraph 15 contains Plaintiffs' characterizations of that court's decision that go beyond the explicit holdings of that court, Defendants deny the paragraph. The second sentence is a characterization of Plaintiffs' own claims and legal conclusions. Defendants deny the allegations in the second sentence.

**Plaintiff Ms. J.P.**

16.    Defendants admit the first sentence of paragraph 16 in that Plaintiff Ms. J.P. is the mother of L.P. Defendants aver that Ms. J.P. is no longer detained by U.S.

Immigration and Customs Enforcement ("ICE"). Defendants aver that L.P. is also no longer detained.

17.     Defendants aver Ms. J.P. was apprehended on or about May 16, 2018 at or near San Luis, Arizona and she informed CBP agents that her native language is Q'eqchi', but do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in this paragraph, and on such lack of information and knowledge, deny those allegations.

18.     Paragraph 18 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely subjective characterizations of their claims. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations and, on such lack of information and knowledge, deny those allegations.

19.     Paragraph 19 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely subjective characterizations of their claims. Defendants admit that Plaintiff L.P. passed out and was taken to a hospital. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations and, on such lack of information and knowledge, deny those allegations.

20.     Defendants admit that Plaintiff spoke with L.P. on the phone, but do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in sentence 3. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in paragraph 20 and, on such lack of information and knowledge, deny all of the remaining allegations in paragraph 20.

21.     Paragraph 21 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations. Defendants do not currently have sufficient information or knowledge upon which to admit or deny

DEFENDANTS' ANSWER TO COMPLAINT
2:18-CV-06081- JAK (SKx)

the allegations and, on such lack of information and knowledge, deny those allegations. Defendants aver that L.P. is no longer separated from her mother.

22.    Paragraph 22 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations and, on such lack of information and knowledge, deny those allegations.

23.    Paragraph 23 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations and, on such lack of information and knowledge, deny those allegations.

### Plaintiff Ms. J.O.

24.    Defendants admit that Plaintiff J.O. is the mother of T.B. and that Plaintiff was apprehended on or about May 18, 2018 at or near Granjeno, Texas, but do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations. On such lack of information and knowledge, Defendants deny those allegations.

25.    Defendants admit that Plaintiff J.O. and her daughter T.B. were processed separately. The remainder of Paragraph 25 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely subjective characterizations of Plaintiffs' own claims and legal conclusions. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations and, on such lack of information and knowledge, deny those allegations.

26.    Defendants admit . that Plaintiff J.O. was placed in a holding cell. The remainder of the first sentence and the remainder of paragraph 26 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations of their claims. Defendants do not currently have sufficient

information or knowledge upon which to admit or deny the remaining allegations and, on such lack of information and knowledge, deny those allegations.

27.    Paragraph 27 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations of their claims. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations and, on such lack of information and knowledge, deny those allegations.

28.    Paragraph 28 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations of their claims. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations and, on such lack of information and knowledge, deny those allegations.

29.    Defendants admit that Plaintiff appeared in court on or about May 21, 2018 and that Plaintiff pled guilty to the charge of illegal entry in violation of 8 U.S.C. § 1325(a)(1). Defendants do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in paragraph 29 and, on such lack of information and knowledge, deny those allegations.

30.    Defendants do not currently have sufficient information or knowledge upon which to admit or deny the first sentence of paragraph 30, and, on such lack of information and knowledge, deny those allegations. Defendants admit the remaining sentences of paragraph 30.

31.    Paragraph 31 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations of their claims. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations and, on such lack of information and knowledge, deny those allegations.

32.    Defendants admit that Plaintiff J.O. did not receive any mental-health or counseling services from ICE to address the trauma she may have experienced due to the separation from her daughter when she was in ICE custody. Defendants do not currently have sufficient information or knowledge upon which to admit or deny what mental health services Plaintiff J.O. received after she was released from ICE custody.

### Plaintiff Ms. R.M.

33.    Defendants admit that Ms. R.M. and S.Q. were apprehended on or about May 18, 2018 at or near Hidalgo, Texas, but do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in paragraph 33. On such lack of information and knowledge, Defendants deny the remaining allegations.

34.    Defendants do not currently have sufficient information or knowledge upon which to admit or deny the first sentence of paragraph 34, and, on such lack of information and knowledge, deny those allegations. The remainder of Paragraph 34 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations of their claims. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations and, on such lack of information and knowledge, deny those allegations.

35.    Paragraph 35 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations of their claims. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations and, on such lack of information and knowledge, deny those allegations.

36.    Paragraph 36 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations of their claims. Defendants do not currently have sufficient information or knowledge upon which to

admit or deny the allegations and, on such lack of information and knowledge, deny those allegations.

37.    Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in paragraph 37 and, on such lack of information and knowledge, deny those allegations.

38.    Defendants deny that Plaintiff or her daughter were held in cages. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in paragraph 38 and, on such lack of information and knowledge, deny those allegations.

39.    Defendants admit that Plaintiff R.M. appeared in court on or about May 21, 2018 and that Plaintiff pled guilty to the charge of illegal entry in violation of 8 U.S.C. § 1325(a)(1). Defendants do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in paragraph 39 and, on such lack of information and knowledge, deny those allegations.

40.    Defendants admit that Plaintiff R.M. was transferred to Laredo, Texas and that Plaintiff's daughter was in San Benito, Texas at Southwest Key Programs, Inc.—Casa Antigua on or around May 25, 2018. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in paragraph 40 and, on such lack of information and knowledge, deny those allegations. Defendants aver that Plaintiff R.M. and her daughter are no longer detained and are no longer separated.

41.    Defendants admit paragraph 41.

42.    Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in paragraph 42 and, on such lack of information and knowledge, deny those allegations.

43.    Paragraph 43 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely subjective characterizations of Plaintiffs' own claims and legal conclusions. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in the first sentence and, on such lack of information and knowledge, deny those allegations. Defendants admit that Plaintiff R.M. did not receive any mental-health or counseling services from ICE to address the trauma she may have experienced due to the separation from her daughter when she was in ICE custody. Defendants do not currently have sufficient information or knowledge upon which to admit or deny what mental health services Plaintiff R.M. received after she was released from ICE custody.

44.    Paragraph 44 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations of their claims. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations and, on such lack of information and knowledge, deny those allegations.

45.    Defendants deny the first sentence of paragraph 45 and aver that William P. Barr is currently the Attorney General of the United States. Defendants admit that the INA assigns certain responsibilities for enforcement of the immigration laws to the Attorney General of the United States, but deny that a policy of family separation exists.

46.    Defendants deny the first sentence of paragraph 46 and aver that Chad F. Wolf is the Acting Secretary of Homeland Security since November 13, 2019. Defendants admit that the INA assigns certain responsibilities for enforcement of the immigration laws to the Secretary of Homeland Security and that there are agencies within the Department of Homeland Security ("DHS") under the authority of the Secretary.

47.    Defendants admit that the INA assigns certain responsibilities for enforcement of the immigration laws to DHS.

DEFENDANTS' ANSWER TO COMPLAINT
2:18-CV-06081- JAK (SKx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

48.    Defendants admit that U.S. Immigration and Customs Enforcement ("ICE") is an agency within DHS that has responsibility for administering immigration laws in the United States, including immigration detention.

49.    Defendants admit that U.S. Customs and Border Protection ("CBP") is an agency within DHS whose responsibilities include processing aliens who are apprehended near the United States border.

50.    Defendants admit the first sentence of paragraph 50. Defendants admit that the Homeland Security Act of 2002 assigns certain responsibilities to HHS for, among other things, coordinating and implementing the care and placement of unaccompanied alien children ("UAC") as that term is defined by statute. Defendants admit that there are agencies within HHS under the authority of the Secretary. Defendants otherwise deny the remaining allegations in Paragraph 50.

51.    Defendants admit that the Homeland Security Act of 2002 assigns certain responsibilities to HHS for, among other things, coordinating and implementing the care and placement of UAC as that term is defined by statute. Defendants otherwise deny the remaining allegations in Paragraph 51.

52.    Defendants deny the first sentence of paragraph 52 and aver that Jonathan H. Hayes is currently the Director of the Office of Refugee Resettlement ("ORR"). Defendants admit that ORR is an agency within HHS and that ORR, among other things, coordinates and implements the care and placement of UAC in appropriate custodial settings. Defendants admit that the director of ORR is responsible for the administration of ORR. Defendants otherwise deny the remaining allegations in Paragraph 52.

53.    Defendants admit that ORR is an agency within HHS and that ORR, among other things, coordinates and implements the care and placement of UAC in appropriate

custodial settings. Defendants otherwise deny the remaining allegations in Paragraph 53.

54.    Defendants admit the first sentence of paragraph 54 but deny that Plaintiff J.P. is detained.

55.    Defendants admit the first sentence of paragraph 55 but deny that Plaintiff J.P. is detained.

56.    Defendants admit the first sentence of paragraph 56 but deny that Plaintiffs J.O. and R.M. are detained.

57.    Defendants admit the first sentence of paragraph 57 but deny that Plaintiffs J.O. and R.M. are detained.

## JURISDICTION AND VENUE

58.    Defendants deny that there is subject matter jurisdiction under 28 U.S.C. §§ 1331, 1346, and deny that Plaintiffs have sufficiently asserted a habeas petition under 28 U.S.C. § 2241.

59.    Defendants deny that Plaintiffs seek non-monetary relief, and deny that Plaintiffs have otherwise established a waiver of sovereign immunity.

60.    Defendants admit paragraph 60.

61.    Defendants deny that Plaintiffs have established the Court's authority to grant declaratory relief under 28 U.S.C. §§ 2201-2202 in this case.

## STATUTORY AND LEGAL FRAMEWORK
### U.S. Law Permits Families to Seek Asylum upon Arrival

62.    Defendants admit paragraph 62, as applied to "aliens," as that term is defined in the INA.

63.    Paragraph 63 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely subjective characterizations of Plaintiffs' own claims and legal conclusions. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in the paragraph and, on such lack of information and knowledge, deny those allegations. Defendants admit that the Refugee Act of 1980 provides a process for individuals who fear persecution in their native countries to seek protection in the United States.

64.    Defendants admit paragraph 64 as a proper recitation of the INA.

65.    Defendants admit paragraph 65 as a proper recitation of the INA and the Title 8 of the Code of Federal Regulations.

66.    Defendants admit paragraph 66 as a proper recitation of the INA.

67.    Defendants deny paragraph 67.

### The *Flores* Settlement Sets Standards for Housing and Providing Services to Detained Children

68.    Defendants admit paragraph 68 to the extent that the word "children" refers to "minors" as that term is defined in the *Flores* settlement agreement: *Flores v. Lynch*, 828 F.3d 898, 905-06 (9th Cir. 2016).

69.    Defendants admit that the quoted text in the first three sentences and the first part of the fourth sentence of paragraph 69 is accurately reproduced from the *Flores* settlement, but deny that the excerpted text supports the truth of any and/or all previously denied allegations. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the last clause of the fourth sentence and, on such lack of information and knowledge, deny that clause. Defendants deny any remaining allegations in this paragraph.

70.    Defendants admit that the quoted text in paragraph 70 is accurately reproduced from the *Flores* Settlement agreement, but deny that the excerpted text supports the

truth of any and/or all previously denied allegations. Defendants deny any remaining allegations in this paragraph.

71.     Defendants admit that the quoted text in paragraph 71 is accurately reproduced from the *Flores* Settlement agreement, but deny that the excerpted text supports the truth of any and/or all previously denied allegations. Defendants deny any remaining allegations in this paragraph.

72.     Defendants admit that the quoted text in paragraph 72 is accurately reproduced from the *Flores* Settlement agreement, but deny that the excerpted text supports the truth of any and/or all previously denied allegations. Defendants deny any remaining allegations in this paragraph.

73.     Defendants admit that the quoted text in paragraph 73 is accurately reproduced from the *Flores* Settlement agreement, but deny that the excerpted text supports the truth of any and/or all previously denied allegations. Defendants deny footnote 9 and deny any remaining allegations in this paragraph.

## THE NEEDLESS AND INHERENTLY CRUEL POLICY OF FAMILY SEPARATION INFLICTED IRREPARABLE HARM
### The Family Separation Policy Was Unnecessary

74.     Defendants deny paragraph 74.

75.     Paragraph 75 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely Plaintiffs' subjective characterizations of their own claims. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in the paragraph and, on such lack of information and knowledge, deny those allegations.

76.     The first, second, and fifth sentences of Paragraph 76 are not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but are largely subjective characterizations of Plaintiffs' own claims and legal conclusions. Defendants do not

currently have sufficient information or knowledge upon which to admit or deny the allegations in these sentences and, on such lack of information and knowledge, deny those allegations. Defendants admit that the quoted text in the third and fourth sentences is accurately reproduced from the cited sources, but deny that the excerpted text supports the truth of any and/or all previously denied allegations.

77.   Defendants admit the first four sentences of paragraph 77, including the six bulleted points. Defendants admit that the FCMP was launched on January 21, 2016, but deny the remaining allegations in the first sentence after the last bullet point. Defendants admit that, according to the DHS Office of Inspector General Report, the overall program compliance for all five regions was an average of 99 percent for ICE check-ins and appointments and 100 percent attendance at court hearings, but deny the remaining allegations in the last sentence.

78.   Defendants admit that the program was closed in June 2017, and otherwise deny the allegations in Paragraph 78.

### "Zero Tolerance" Family Separation Policy Rationalized as Deterrent

79.   Defendants admit that Attorney General Sessions announced a "zero tolerance" policy on May 7, 2018, but deny Plaintiffs' characterization that such policy was related to the separation of families. Defendants admit that the quoted text in the second sentence of paragraph 79 is accurately reproduced from the cited source, but deny that the excerpted text supports the truth of any and/or all previously denied allegations.

80.   Paragraph 80 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely subjective characterizations of Plaintiffs' own claims and legal conclusions. Defendants admit that the statistical information in the second, third, fourth, and sixth sentences is accurately reproduced from the cited sources, but deny that those sentences support the truth of any and/or all previously denied allegations. Defendants do not currently have sufficient information or knowledge upon

which to admit or deny the vague characterizations and conclusions in the first, fifth, and seventh sentences, and, on such lack of information and knowledge, deny those sentences. Defendants deny the existence of an alleged "family separation policy."

81.    Paragraph 81 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2) but is largely subjective characterizations of Plaintiffs' own claims and legal conclusions. Defendants deny the first sentence. Defendants admit the second sentence, to the extent that the statement cited in fn. 23 speaks for itself. With regard to the fourth sentence, Defendants admit that former Secretary Kelly testified on April 5, 2017 on various topics, including the consideration of family separations, and do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in the fourth sentence of paragraph 81 and, on such lack of information and knowledge, deny the remaining allegations in that sentence. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the vague characterizations in the third and fifth sentences, and, on such lack of information and knowledge, deny the allegations in those sentences.

82.    Defendants deny the first sentence. Defendants admit that the former White House Chief of Staff was accurately quoted in the second sentence of paragraph 82.

### Separated Families Held Hostage to Exact Political Concessions

83.    Paragraph 83 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely hyperbole and Plaintiffs' characterizations of secondary sources. Defendants deny the paragraph.

84.    The first sentence of Paragraph 84 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but consists of Plaintiffs' characterizations and legal conclusions. Defendants deny the first sentence. Defendants admit that Plaintiffs' have accurately reproduced text from Twitter.

85.    Paragraph 85 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely hyperbole and Plaintiffs' characterizations of secondary sources. Defendants deny the allegations contained in the first sentence of paragraph 85. Defendants admit that Plaintiffs' have accurately reproduced text from the President's remarks at the National Federation of Independent Businesses 75th Anniversary Celebration in the second sentence, but deny that the excerpted text supports the truth of any and/or all previously denied allegations.

86.    Paragraph 86 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely hyperbole and Plaintiffs' subjective characterizations. Defendants deny paragraph 86.

### Family Separation is Motivated by Racial Animus

87.    Defendants deny the first sentence of paragraph 87. Defendants deny Plaintiffs' characterization in the second sentence. Defendants admit that the quoted text is accurately reproduced from the cited source, but deny that the excerpted text in sentence two supports the truth of any and/or all previously denied allegations.

88.    Defendants deny the first sentence of paragraph 88 and deny the existence of a family separation policy. Defendants admit that Plaintiffs accurately reproduced the quotation contained in paragraph 88 from an interview given by then-Chief of Staff Kelly in 2018, but deny that the excerpted text in sentence two supports the truth of any and/or all previously denied allegations.

89.    Paragraph 89 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely hyperbole and Plaintiffs' characterizations and legal conclusions. Defendants deny the allegations in the first sentence and admit that Plaintiffs accurately reproduced text from the New York Times in the second and third sentences. Defendants do not currently have sufficient information or knowledge to admit or deny that such a meeting happened, or that the quotations accurately reflect

DEFENDANTS' ANSWER TO COMPLAINT
2:18-CV-06081- JAK (SKx)

what was discussed in that meeting. Defendants deny that the excerpted text supports the truth of any and/or all previously denied allegations.

90.     Paragraph 90 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations of their claims. Defendants admit that paragraph 90 accurately reproduces quotes from the cited article from the Washington Post, but do not currently have sufficient information or knowledge to admit or deny that such a meeting happened, that the meeting was to discuss a bipartisan immigration proposal or that the quotations accurately reflect what was discussed in that meeting. Defendants deny any remaining allegations contained in this paragraph and its footnotes.

91.     Paragraph 91 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that Plaintiffs accurately reproduced text from the New York Times, but deny any allegations contained within this paragraph to the extent any exist. Defendants deny that the excerpted text supports the truth of any and/or all previously denied allegations.

92.     Paragraph 92 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants deny the first two sentences. Defendants admit that Plaintiffs accurately reproduced text from the New York Times, but deny that the excerpted text supports the truth of any and/or all previously denied allegations.

93.     Paragraph 93 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely hyperbole and Plaintiffs' subjective characterizations. Defendants admit that Plaintiffs accurately reproduced text from the Washington Post, Twitter, and USA Today, but deny that the excerpted text supports the truth of any and/or all previously-denied allegations.

94.    Paragraph 94 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants deny the first two sentences and the fifth sentence of paragraph 94. Defendants do not currently have sufficient information or knowledge upon which to admit or deny what Plaintiffs' mean by "the policy" in the third sentence, and, on such lack of information and knowledge, deny that sentence. Defendants admit that the fourth and sixth sentences accurately reproduce text from the New York Times, but Defendants do not currently have sufficient information or knowledge upon which to admit or deny the veracity of the cited articles.

95.    Paragraph 95 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in paragraph 95, and, on such lack of information and knowledge, deny each and every remaining allegation contained in paragraph 95.

**Family Separation Is Exposed As Needless Cruelty**

96.    Paragraph 96 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit the existence of protests, but deny the remainder of paragraph 96.

97.    Paragraph 97 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in the first sentence, and, on such lack of information and knowledge, deny that sentence. Defendants admit that the quotations in the remaining sentences of paragraph 97 are accurately reproduced from the cited

sources, but deny that the excerpted text supports the truth of any and/or all previously-denied allegations.

98.     Defendants admit the first sentence of paragraph 98. Defendants admit that the quotations in the remaining sentences of paragraph 98 are accurately reproduced from the cited source, but deny that the excerpted text supports the truth of any and/or all previously-denied allegations.

99.     Paragraph 99 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that the quotations in paragraph 99 are accurately reproduced from the cited sources, but deny that the excerpted text supports the truth of any and/or all previously-denied allegations.

100.    Paragraph 100 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that the quotations in paragraph 100 are accurately reproduced from the cited sources, but deny that the excerpted text supports the truth of any and/or all previously-denied allegations.

101.    Paragraph 101 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that the quotations in paragraph 101 are accurately reproduced from the cited sources, but deny that the excerpted text supports the truth of any and/or all previously-denied allegations.

102.    Paragraph 102 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that the statement in the first sentence is accurately reproduced from the cited source and admit that the quotations in paragraph 102 are

accurately reproduced from the cited sources. Defendants deny that the excerpted text supports the truth of any and/or all previously-denied allegations.

103.    Paragraph 103 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that the statement in the first sentence is accurately reproduced from the cited source and admit that the quotations in paragraph 103 are accurately reproduced from the cited source. Defendants deny that the excerpted text supports the truth of any and/or all previously-denied allegations

104.    Paragraph 104 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit the first sentence and admit that the quotations in paragraph 104 are accurately reproduced from the cited source. Defendants deny that the excerpted text supports the truth of any and/or all previously-denied allegations.

## "Tender Age" Facilities

105.    Defendants admit that children under the age 13 are considered "tender age," but deny the remaining allegations in the first sentence of paragraph 105. Defendants admit that the second and third sentences accurately reflect text from the cited New York Times articles, but deny that the excerpted text supports the truth of any and/or all previously-denied allegations.

106.    Defendants admit that tender age children are sometimes housed separately from older children, but deny the remaining allegations in the first sentence of paragraph 106. Defendants admit that the second sentence accurately reflects text from the cited article, but deny that the excerpted text supports the truth of any and/or all previously-denied allegations.

107.    Defendants admit that Plaintiffs have accurately reproduced text from Time Magazine and the New York Times, and Defendants admit that Plaintiffs accurately

reproduced statements attributed to the individual named in paragraph 107. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in paragraph 107, and, on such lack of information or knowledge, deny each and every allegation contained in this paragraph.

108.    Defendants deny paragraph 108.

**President Trump Issues An Executive Order To Halt Prospective Application Of Family Separation Policy**

109.    Defendants deny paragraph 109.

110.    Defendants admit the first sentence of paragraph 110. Defendants deny the second sentence of paragraph 110, except to the extent that the Executive Order authorizes custody of alien families, to the extent permitted by law, during the pendency of any criminal improper entry or immigration proceedings involving their members.

111.    Paragraph 111 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that Plaintiffs have accurately reproduced text from the cited New York Times article, but deny that the excerpted text supports the truth of any and/or all previously-denied allegations. Defendants otherwise deny each and every allegation in paragraph 111.

112.    Paragraph 112 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that the text of the Executive Order contained no directive concerning mental healthcare, but deny the remainder of sentence one and deny each and every remaining allegation in  paragraph 112.

**A System in Utter Chaos and Confusion: Difficulties in Reunification**

113.    Defendants deny the first sentence of paragraph 113. As to the remaining sentences, Defendants do not currently have sufficient information or knowledge upon

which to admit or deny the allegations in paragraph 113 and, on such lack of information or knowledge, deny each and every allegation contained in this paragraph.

114.   Defendants admit the first sentence insofar as the limited scope of the Executive Order did not address child placement procedures. Defendants deny the second sentence of paragraph 114. Defendants admit that the partial quote in the third sentence is accurately reproduced, but deny Plaintiffs' broad allegation that HHS would not reunite any separated families and deny Plaintiffs' characterization that HHS "backtracked." Defendants deny that the excerpted text in the third sentence supports the truth of any and/or all previously-denied allegations. Defendants admit that the partial quote in the fourth sentence is accurately reproduced from the cited source, but deny that the excerpted text supports the truth of any and/or all previously-denied allegations. Defendants admit that the partial quote in the fifth sentence is accurately reproduced from the cited source, but deny the allegations in the remainder of the sentence.

115.   Paragraph 115 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in paragraph 115 and, on such lack of information or knowledge, deny each and every allegation contained in this paragraph. Defendants admit only that the quote contained in the last sentence is accurately reproduced from the New York Times article cited.

116.   Paragraph 116 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations contained in the first and last sentences of paragraph 116 and, on such lack of information or knowledge, deny each and every allegation contained in these sentences. Defendants deny the allegations contained in the second sentence.

### THE FEDERAL COURTS ENJOIN SIGNIFICANT ASPECTS OF THE FAMILY SEPARATION POLICY AND REJECT ATTEMPTS TO ALTER THE *FLORES* SETTLEMENT

117.   Paragraph 117 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that there is ongoing litigation related to family separation, but deny the remaining allegations in the first sentence. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the vague allegations in the second sentence and, on such lack of information or knowledge, deny each and every allegation contained in this sentence.

### *Ms. L. v. U.S. Immigration & Customs Enforcement* (S.D. Cal.)

118-122. Paragraphs 118-122 are not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but are largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that Plaintiffs' statements concerning the content of the orders entered in the cited cases are generally accurate summaries. To the extent these paragraphs contain an allegation, it is denied.

### *Damus v. Nielsen* (D.D.C.)

123-124. Paragraphs 123-124 are not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but are largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that Plaintiffs' statements concerning the content of the orders entered in the cited cases are generally accurate summaries. To the extent these paragraphs contain an allegation, it is denied.

### *Flores v. Sessions* (C.D. Cal.)

125-126. Paragraphs 125-126 are not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but are largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that Plaintiffs' statements concerning the content of the orders entered in the cited cases are generally accurate summaries. To the extent these paragraphs contain an allegation, it is denied.

## THE FAMILY SEPARATION POLICY HAS INFLICTED SIGNIFICANT TRAUMA ON MIGRANT PARENTS AND THEIR CHILDREN

127.    Defendants deny that the existence of a family separation policy. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in paragraph 127 and, on such lack of information or knowledge, deny each and every remaining allegation contained in this paragraph.

### Trauma Experienced by Parents

128-131. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations contained in these paragraphs, on such lack of information or knowledge, deny each and every allegation contained in these paragraphs.

### Trauma Experienced by Children

132-140. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations contained in these paragraphs, on such lack of information or knowledge, deny each and every allegation contained in these paragraphs.

### Plaintiffs and Their Children Forcibly Separated By the Government Are Subject to Severe, Ongoing Trauma

141-145. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations contained in these paragraphs, on such lack of information or knowledge, deny each and every allegation contained in these paragraphs.

146.    Defendants deny paragraph 146.

147.    Defendants admit that the named Plaintiffs did not receive any mental-health or counseling services from ICE to address the trauma they may have experienced due to the separation from their children when they were in ICE custody. Defendants do not currently have sufficient information or knowledge upon which to admit or deny what

mental health services the named Plaintiffs received after they were released from ICE custody.

### TO REMEDY TRAUMA INFLICTED BY ITS CRUEL POLICY, THE GOVERNMENT MUST OFFER SEPARATED FAMILIES COMPREHENSIVE MENTAL-HEALTH SERVICES PROVIDED UNDER APPROPRIATE CONDITIONS

148.    Paragraph 148 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants deny paragraph 148.

149.    Paragraph 149 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants deny paragraph 149.

150.    Paragraph 150 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants deny paragraph 150.

151.    Paragraph 151 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants admit that family reunification is a requirement of the *Ms. L* preliminary injunction order and aver that Defendants have made considerable progress in reunifying family units subject to that order. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in this paragraph, and, on such lack of information or knowledge, deny each and every remaining allegation in this paragraph.

152.    Paragraph 152 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is Plaintiffs' characterization of their desired relief. To the extent that an allegation is contained within paragraph 152, it is denied.

DEFENDANTS' ANSWER TO COMPLAINT
2:18-CV-06081- JAK (SKx)

153.    Paragraph 153 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is Plaintiffs' characterization of their desired relief. To the extent that an allegation is contained within paragraph 153, it is denied.

154.    Paragraph 154 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is Plaintiffs' characterization of their desired relief. To the extent that an allegation is contained within paragraph 154, it is denied.

155.    Paragraph 155 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is Plaintiffs' characterization of their desired relief. To the extent that an allegation is contained within paragraph 155, it is denied.

156.    Paragraph 156 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is Plaintiffs' characterization of their desired relief. To the extent that an allegation is contained within paragraph 156, it is denied.

157.    Paragraph 157 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants deny the first and fourth sentences. Defendants do not currently have sufficient information or knowledge upon which to admit or deny the remaining allegations in this paragraph, and, on such lack of information or knowledge, deny each and every remaining allegation in this paragraph.

158.    Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in paragraph 158 and, on such lack of information or knowledge, deny each and every allegation contained in this paragraph.

159.    Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in paragraph 159 and, on such lack of information or knowledge, deny each and every allegation contained in this paragraph.

160.    Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in paragraph 160 and, on such lack of information or knowledge, deny each and every allegation contained in this paragraph.

161.    Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in paragraph 161 and, on such lack of information or knowledge, deny each and every allegation contained in this paragraph.

162.    Defendants deny the allegations contained in paragraph 162.

163.    Defendants deny the allegations contained in paragraph 163.

## **CLASS ALLEGATIONS**

164.    No response to paragraph 164 is necessary because the Court has already certified a class over Defendants' opposition. To the extent that a response is required, Defendants deny.

165.    No response to paragraph 165 is necessary because the Court has already certified a class over Defendants' opposition. To the extent that a response is required, Defendants deny.

166.    No response to the first sentence in paragraph 166 is necessary because the Court has already certified the class over Defendants' opposition. Defendants do not currently have sufficient information or knowledge of what Plaintiffs' mean by "immigration policy" in the second sentence upon which to admit or deny the allegations in that sentence. To the extent that a response is otherwise required, Defendants deny each and every allegation in paragraph 166.

167.    No response to paragraph 167 is necessary because the Court has already certified a class over Defendants' opposition. To the extent that a response is required, Defendants deny.

DEFENDANTS' ANSWER TO COMPLAINT
2:18-CV-06081- JAK (SKx)

168.   No response to the first sentence in paragraph 168 is necessary because the Court has already certified a class over Defendants' opposition. To the extent that a response is required, Defendants deny the first sentence. The remainder of Paragraph 168 is not a short and plain statement of the claim as required by Fed. R. Civ. P. 8(a)(2), but is largely Plaintiffs' subjective characterizations and legal conclusions. Defendants deny each and every remaining allegation in paragraph 168.

169.   No response to paragraph 169 is necessary because the Court has already certified a class over Defendants' opposition. To the extent that a response is required, Defendants deny.

170.   Defendants deny paragraph 170.

171.   No response to paragraph 171 is necessary because the Court has already certified a class. To the extent that a response is required, Defendants deny.

## CLAIMS FOR RELIEF
## FIRST CLAIM

172.   Defendants incorporate by reference each and every preceding response to Plaintiff's allegations as if fully set forth herein.

173.   Defendants admit paragraph 173 insofar as it accurately quotes the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

174.   Defendants admit paragraph 174 insofar as it accurately cites to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

175.   Defendants admit the first sentence of paragraph 175, but deny the second sentence of paragraph 175.

176.   Defendants deny paragraph 176.

177.   As to the first sentence of paragraph 177, Defendants do not currently have sufficient information or knowledge upon which to admit or deny the allegations in this sentence and, on such lack of information or knowledge, deny each and every allegation contained in this sentence. As a general principle, Defendants admit the second sentence to the extent that it is not the role of government to "gratuitously inflict emotional and psychological harm and a duty to provide for their safety and general well-being." Defendants deny that the second sentence supports the truth of any and/or all previously-denied allegations.

178.   Defendants deny the allegations contained in paragraph 178.

179.   Defendants deny the allegations contained in paragraph 179.

180.   Defendants deny the allegations contained in paragraph 180.

181.   Defendants deny the allegations contained in paragraph 181.

## SECOND CLAIM

182.   Defendants incorporate by reference each and every preceding response to Plaintiffs' allegations as if fully set forth herein.

183.   Defendants admit paragraph 183 accurately reflects Fifth Amendment guarantees and U.S. Supreme Court precedent.

184.   Defendants deny the allegations contained in paragraph 184.

185.   Defendants deny the allegations contained in paragraph 185.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief sought.

## AFFIRMATIVE AND OTHER DEFENSES

1.   The Court lacks subject-matter jurisdiction over Plaintiffs' Complaint.

2.      The Complaint fails to state a claim for which relief can be granted.

3.      Defendants reserve the right to amend this Answer to state affirmative or other defenses as they may become known.

DEFENDANTS' ANSWER TO COMPLAINT
2:18-CV-06081- JAK (SKx)

1    DATED: December 19, 2019                    Respectfully Submitted,

2    JOSEPH H. HUNT                              /s/ *Nicole N. Murley*

3    Assistant Attorney General                 NICOLE N. MURLEY
                                                 Department of Justice
4    JEFFREY S. ROBINS                           Civil Division
5    Deputy Director                             Office of Immigration Litigation
                                                 District Court Section
6                                                P.O. Box 868
     LINDSAY M. VICK                             Washington, DC 20044
7    Trial Attorney                              Tel: (202) 616-0473
8                                                Email: Nicole.Murley@usdoj.gov

9
                                                 *Counsel for Defendant*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28