**EXHIBIT D**

JOSEPH H. HUNT
Assistant Attorney General
JEFFREY S. ROBINS
Deputy Director
SARAH B. FABIAN
MICHAEL HEYSE
Trial Attorney
LINDSAY M. VICK
Trial Attorney

NICOLE N. MURLEY
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation
PO Box 868, Ben Franklin Station
Washington, DC 20044
Nicole.Murley@usdoj.gov
Telephone: (202) 616-0473
Fax: (202) 616-8962
Attorneys for Defendants

1

## UNITED STATES DISTRICT COURT

2

## CENTRAL DISTRICT OF CALIFORNIA

3

## WESTERN DIVISION

4  Ms. J.P., et al.,                          Case No. 2:18-cv-06081-JAK-SK

5            Plaintiffs,                       Assigned to the Hon. John A. Kronstadt

6       v.

7  WILLIAM P. BARR, et al.,

8            Defendants.

9

10  **DEFENDANT DEPARTMENT OF JUSTICE'S AND FORMER ATTORNEY**

11  **GENERAL SESSIONS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS'**
    **FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

12

13      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the

14  Local Civil Rules for the Central District of California, Defendant Department of

15  Justice ("DOJ") and William P. Barr,[1] Attorney General of the United States

16  (collectively, "DOJ Defendants" or "Defendants"), by and through their attorney,

17  Nicole N. Murley, Senior Litigation Counsel, District Court Section, Office of

18  Immigration Litigation, United States Department of Justice, hereby submit their

19  Objections and Responses to Plaintiffs' First Set of Requests for Production of

20  Documents ("RFP"), propounded on January 10, 2019.

21                        **RESERVATION OF RIGHTS**

22      Defendants expressly reserve the right to supplement, clarify, revise or correct

23  any or all of the responses herein at any time. By making the following objections

24  and responses to Plaintiffs' RFPs, Defendants do not waive, and hereby expressly

25  reserve, the right to assert any and all objections to the admissibility of such responses

26  into evidence at the trial of this action, or in any other proceedings, on any and all

27

28
    _____

    [1] Because Jeffrey B. Sessions III was named in his official capacity, William P.
    Barr will be substituted as a defendant in this action. *See* ECF No. 251.

grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Defendants' Objections are based on the information known to Defendants at this time and are made without prejudice to assertion of additional objections should Defendants identify additional grounds for objection. Furthermore, Defendants respond herein without, in any manner, admitting or implying that Plaintiffs' Requests (or Defendants' responses) are relevant to any party's claim or defense or proportionate to the needs of the case. Any response contained herein will be subject to any protective order subsequently entered in this case. Defendants will supplement our responses consistent with the requirements of Rule 26(e) as additional information becomes available.

## OBJECTIONS THAT APPLY TO ALL REQUESTS FOR PRODUCTION

Defendants object to Plaintiffs' RFPs to the extent they call for documents that are publicly available, are already in the custody or control of Plaintiffs or Plaintiffs' counsel, are readily accessible to Plaintiffs, or that would otherwise be less burdensome for Plaintiffs to obtain than for Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Defendants object to Plaintiffs' RFPs to the extent that they fail to specify any time limitation. Defendants have limited the time period for responding to these requests and agree to produce responsive documents from July 1, 2017, to January 10, 2019, unless otherwise noted.

Defendant DOJ also objects to the extent that Plaintiffs' first requests for production of documents and things seeks information not covered by the Protective Order in this case and that may be otherwise protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, DHS/DOJ policy regarding the application of the Privacy Act to "visitors and aliens," the Freedom of Information Act, 5 U.S.C. § 552, and the Inspector General Act of 1978, 5 U.S.C. App. 3, § 7(b).

**OBJECTIONS THAT APPLY TO DEFINITIONS AND INSTRUCTIONS**

1.      Defendants object to the definition of "COMMUNICATION(S)," which is defined so broadly as to include verbal or non-written communications and is beyond the scope of Rule 34.  *See* Fed. R. Civ. P. 34 (allowing requests to inspect or produce documents, electronically stored information, or tangible items).

2.      Defendants object to Plaintiffs' definition of the terms "DEFENDANTS," "YOU" or "YOUR" in Definitions 2 and 8 on the grounds that each definition is overly broad and unduly burdensome. In particular, these definitions encompass the entirety of the DOJ, the Department of Homeland Security ("DHS"), and the Department of Health and Human Services ("HHS"), including subordinate entities, components, and employees having no involvement whatsoever with the claims in Plaintiffs' Complaint. Defendants further object to Definitions 2 and 8 to the extent they purport to require the disclosure of information in the possession, custody, or control of entities other than Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. Defendants further object to Plaintiffs' Definitions 2 and 8 because they purport to require a government-wide search for documents. Such a government-wide search would be oppressive, overly burdensome, and overbroad, given the claims and defenses in this matter, which relate to a discrete issue.

        Subject to specific objections enumerated below and in subsequent objections, Defendants interpret the definition of YOU or DEFENDANTS, as including William P. Barr, Attorney General of the United States only, in his official capacity or entities or individuals from whom Attorney General Barr has the legal right to obtain information relevant to the claims and defenses in this case. The other Federal Defendants in this case are Defendant DHS, U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Customs and Border Protection ("CBP") (collectively, "DHS Defendants") and Defendant HHS and Office of Refugee Resettlement ("ORR") (collectively, "HHS Defendants").

DOJ Defendants object and respond to these requests solely on behalf of DOJ, as indicated in each response. To the extent that these requests seek information from DHS or HHS, DOJ Defendants direct Plaintiffs to DHS and HHS Defendants who can provide responses and objections to requests directed to those agencies.

3.    Defendants object to the definition of "POSSESSION" to the extent that it does not conform to the Ninth Circuit standard for possession, custody, or control. In the Ninth Circuit, the standard for possession, custody, or control is the legal right to obtain documents. *See 7-UP Bottling Co. v. Archer Daniels Midland Co.* (*In re Citric Acid Litig.*), 191 F.3d 1090, 1107 (9th Cir. 1999). Defendants are only under the obligation to produce relevant, non-privileged information, to the extent that it exists, if individuals, operating in their official governmental capacity, have responsive, non-privileged information that is under the possession, custody, or control of the named Defendants or that the named Defendants have the legal right to obtain on demand. *Id.*

4.    Defendants object to the definition of "PUTATIVE CLASS MEMBER" because the Court certified a class with two subclasses on November 5, 2019. The certified class is defined as:

> All adult parents nationwide who entered the United States at or between designated ports of entry, who (1) on or after July 1, 2017, were, are, or will be detained in immigration custody by DHS; and (2) have a minor child who has been, is, or will be separated from them by DHS and detained in DHS or Office of Refugee Resettlement custody or foster care, absent a demonstration in a hearing that the parent is unfit or presents a danger to the child.

The Court certified the following subclasses:

> (i) the Custody Subclass, which is defined as all members of the class who are currently or will be detained in immigration custody by DHS; and (ii) the Released Subclass, which is defined as all members of the

class who were previously detained in immigration custody by DHS, but who have since been released.

Pursuant to the Court's November 5, 2019 Order, Defendants will construe any references to the putative class as the certified class as defined by the Court.

5.    DOJ Defendants object to the definition of "ZERO TOLERANCE SEPARATION" as the "United States Government's pattern, practice, or policy of separating migrant parents and children held in immigration detention without a showing that the parent was unfit or presented a danger to the minor child that preliminary enjoined in *Ms. L. v. U.S. Immigration and Customs Enforcement*, No. 3:18-cv-00428 (S.D. Cal. June 26, 2018) (Sabraw, J.)." First, DOJ Defendants object to the Plaintiffs' characterization of the preliminary injunction in *Ms. L. v. U.S. Immigration and Customs Enforcement*, No. 3:18-cv-00428 (S.D. Cal. June 26, 2018), as it misstates the holdings in that case. Second, the Zero Tolerance Policy issued by then-Attorney General Sessions, dated April 6, 2018, sets forth a policy regarding referrals for criminal prosecution under 8 U.S.C. § 1325(a). Defendants define the Zero Tolerance Policy as a policy that directed each U.S. Attorney's Office along the Southwest Border to adopt a policy to prosecute all DHS referrals of section 1325(a) violations, to the extent practicable. On May 11, 2018, then-Secretary Nielsen issued a memorandum directing "all DHS law enforcement officers at the border to refer all illegal border crossers to the Department of Justice for criminal prosecution to the extent practicable."

**DEFENDANT DOJ'S AND ATTORNEY GENERAL WILLIAM P. BARR'S
RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

**REQUEST FOR PRODUCTION NO. 1**

DOCUMENTS sufficient to identify all PUTATIVE CLASS MEMBERS.

Responses and Objections:

DOJ Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than DOJ Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. To the extent that this request also appears to seek information from DHS or HHS, DOJ Defendants direct Plaintiffs to DHS and HHS Defendants who can provide responses and objections to requests directed to those agencies. *See* DHS and HHS Responses to RFP No. 1. Accordingly, DOJ Defendants do not have any responsive documents.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS relating to the decision to adopt the ZERO TOLERANCE SEPARATION Policy, including but not limited to DOCUMENTS related to the potential effects of the ZERO TOLERANCE SEPARATION Policy on the mental health of separated parents and children.

Responses and Objections:

DOJ Defendants object to this request to the extent it seeks information regarding a "Zero Tolerance Separation Policy," which does not exist.  As previously stated, the "Zero Tolerance Policy" issued by then-Attorney General Sessions, dated April 6, 2018, sets forth a policy regarding referrals for criminal prosecution under 8

U.S.C. § 1325(a). Defendants define the Zero Tolerance Policy as a policy that directed each U.S. Attorney's Office along the Southwest Border to adopt a policy to prosecute all DHS referrals of section 1325(a) violations, to the extent practicable. On May 11, 2018, then-Secretary Nielsen issued a memorandum directing "all DHS law enforcement officers at the border to refer all illegal border crossers to the Department of Justice for criminal prosecution to the extent practicable."

DOJ Defendants object to Request for Production No. 2 as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. *See* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Request for Production No. 2 seeks "all" documents relating to the decision to adopt the Zero Tolerance Separation Policy, regardless of whether that information pertains to the impact of the separations—that occurred as a result of the Zero Tolerance Policy— mental health effects of the alleged family separation policy. Documents and information regarding Defendants' decision to implement the Zero Tolerance Policy is not relevant to Plaintiffs' claims or the relief sought in this case. *See generally* Complaint, ECF No. 1 ("Compl.") (requesting a court order requiring Defendants to provide mental-health screenings before and after reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services).[2] Specifically, the

---

[2] Plaintiffs' claims for relief center around their allegations that by forcibly separating Plaintiffs from their children, Defendants have inflicted upon Plaintiffs extraordinary harm that they would not have otherwise faced. They further allege that this separation caused exceptional distress and trauma and that the plaintiffs have not received any mental health services from the government since they were separated.

how or why of the policy has no bearing on Plaintiffs' request for mental health screenings and trauma-informed mental health treatment for class members that Plaintiffs allege is necessary to assess the effect of the separation on class members.

DOJ Defendants further object to this request based on relevance, as any response is not likely to lead to the discovery of admissible evidence and, consistent with Fed. R. Civ. P. 26(b)(1), seeks documents and information not relevant to the Plaintiffs' claims or defenses, nor is the burden of such production proportional to the needs of the case. Moreover, DOJ Defendants object that this request is not limited to information generated or existing during a time period that is relevant to the Parties' claims and defenses. DOJ Defendants object to this request as vague and ambiguous on the basis that is it unclear what is meant by the terms "potential effects" and "mental health." Finally, DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information. Accordingly, Defendant DOJ will not produce documents for this request.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS related to the potential or actual effects of the ZERO TOLERANCE SEPARATION Policy on the mental health of separated parents and children.

Responses and Objections:

DOJ Defendants object to this request to the extent it appears to require the disclosure of information in the possession, custody, or control of entities other than DOJ Defendants, Fed. R. Civ. P. 34. To the extent that this request appears to seek information from DHS or HHS, DOJ Defendants direct Plaintiffs to DHS and HHS Defendants who can provide responses and objections to requests directed to those

agencies. Moreover, DOJ Defendants object to this request to the extent it seeks information regarding a "Zero Tolerance Separation Policy," which does not exist. The Zero Tolerance Policy issued by then-Attorney General Sessions, dated April 6, 2018, sets forth a policy regarding referrals for criminal prosecution under 8 U.S.C. § 1325(a). Defendants define the Zero Tolerance Policy as a policy that directed each U.S. Attorney's Office along the Southwest Border to adopt a policy to prosecute all DHS referrals of section 1325(a) violations, to the extent practicable. On May 11, 2018, then-Secretary Nielsen issued a memorandum directing "all DHS law enforcement officers at the border to refer all illegal border crossers to the Department of Justice for criminal prosecution to the extent practicable."

DOJ Defendants further object to this request as overly broad and unduly burdensome and not limited in time or scope. Request for Production No. 3 is not limited to information generated or existing during a time period that is relevant to the Parties' claims and defenses. *See* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1). DOJ Defendants object to this request as it appears to require a government-wide search for documents. Such a government-wide search would be oppressive, overly burdensome, and overbroad given the claims and defenses in this matter. *See generally* Compl., ECF No. 1. DOJ Defendants object to this request as vague and ambiguous on the basis that it is unclear what is meant by "potential or actual effects" and "mental health." DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information. Based on these objections, DOJ Defendants will not produce documents for this request.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS related to YOUR press releases or internal memoranda that announced, explained, or implemented the ZERO TOLERANCE SEPARATION Policy, including but not limited the internal memoranda themselves, drafts of those

press releases or internal memoranda, and any memoranda or guidance about how to respond to questions from media or PUTATIVE CLASS MEMBERS.

Responses and Objections:

DOJ Defendants object to this request to the extent it seeks information regarding a "Zero Tolerance Separation Policy," which does not exist. The Zero Tolerance Policy issued by then-Attorney General Sessions, dated April 6, 2018, sets forth a policy regarding referrals for criminal prosecution under 8 U.S.C. § 1325(a). Defendants define the Zero Tolerance Policy as a policy that directed each U.S. Attorney's Office along the Southwest Border to adopt a policy to prosecute all DHS referrals of section 1325(a) violations, to the extent practicable. On May 11, 2018, then-Secretary Nielsen issued a memorandum directing "all DHS law enforcement officers at the border to refer all illegal border crossers to the Department of Justice for criminal prosecution to the extent practicable."

DOJ Defendants object to Request for Production No. 4 as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. *See* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Request for Production No. 4 seeks "all" documents relating to the press releases and internal memoranda that announced, explained, or implemented the "Zero Tolerance Separation Policy," regardless of whether that information pertains to the alleged mental health effects of the alleged family separation policy. Documents and information regarding Defendants' decision to implement the Zero Tolerance Policy

1  is not relevant to Plaintiffs' claims or the relief sought in this case. Specifically, the

2  how or why of the policy has no bearing on Plaintiffs' request for mental health

3  screenings and trauma-informed mental health treatment for class members that

4  Plaintiffs allege is necessary to assess the effect of separation on class members. *See*

5  *generally* Compl., ECF No. 1. DOJ Defendants further object that Request for

6  Production No. 4 seeks information that is publicly available or available from other

7  sources. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or

8  extent of discovery [that] can be obtained from some other source that is more

9  convenient, less burdensome, or less expensive."). Finally, DOJ Defendants also

10  object to the request to the extent that it seeks the production of deliberative and pre-

11  decisional or otherwise privileged information. Based on these objections, DOJ

12  Defendants will not produce documents for this request.

13

14  **REQUEST FOR PRODUCTION NO. 5**

15      All DOCUMENTS relating to the consideration of family separation as a

16  means to deter immigration, including but not limited to the consideration of family

17  separation discussed by then-DHS Secretary John Kelly on CNN on or about March

18  6, 2017.

19

20  Responses and Objections:

21      DOJ Defendants object to Request for Production No. 5 as overbroad because

22  it seeks documents and information that are not relevant to the claims and defenses

23  in this case. *See* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure

24  26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is

25  relevant to any party's claim or defense and proportional to the needs of the case,

26  considering the importance of the issues at stake in the action, the amount in

27  controversy, the parties' relative access to relevant information, the parties'

28  resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.").  Request

for Production No. 5 seeks "all" documents relating to "the consideration of family

separation as a means to deter immigration," regardless of whether that information

pertains to the alleged mental health effects of the alleged family separation policy.

Specifically, the how or why of the policies has no bearing on Plaintiffs' request for

mental health screenings and trauma-informed mental health treatment for class

members that Plaintiffs allege is necessary to assess the effect of separation on class

members. To this extent that this request references a statement, this request does not

specify to which statement the request refers. DOJ Defendants further object to this

request as vague and ambiguous on the basis that it is unclear what is meant by

"relating to consideration of family separation." Moreover, because this request

appears to require a government-wide search for documents. Such a government-

wide search would be oppressive, overly burdensome and overbroad, given the

claims and defenses in this matter, which relate to a discrete issue. Further, this

request is overly broad and unduly burdensome in that it does not provide any data

parameters or limitation on the request for documents. And this request is not limited

to information generated or existing during a time period that is relevant to the

Parties' claims and defenses. Finally, DOJ Defendants also object to the request to

the extent that it seeks the production of deliberative and pre-decisional or otherwise

privileged information. Based on these objections, DOJ Defendants will not produce

documents for this request.

## REQUEST FOR PRODUCTION NO. 6

All DOCUMENTS relating to YOUR consideration of alternatives to

detention of the PUTATIVE CLASS MEMBERS that would allow families to remain

together, including but not limited to community supported models such as the

Family Case Management Program that was initially implemented in January 2016.

Responses and Objections:

DOJ Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than DOJ Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. Finally, DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information. To the extent that this request appears to seek information from DHS, DOJ Defendants direct Plaintiffs to DHS Defendants who can provide responses and objections to requests directed to those agencies. Accordingly, DOJ Defendants do not have any responsive documents.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS related to the decision to close the Family Case Management Program in 2017.

Responses and Objections:

DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information. DOJ Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than DOJ Defendants, Fed. R. Civ. P. 34, or to the extent, Plaintiffs seek information that can and should be sought from another entity. To the extent that this request appears to seek information from DHS, DOJ Defendants direct Plaintiffs to DHS Defendants who can provide responses and objections to requests directed to those agencies.

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS relating to any programs YOU have implemented to mitigate or remediate the mental health impact of the ZERO TOLERANCE SEPARATION POLICY on the PUTATIVE CLASS MEMBERS or their children.

Responses and Objections:

DOJ Defendants object to this request to the extent it seeks information regarding a "Zero Tolerance Separation Policy," which does not exist. The Zero Tolerance Policy issued by then-Attorney General Sessions, dated April 6, 2018, sets forth a policy regarding referrals for criminal prosecution under 8 U.S.C. § 1325(a). Defendants define the Zero Tolerance Policy as a policy that directed each U.S. Attorney's Office along the Southwest Border to adopt a policy to prosecute all DHS referrals of section 1325(a) violations, to the extent practicable. On May 11, 2018, then-Secretary Nielsen issued a memorandum directing "all DHS law enforcement officers at the border to refer all illegal border crossers to the Department of Justice for criminal prosecution to the extent practicable."

DOJ Defendants further object to this request as overly broad and unduly burdensome and not limited in time or scope. Request for Production No. 8 is not limited to information generated or existing during a time period that is relevant to the Parties' claims and defenses. DOJ Defendants object to this request as vague and ambiguous on the basis that it is unclear what is meant by "mental health impact." Finally, DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information.

DOJ Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than DOJ Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity.  DOJ Defendants are not the entity statutorily responsible for the custody and care of individuals in detention. Defendant DOJ refers Plaintiffs

to DHS and HHS Defendants. To the extent that this request appears to seek information from DHS and HHS, DOJ Defendants direct Plaintiffs to DHS and HHS Defendants who can provide responses and objections to requests directed to those agencies. *See* DHS and HHS Responses to RFP No. 8. Accordingly, DOJ Defendants do not have any responsive documents.

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS, analyses, reports, and drafts thereof supporting Defendant Nielsen's assertion that the ZERO TOLERANCE SEPARATION Policy was necessary due to the marked increase in the number of adults arriving at the border with children and fraudulently claiming to be a family unit.

Responses and Objections:

DOJ Defendants object to this request to the extent it seeks information regarding a "Zero Tolerance Separation Policy," which does not exist. The Zero Tolerance Policy issued by then-Attorney General Sessions, dated April 6, 2018, sets forth a policy regarding referrals for criminal prosecution under 8 U.S.C. § 1325(a). On May 11, 2018, then-Secretary Nielsen issued a memorandum directing "all DHS law enforcement officers at the border to refer all illegal border crossers to the Department of Justice for criminal prosecution to the extent practicable."

DOJ Defendants object to this request as ambiguous, as it fails to identify a specific statement or representation by former Secretary Nielsen for which related documents are sought. DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information.

DOJ Defendants further object to Request for Production No. 9 as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. To the extent that Plaintiffs seek information regarding the

government's decision to implement the Zero Tolerance Policy, this decision has no bearing on Plaintiffs' request for mental health screenings and trauma-informed mental health treatment for class members that Plaintiffs allege is necessary to assess the effect of separation on class members. *See* Fed. R. Evid. 401(defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). This request is also not limited to information generated or existing during a time period that is relevant to the Parties' claims and defenses.

DOJ Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than DOJ Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. Then-Secretary Nielson was the Secretary of the Department of Homeland Security—a separate agency from the Department of Justice. To the extent that this request appears to seek information from DHS, DOJ Defendants direct Plaintiffs to DHS Defendants who can provide responses and objections to requests directed to that agency. Finally, DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information. Based on these objections, DOJ Defendants will not produce documents for this request.

**<u>REQUEST FOR PRODUCTION NO. 10</u>**

All DOCUMENTS, analyses, reports, and drafts thereof supporting President Trump's statement that 80 percent of migrants who are released never show up for their immigration hearings and disappear into the country.

Responses and Objections:

DOJ Defendants object to Request for Production No. 10 as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. An alleged statement regarding the percentage of migrants who abscond into the interior has no bearing on Plaintiffs' request for mental health screenings and trauma-informed mental health treatment for class members that Plaintiffs allege is necessary to assess the effect of separation on class members. *See* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1). This request is overly broad and unduly burdensome in that it does not provide any data parameters or limitation on the request for documents. This request is not limited to information generated or existing during a time period that is relevant to the Parties' claims and defenses.

DOJ Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than DOJ Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. Finally, DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information. Based on these objections, DOJ Defendants will not produce documents for this request.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS related to the testimony Commander Jonathan White, Deputy Director for Children's Programs of the Office of Refugee Resettlement, before the Senate Judiciary Committee on or about July 31, 2018, including but not limited to documents used in or reflecting Commander White's preparation for that testimony and documents related to his testimony that concerns were raised during the deliberative process about the potential harm to children resulting from family separation.

17

Responses and Objections:

DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information. DOJ Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody or control of entities other than DOJ Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. Defendant DOJ refers Plaintiffs to HHS Defendants. To the extent that this request appears to seek information from HHS, DOJ Defendants direct Plaintiffs to HHS Defendants who can provide responses and objections to requests directed to that agency. *See* HHS Response to RFP No. 11. Accordingly, DOJ Defendants do not have any responsive documents

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS relating to any health examination of any PUTATIVE CLASS MEMBERS or their children while in government custody.

Responses and Objections:

DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information. DOJ Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than DOJ Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. To the extent that this request appears to seek information from DHS and HHS, DOJ Defendants direct Plaintiffs to DHS and HHS Defendants who can provide responses and objections to requests directed to those agencies. *See* DHS and HHS Responses to RFP No. 12. Accordingly, DOJ Defendants do not have any responsive documents.

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS relating to the mental health of PUTATIVE CLASS MEMBERS or their children, including but not limited to DOCUMENTS relating to mental health screenings, evaluations, treatments, or diagnoses.

Responses and Objections:

DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information. DOJ Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than DOJ Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. To the extent that this request appears to seek information from DHS and HHS, DOJ Defendants direct Plaintiffs to DHS and HHS Defendants who can provide responses and objections to requests directed to those agencies. *See* DHS and HHS Responses to RFP No. 13. Accordingly, DOJ Defendants do not have any responsive documents.

**REQUEST FOR PRODUCTION NO. 14**

All DOCUMENTS reflecting any policy, manual, procedure, training material, or other similar document, applicable to or relating to the government's provision of medical services to PUTATIVE CLASS MEMBERS and their children.

Responses and Objections:

DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information. DOJ Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than

DOJ Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. To the extent that this request appears to seek information from DHS and HHS, DOJ Defendants direct Plaintiffs to DHS and HHS Defendants who can provide responses and objections to requests directed to those agencies. *See* DHS and HHS Responses to RFP No. 14. Accordingly, DOJ Defendants do not have any responsive documents.

## REQUEST FOR PRODUCTION NO. 15

All DOCUMENTS relating to or similar to the Inmate Health Message Slip that You submitted in this litigation (D.E. 138), including but not limited to communications regarding the Inmate Health Message Slip or similar documents.

Responses and Objections:

DOJ Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information. DOJ Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than DOJ Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. Accordingly, DOJ Defendants do not have any responsive documents. Defendant DOJ refers Plaintiffs to DHS and HHS Defendants. To the extent that this request appears to seek information from DHS, HHS Defendants direct Plaintiffs to DHS Defendants who can provide responses and objections to requests directed to that agency. *See* DHS Response to RFP No. 15.

## REQUEST FOR PRODUCTION NO. 16

All DOCUMENTS YOU have produced or will produce in other litigation related to the ZERO TOLERANCE SEPARATION Policy, including but not limited

to documents produced in *Ms. L. v. U.S. Immigration and Customs Enforcement*, No. 3:18-cv-00428 (S.D. Cal.) (Sabraw, J.).

Responses and Objections:

DOJ Defendants object to this request as overly broad and unduly burdensome and not limited in time or scope. DOJ Defendants object to this request because it is vague in that it seeks documents Defendants "will produce in other litigation." DOJ Defendants object to this request to the extent it seeks information regarding a "Zero Tolerance Separation Policy," which does not exist. The Zero Tolerance Policy issued by then-Attorney General Sessions, dated April 6, 2018, sets forth a policy regarding referrals for criminal prosecution under 8 U.S.C. § 1325(a). On May 11, 2018, then-Secretary Nielsen issued a memorandum directing "all DHS law enforcement officers at the border to refer all illegal border crossers to the Department of Justice for criminal prosecution to the extent practicable." DOJ Defendants object to Request for Production No. 16 as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. *See* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1). DOJ Defendants also object to this request to the extent that it seeks to obtain information protected from disclosure by protective orders entered in other litigation. Accordingly, DOJ Defendants will not produce documents for this request.

DATED:      December 17, 2019                    JOSEPH H. HUNT
                                                Assistant Attorney General
                                                ERNESTO H. MOLINA, JR.
                                                Deputy Director
                                                SARAH B. FABIAN
                                                NICOLE N. MURLEY
                                                Senior Litigation Counsel
                                                MICHAEL HEYSE
                                                MICHELLE R. SLACK
                                                LANCE JOLLEY
                                                LINDSAY M. VICK
                                                Trial Attorneys

                                                */s/ Nicole N. Murley*
                                                NICOLE N. MURLEY
                                                Trial Attorney
                                                U.S. Department of Justice
                                                Office of Immigration Litigation
                                                District Court Section
                                                P.O. Box 868,
                                                Washington, DC 20044
                                                Telephone: (202) 616-0473
                                                Facsimile: (202) 616-8962
                                                Nicole.Murley@usdoj.gov

                                                *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, Nicole N. Murley, am a citizen of the United States and am at least eighteen years of age. My business address is 450 Fifth Street, NW, Washington, DC 20001. I have caused service of the accompanying Supplemental Responses to Plaintiffs' Requests for production served Plaintiffs' counsel by electronic mail. I declare under penalty of perjury that the foregoing is true and correct.

DATED:  December 17, 2019

*/s/ Nicole N. Murley*
NICOLE N. MURLEY
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Nicole.Murley@usdoj.gov
Telephone: (202) 616-0473
Fax: (202) 616-4923
*Attorney for Defendants*