**EXHIBIT F**

JOSEPH H. HUNT
Assistant Attorney General
JEFFREY S. ROBINS
Deputy Director
SARAH B. FABIAN
MICHAEL HEYSE
Trial Attorney
LINDSAY M. VICK
Trial Attorney

NICOLE N. MURLEY
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation
PO Box 868, Ben Franklin Station
Washington, DC 20044
Nicole.Murley@usdoj.gov
Telephone: (202) 616-0473
Fax: (202) 616-8962
Attorneys for Defendants

1   **UNITED STATES DISTRICT COURT**

2   **CENTRAL DISTRICT OF CALIFORNIA**

3   **WESTERN DIVISION**

4   Ms. J.P., et al.,                              Case No. 2:18-cv-06081-JAK-SK

5          Plaintiffs,                             Assigned to the Hon. John A. Kronstadt

6      v.

7   JEFFERSON B. SESSIONS, et al.,

8          Defendants.

9

10  **DEFENDANT DEPARTMENT OF HEALTH AND HUMAN SERVICES'**

11  **SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF**
    **REQUESTS FOR PRODUCTION OF DOCUMENTS**

12

13      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the

14  Local Civil Rules for the Central District of California, Defendant Department of

15  Health and Human Services ("HHS") and Office of Refugee Resettlement ("ORR")

16  (collectively "HHS Defendants" or "Defendants"), by and through their attorney,

17  Nicole N. Murley, Senior Litigation Counsel, District Court Section, Office of

18  Immigration Litigation, United States Department of Justice, hereby submit their

19  Objections and Responses to Plaintiffs' First Set of Requests for Production of

20  Documents ("RFP"), propounded on January 10, 2019.

21          **RESERVATION OF RIGHTS**

22      Defendants expressly reserve the right to supplement, clarify, revise or correct

23  any or all of the responses herein at any time. By making the following objections

24  and responses to Plaintiffs' RFPs, Defendants do not waive, and hereby expressly

25  reserve, the right to assert any and all objections to the admissibility of such responses

26  into evidence at the trial of this action, or in any other proceedings, on any and all

27  grounds, including, but not limited to, competency, relevancy, materiality, and

28

1

privilege. Defendants' Objections are based on the information known to Defendants at this time and are made without prejudice to assertion of additional objections should Defendants identify additional grounds for objection. Furthermore, Defendants respond herein without, in any manner, admitting or implying that Plaintiffs' Requests (or Defendants' responses) are relevant to any party's claim or defense or proportionate to the needs of the case. Any response contained herein will be subject to any protective order subsequently entered in this case. Defendants will supplement our responses consistent with the requirements of Rule 26(e) as additional information becomes available.

**OBJECTIONS THAT APPLY TO ALL REQUESTS FOR PRODUCTION**

Defendants object to Plaintiffs' RFPs to the extent they call for documents that are publicly available, are already in the custody or control of Plaintiffs or Plaintiffs' counsel, are readily accessible to Plaintiffs, or that would otherwise be less burdensome for Plaintiffs to obtain than for Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Defendants object to Plaintiffs' RFPs to the extent that they fail to specify any time limitation. Defendants have limited the time period for responding to these requests and agree to produce responsive documents from July 1, 2017, to January 10, 2019, unless otherwise noted.

**OBJECTIONS THAT APPLY TO DEFINITIONS AND INSTRUCTIONS**

1. Defendants object to the definition of "COMMUNICATION(S)," which is defined so broadly as to include verbal or non-written communications and is beyond the scope of Rule 34. *See* Fed. R. Civ. P. 34 (allowing requests to inspect or produce documents, electronically stored information, or tangible items).

2. Defendants object to Plaintiffs' definition of the terms "DEFENDANTS," "YOU" or "YOUR" in Definitions 2 and 8 on the grounds that each definition is overly broad, unduly burdensome, and improperly invades the attorney/client privilege or the attorney work-product doctrine. Furthermore, these definitions

2

encompass the entirety of the Department of Justice ("DOJ"), the Department of Homeland Security ("DHS"), and the Department of Health and Human Services ("HHS"), including subordinate entities, components, and employees having no involvement whatsoever with the claims in Plaintiffs' Complaint. Defendants further object to Definitions 2 and 8 to the extent they purport to require the disclosure of information in the possession, custody, or control of ORR grantees other than Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. Defendants further object to Plaintiffs' Definitions 2 and 8 because they purport to require a government-wide search for documents. Such a government-wide search would be oppressive, overly burdensome, and overbroad, given the claims and defenses in this matter, which relate to a discrete issue.

Subject to specific objections enumerated below and in subsequent objections, Defendants interpret the definition of YOU or DEFENDANTS, to the extent it includes ORR, the relevant sub-component of HHS, as including employees of ORR in their official capacity or entities or individuals from whom HHS has the legal right to obtain information relevant to the claims and defenses in this case.

HHS Defendants object and respond to these requests solely on behalf of HHS and ORR, as indicated in each response. To the extent that these requests seek information from DOJ or DHS, HHS Defendants direct Plaintiffs to DOJ and DHS Defendants who can provide responses and objections to requests directed to those agencies.

3.    Defendants object to the definition of "POSSESSION" to the extent that it does not conform to the Ninth Circuit standard for possession, custody, or control. In the Ninth Circuit, the standard for possession, custody, or control is the legal right to obtain documents. *See 7-UP Bottling Co. v. Archer Daniels Midland Co.* (*In re Citric Acid Litig.*), 191 F.3d 1090, 1107 (9th Cir. 1999). Defendants are only under the obligation to produce relevant, non-privileged information, to the extent that it exists, if individuals, operating in their official governmental capacity, have

1   responsive, non-privileged information that is under the possession, custody, or

2   control of the named Defendants or that the named Defendants have the legal right

3   to obtain on demand. *Id.*

4   4.      Defendants object to the definition of "PUTATIVE CLASS MEMBER"

5   because the Court certified a class with two subclasses on November 5, 2019. The

6   certified class is defined as:

> All adult parents nationwide who entered the United States at or between
> designated ports of entry, who (1) on or after July 1, 2017, were, are, or
> will be detained in immigration custody by DHS; and (2) have a minor
> child who has been, is, or will be separated from them by DHS and
> detained in DHS or Office of Refugee Resettlement custody or foster
> care, absent a demonstration in a hearing that the parent is unfit or
> presents a danger to the child.

The Court certified the following subclasses:

> (i) the Custody Subclass, which is defined as all members of the class
> who are currently or will be detained in immigration custody by DHS;
> and (ii) the Released Subclass, which is defined as all members of the
> class who were previously detained in immigration custody by DHS, but
> who have since been released.

Pursuant to the Court's November 5, 2019 Order, Defendants will

construe any references to the putative class as the certified class as defined by

the Court.

5.      HHS Defendants object to the definition of "ZERO TOLERANCE

SEPARATION" as the "United States Government's pattern, practice, or policy of

separating migrant parents and children held in immigration detention without a

showing that the parent was unfit or presented a danger to the minor child that

preliminary enjoined in *Ms. L. v. U.S. Immigration and Customs Enforcement*, No.

3:18-cv-00428 (S.D. Cal. June 26, 2018) (Sabraw, J.)." First, HHS Defendants object

4

to the Plaintiffs' characterization of the preliminary injunction in *Ms. L. v. U.S. Immigration and Customs Enforcement*, No. 3:18-cv-00428 (S.D. Cal. June 26, 2018), as it misstates the holdings in that case. Second, the Zero Tolerance Policy issued by then-Attorney General Sessions, dated April 6, 2018, sets forth a policy regarding referrals for criminal prosecution under 8 U.S.C. § 1325(a). Defendants define the Zero Tolerance Policy as a policy that directed each U.S. Attorney's Office along the Southwest Border to adopt a policy to prosecute all DHS referrals of section 1325(a) violations, to the extent practicable. On May 11, 2018, then-Secretary Nielsen issued a memorandum directing "all DHS law enforcement officers at the border to refer all illegal border crossers to the Department of Justice for criminal prosecution to the extent practicable."

**DEFENDANT HHS'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF RFPS**

**REQUEST FOR PRODUCTION NO. 1**

DOCUMENTS sufficient to identify all PUTATIVE CLASS MEMBERS.

Responses and Objections:

HHS Defendants object to this request as Plaintiffs' definition of "putative class members" is overly broad and is not consistent with the Court's definition of the class certified in its November 5, 2019 Order. This request is overly broad and unduly burdensome in that it does not provide any data parameters or limitation on the request for documents. This request is not limited to information generated or existing during a time period that is relevant to the Parties' claims and defenses.

Moreover, Request for Production No. 1 does not seek information that is uniquely important to the claims and defenses in this case. *See generally* Complaint, ECF No. 1 ("Compl.") (requesting a court order requiring Defendants to provide

mental-health screenings before and after reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services)[1]; *see also* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). To the extent that this request also appears to seek information from DHS, HHS Defendants direct Plaintiffs to DHS Defendants who can provide responses and objections to requests directed to that agency. *See* DHS Response to RFP No. 1.

In consideration of the Court's November 5, 2019 Order certifying a class, once a protective order is in place, HHS Defendants, in coordination with the other Federal Defendants, will provide a list of class members, to the extent that HHS Defendants have this information and are able to identify class members.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS relating to the decision to adopt the ZERO TOLERANCE SEPARATION Policy, including but not limited to DOCUMENTS related to the potential effects of the ZERO TOLERANCE SEPARATION Policy on the mental health of separated parents and children.

---

[1] Relevant here, Plaintiffs' claims for relief center around their allegations that by forcibly separating Plaintiffs from their children, Defendants have inflicted upon Plaintiffs extraordinary harm that they would not have otherwise have faced. They further allege that this separation caused exceptional distress and trauma and that the plaintiffs have not received any mental health services from the government since they were separated.

<u>Responses and Objections:</u>

HHS Defendants object to this request to the extent it seeks privileged documents. HHS Defendants object to Request for Production No. 2 as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. *See generally* Compl. (requesting a court order requiring Defendants to provide mental-health screenings before and after reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services); *see also* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Request for Production No. 2 seeks "all" documents relating to the decision to adopt the Zero Tolerance Separation Policy, regardless of whether that information pertains to the impact of the separations—that occurred as a result of the Zero Tolerance Policy— mental health effects of the alleged family separation policy. Documents and information regarding Defendants' decision to implement the Zero Tolerance Policy are not relevant to Plaintiffs' claims or the relief sought in this case. Specifically, the how or why of the policy has no bearing on Plaintiffs' request for mental health screenings and trauma-informed mental health treatment for class members that Plaintiffs allege is necessary to assess the effect of the separation on class members.

HHS further objects to this request because it purports to require the disclosure of information in the possession, custody, or control of entities other than HHS Defendants, Fed. R. Civ. P. 34, or seeks information that can and should be sought from another entity. As noted above, the Zero Tolerance Policy was an enforcement

initiative announced by the Department of Justice in conjunction with the Department of Homeland Security. It was not a policy initiative of HHS Defendants. HHS Defendants refer Plaintiffs to DOJ and DHS Defendants. To the extent that this request seeks information from DOJ or DHS, HHS Defendants direct Plaintiffs to DOJ and DHS Defendants who can provide responses and objections to requests directed to those agencies. Based on these objections, HHS Defendants will not produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 3

All DOCUMENTS related to the potential or actual effects of the ZERO TOLERANCE SEPARATION Policy on the mental health of separated parents and children.

Responses and Objections:

HHS Defendants object to this request to the extent it seeks privileged documents. HHS Defendants further object to this request to the extent it seeks information regarding a "Zero Tolerance Separation Policy," which does not exist. The Zero Tolerance Policy issued by then-Attorney General Sessions, dated April 6, 2018, sets forth a policy regarding referrals for criminal prosecution under 8 U.S.C. § 1325(a). On May 11, 2018, then-Secretary Nielsen issued a memorandum directing "all DHS law enforcement officers at the border to refer all illegal border crossers to the Department of Justice for criminal prosecution to the extent practicable."

HHS Defendants further object to this request as overly broad, unduly burdensome, and not limited in time or scope. Request for Production No. 3 is not limited to information generated or existing during a time period that is relevant to the Parties' claims and defenses. *See generally* Compl. (requesting a court order requiring Defendants to provide mental-health screenings before and after

reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services); *see also* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). HHS Defendants object to this request as it appears to require a government-wide search for documents. Such a government-wide search would be oppressive, overly burdensome, and overbroad given the claims and defenses in this matter. Moreover, HHS Defendants object to this request because it seeks to require the disclosure of information in the possession, custody, or control of entities other than HHS Defendants, Fed. R. Civ. P. 34.

To the extent that this request appears to seek information from DOJ or DHS, HHS Defendants direct Plaintiffs to DOJ and DHS Defendants who can provide responses and objections to requests directed to those agencies. HHS Defendants further object to this request as vague and ambiguous on the basis that it is unclear what is meant by "potential or actual effects" and "mental health." It is unclear what types of documents Plaintiffs are seeking in their request. Based on these objections, HHS Defendants will produce a sampling of the separated children's health information that might be responsive to this request.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS related to YOUR press releases or internal memoranda that announced, explained, or implemented the ZERO TOLERANCE SEPARATION Policy, including but not limited the internal memoranda themselves, drafts of those

press releases or internal memoranda, and any memoranda or guidance about how to respond to questions from media or PUTATIVE CLASS MEMBERS.

Responses and Objections:

HHS Defendants object to this request to the extent it seeks privileged documents. HHS Defendants further object to this request as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. *See generally* Compl. (requesting a court order requiring Defendants to provide mental-health screenings before and after reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services); *see also* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

Moreover, HHS Defendants object to this request because it seeks to require the disclosure of information in the possession, custody, or control of entities other than HHS Defendants, Fed. R. Civ. P. 34, or seeks information that can and should be sought from another entity. To the extent that this request seeks information from DOJ or DHS, HHS Defendants direct Plaintiffs to DOJ and DHS Defendants who can provide responses and objections to requests directed to those agencies. As noted above, the Zero Tolerance Policy was an enforcement initiative announced by the Department of Justice in conjunction with the Department of Homeland Security. It was not a policy initiative of HHS Defendants. Based on these objections, HHS Defendants will not produce documents responsive to this request.

1

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS relating to the consideration of family separation as a means to deter immigration, including but not limited to the consideration of family separation discussed by then-DHS Secretary John Kelly on CNN on or about March 6, 2017.

Responses and Objections:

HHS Defendants object to Request for Production No. 5 as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. *See* generally Compl. (requesting a court order requiring Defendants to provide mental-health screenings before and after reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services); *see also* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). HHS Defendants also object to the request to the extent that it seeks the production of deliberative and pre-decisional or otherwise privileged information.

Moreover, HHS Defendants object to this request because it seeks to require the disclosure of information in the possession, custody, or control of entities other than HHS Defendants, Fed. R. Civ. P. 34, or seeks information that can and should be sought from another entity. To the extent that this request appears to seek information from DHS, HHS Defendants direct Plaintiffs to DHS Defendants who can provide responses and objections to requests directed to that agency. John Kelly

was the Secretary of the Department of Homeland Security, not the Secretary of Health and Human Services. Based on these objections, HHS Defendants will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS relating to YOUR consideration of alternatives to detention of the PUTATIVE CLASS MEMBERS that would allow families to remain together, including but not limited to community supported models such as the Family Case Management Program that was initially implemented in January 2016.

Responses and Objections:

HHS Defendants object to Request for Production No. 6 as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. *See generally* Compl**.** (requesting a court order requiring Defendants to provide mental-health screenings before and after reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services); *see also* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

Moreover, HHS Defendants object to this request because it seeks to require the disclosure of information in the possession, custody, or control of entities other than HHS Defendants, Fed. R. Civ. P. 34, or seeks information that can and should be sought from another entity. To the extent that this request appears to seek

information from DOJ or DHS, HHS Defendants direct Plaintiffs to DOJ and DHS Defendants who can provide responses and objections to requests directed to those agencies. The Family Case Management Program was a Department of Homeland Security program.  Based on these objections, HHS Defendants will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS related to the decision to close the Family Case Management Program in 2017.

Responses and Objections:

HHS Defendants object to Request for Production No. 7 as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. *See* generally Compl. (requesting a court order requiring Defendants to provide mental-health screenings before and after reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services); *see also* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). 

Moreover, HHS Defendants object to this request because it seeks to require the disclosure of information in the possession, custody, or control of entities other than HHS Defendants, Fed. R. Civ. P. 34, or seeks information that can and should be sought from another entity. The Family Case Management Program was a

Department of Homeland Security program. To the extent that this request appears to seek information from DOJ or DHS, HHS Defendants direct Plaintiffs to DOJ and DHS Defendants who can provide responses and objections to requests directed to those agencies. Based on these objections, HHS Defendants will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS relating to any programs You have implemented to mitigate or remediate the mental health impact of the ZERO TOLERANCE SEPARATION POLICY on the PUTATIVE CLASS MEMBERS or their children.

Responses and Objections:

Defendants object to this request as Plaintiffs' definition of "putative class members" is overly broad and is not consistent with the Court's definition of the class certified in its November 5, 2019 order. HHS Defendants object to this request to the extent it seeks information regarding a "Zero Tolerance Separation Policy," which does not exist. The Zero Tolerance Policy issued by then-Attorney General Sessions, dated April 6, 2018, sets forth a policy regarding referrals for criminal prosecution under 8 U.S.C. § 1325(a). On May 11, 2018, then-Secretary Nielsen issued a memorandum directing "all DHS law enforcement officers at the border to refer all illegal border crossers to the Department of Justice for criminal prosecution to the extent practicable."

HHS Defendants further object to this request as overly broad and unduly burdensome and not limited in time or scope. Request for Production No. 8 is not limited to information generated or existing during a time period that is relevant to the Parties' claims and defenses. HHS Defendants object to this request as vague and ambiguous on the basis that it is unclear what is meant by "mental health impact."

Notwithstanding the general and specific objections, and without waiving any objections, HHS will produce non-privileged, responsive documents on a rolling basis after the Court enters an appropriate protective order. *See also* DHS Response to RFP No. 8.

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS, analyses, reports, and drafts thereof supporting Defendant Nielsen's assertion that the ZERO TOLERANCE SEPARATION Policy was necessary due to the marked increase in the number of adults arriving at the border with children and fraudulently claiming to be a family unit.

Responses and Objections:

HHS Defendants object to Request for Production No. 9 as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. *See generally* Compl**.** (requesting a court order requiring Defendants to provide mental-health screenings before and after reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services); *see also* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

Moreover, HHS Defendants object to this request because it seeks to require the disclosure of information in the possession, custody, or control of entities other than HHS Defendants, Fed. R. Civ. P. 34, or seeks information that can and should

15

be sought from another entity. As noted above, the Zero Tolerance Policy refers to a policy initiative announced by the Department of Justice in conjunction with the Department of Homeland Security; this is not a policy directive of HHS Defendants. To the extent that this request appears to seek information from DHS, HHS Defendants direct Plaintiffs to DHS Defendants who can provide responses and objections to requests directed to that agency. Based on these objections, HHS Defendants will not produce documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 10

All DOCUMENTS, analyses, reports, and drafts thereof supporting President Trump's statement that 80 percent of migrants who are released never show up for their immigration hearings and disappear into the country.

Responses and Objections:

HHS Defendants object to this request as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. *See generally* Compl. (requesting a court order requiring Defendants to provide mental-health screenings before and after reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services); *see also* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). An alleged statement regarding the percentage of migrants who abscond into the interior has no bearing on Plaintiffs' request for

mental health screenings and trauma-informed mental health treatment for class members that Plaintiffs allege is necessary to assess the effect of the separation on class members. *See generally* Compl., ECF No. 1. This request is also not limited to information generated or existing during a time period that is relevant to the Parties' claims and defenses.

HHS Defendants further object to Request for Production No. 10 because it purports to require a government-wide search for documents. Such a government-wide search would be oppressive, overly burdensome and overbroad, given the claims and defenses in this matter.

Moreover, HHS Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than HHS Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. HHS Defendants object to this request to the extent it seeks documents and information for which HHS Defendants lack a basis for response, as it seeks documents considered by a non-HHS entity. To the extent that this request appears to seek information from DOJ or DHS, HHS Defendants direct Plaintiffs to DOJ and DHS Defendants who can provide responses and objections to requests directed to those agencies.  Based on these objections, HHS Defendants will not be producing documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS related to the testimony Commander Jonathan White, Deputy Director for Children's Programs of the Office of Refugee Resettlement, before the Senate Judiciary Committee on or about July 31, 2018, including but not limited to documents used in or reflecting Commander White's preparation for that testimony and documents related to his testimony that concerns were raised during

the deliberative process about the potential harm to children resulting from family separation.

Responses and Objections:

HHS Defendants object to this request as ambiguous, as it fails to identify a specific statement or representation by Commander White before the Senate Judiciary Committee for which related documents are sought.

HHS Defendants object to Request for Production No. 11 as overbroad because it seeks documents and information that are not relevant to the claims and defenses in this case. *See generally* Compl. (requesting a court order requiring Defendants to provide mental-health screenings before and after reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services); *see also* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). To the extent that Plaintiffs request documents used to prepare for or relating to Commander White's testimony before the Senate Judiciary Committee on July 31, 2018, this request is not limited to documents or information relevant to Plaintiffs' request for mental health screenings and trauma-informed mental health treatment.

Notwithstanding the general and specific objections, and without waiving any objections, HHS will produce any non-privileged, responsive documents on a rolling basis after the Court enters an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS relating to any health examination of any PUTATIVE CLASS MEMBERS or their children while in government custody.

Responses and Objections:

HHS Defendants object to this request as Plaintiffs' definition of "putative class members" is overly broad and is not consistent with the Court's definition of the class certified in its November 5, 2019 Order. This request is overly broad and unduly burdensome in that it does not provide any data parameters or limitation on the request for documents.

HHS Defendants also object to this request on the basis that it is overly broad, unduly burdensome, and not proportional to the needs of this case in that it seeks "all" documents relating to medical services pertaining to putative class members and their children regardless of whether those medical services pertain to mental health treatment and screening, which is the subject of this lawsuit.

Further, to compile "all" documents relating to "any health examination" as to each child of a class member is an unnecessary burden on HHS. Compliance with such a request would be very expensive and extremely burdensome. HHS would have to search and collect health documents for thousands of children of class members in over one hundred care providers' facilities across the country. HHS would have to deploy hundreds of ORR staff resulting in considerable hardship to ORR's core functions and its ability to care for the unaccompanied alien children presently in its custody.

To the extent that ORR has responsive non-privileged information, subject to and without waiving the foregoing objections, ORR will produce the medical records of the Named Plaintiffs' children identified in the Plaintiffs' complaint, provided that a protective order is in place. For the health information of the thousands of children

19

of class members, HHS Defendants propose that Plaintiffs select a statistical sampling number of children of class-members whose health information they would like to obtain, rather than seeking a burdensome discovery of health information for all of the children of class members.

In addition, ORR will not release any medical or mental health records of a child of a class member absent a signed waiver from the child's legal guardian, consenting to the disclosure. If a signed waiver from the child's legal guardian is provided, and consistent with the terms of a protective order to be entered in this case, Defendant HHS (through Defendant ORR) will produce the health information for the list of children identified by Plaintiffs. *See also* DHS Response to RFP No. 12.

## REQUEST FOR PRODUCTION NO. 13

All DOCUMENTS relating to the mental health of PUTATIVE CLASS MEMBERS or their children, including but not limited to DOCUMENTS relating to mental health screenings, evaluations, treatments, or diagnoses.

Responses and Objections:

HHS Defendants object to this request as Plaintiffs' definition of "putative class members" is overly broad and is not consistent with the Court's definition of the class certified in its November 5, 2019 Order. This request is overly broad and unduly burdensome in that it does not provide any data parameters or limitations on the request for documents.

HHS Defendants object to this request because it is not proportionate to the needs of this case. The class is broadly defined and includes several thousand class members. To compile "all" documents relating to "any health examination" as to each child of a class member is an unnecessary burden on HHS as compliance would be very expensive and extremely burdensome. HHS would have to search and collect

health documents for thousands of children of class members in over one hundred care providers' facilities across the country. HHS would have to deploy hundreds of ORR staff resulting in considerable hardship to ORR's core functions and its ability to care for the unaccompanied alien children presently in its custody.

To the extent that ORR has responsive non-privileged information, subject to and without waiving the foregoing objections, ORR will produce the medical records of the Named Plaintiffs' children identified in the Plaintiffs' complaint, provided that a protective order is in place. For the health information of the thousands of children of class members, HHS Defendants propose that Plaintiffs select a statistical sampling number of children of class-members whose health information they would like to obtain, rather than seeking a burdensome discovery of health information for all of the children of class members.

In addition, ORR will not release any medical or mental health records of a child of a class member, absent a signed waiver from the child's legal guardian, consenting to the disclosure. If a signed waiver from the child's legal guardian is provided, and consistent with the terms of a protective order to be entered in this case, Defendant HHS (through Defendant ORR) will produce the health information for the list of children identified by Plaintiffs. *See also* DHS Response to RFP No. 13.

## REQUEST FOR PRODUCTION NO. 14

All DOCUMENTS reflecting any policy, manual, procedure, training material, or other similar document, applicable to or relating to the government's provision of medical services to PUTATIVE CLASS MEMBERS and their children.

Responses and Objections:

HHS Defendants object to this request as Plaintiffs' definition of "putative class members" is overly broad and is not consistent with the Court's definition of the class certified in its November 5, 2019 Order. This request is overly broad and unduly burdensome in that it does not provide any data parameters or limitations on the request for documents. HHS Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody or control of entities other than HHS Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity.  To the extent that these requests appear to seek information from DHS, HHS Defendants direct Plaintiffs to DHS Defendants who can provide responses and objections to requests directed to that agency. *See* DHS Response to RFP No. 14.

Further, this request is not limited to information generated or existing during a time period that is relevant to the Parties' claims and defenses. *See generally* Compl. (requesting a court order requiring Defendants to provide mental-health screenings before and after reunification to assess Plaintiffs' need for subsequent trauma-informed medical and mental-health services and to offer appropriate trauma-informed medical and mental-health services); *see also* Fed. R. Evid. 401 (defining "relevance"); Fed. R. Civ. Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

Notwithstanding the general and specific objections, and without waiving any objections, HHS will produce copies of any policy, manual, procedure, or training

material relating to medical services provided to UACs in its custody. HHS will produce the responsive documents on a rolling basis once a protective order is in place.

**REQUEST FOR PRODUCTION NO. 15**

All DOCUMENTS relating to or similar to the Inmate Health Message Slip that You submitted in this litigation (D.E. 138), including but not limited to communications regarding the Inmate Health Message Slip or similar documents.

Responses and Objections:

HHS Defendants object to this request to the extent Plaintiffs purport to require the disclosure of information in the possession, custody, or control of entities other than HHS Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity. The Inmate Health Message Slip is not a HHS document. To the extent that this request appears to seek information from DHS, HHS Defendants direct Plaintiffs to DHS Defendants who can provide responses and objections to requests directed to that agency. *See* DHS Response to RFP No. 15. Based on these objections, HHS Defendants will not be producing documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16**

All DOCUMENTS YOU have produced or will produce in other litigation related to the ZERO TOLERANCE SEPARATION Policy, including but not limited to documents produced in *Ms. L. v. U.S. Immigration and Customs Enforcement*, No. 3:18-cv-00428 (S.D. Cal.) (Sabraw, J.).

Responses and Objections:

HHS objects to this request as overbroad and vague as it seeks documents that Defendants "will produce in other litigation" related to the Zero Tolerance Separation Policy. HHS Defendants object to this request to the extent it seeks information regarding a "Zero Tolerance Separation Policy," which does not exist. The Zero Tolerance Policy issued by then-Attorney General Sessions, dated April 6, 2018, sets forth a policy regarding referrals for criminal prosecution under 8 U.S.C. § 1325(a). On May 11, 2018, then-Secretary Nielsen issued a memorandum directing "all DHS law enforcement officers at the border to refer all illegal border crossers to the Department of Justice for criminal prosecution to the extent practicable."

This request is not limited to information generated or existing during a time period that is relevant to the Parties' claims and defenses. HHS Defendants object to this request to the extent that it seeks to obtain information protected from disclosure by protective orders entered in other litigation.

HHS further objects to this request as unreasonably burdensome and not proportionate to the needs of this case. HHS is litigating numerous cases in Federal District Court, as well as administrative claims, pertaining to the Zero Tolerance Policy. Some of these cases are handled by various United States Attorneys' Offices across the country and other Divisions within the U.S. Department of Justice. It would be unduly burdensome and expensive to comply with this extremely broad request because HHS would have to collect and produce all the documents produced or that the agency will produce in all cases related to the Zero Tolerance Policy, regardless of whether these documents are relevant to any claims or defenses in this litigation. Based on these objections, HHS Defendants will not be producing documents responsive to this request.

DATED:    December 17, 2019                    JOSEPH H. HUNT
                                                Assistant Attorney General
                                                ERNESTO H. MOLINA, JR.
                                                Deputy Director
                                                SARAH B. FABIAN
                                                NICOLE N. MURLEY
                                                Senior Litigation Counsel
                                                MICHAEL HEYSE
                                                MICHELLE R. SLACK
                                                LANCE JOLLEY
                                                LINDSAY M. VICK
                                                Trial Attorneys

                                                */s/ Nicole N. Murley*
                                                NICOLE N. MURLEY
                                                Trial Attorney
                                                U.S. Department of Justice
                                                Office of Immigration Litigation
                                                District Court Section
                                                P.O. Box 868,
                                                Washington, DC 20044
                                                T: (202) 616-0473
                                                F: (202) 616-8962
                                                Nicole.Murley@usdoj.gov

                                                *Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, Nicole N. Murley, am a citizen of the United States and am at least eighteen years of age. My business address is 450 Fifth Street, NW, Washington, DC 20001. I have caused service of the accompanying Defendant HHS's Supplemental Responses to Plaintiffs' First Set of Requests for Production on all counsel of record by serving Plaintiffs' counsel by electronic mail. I declare under penalty of perjury that the foregoing is true and correct.

DATED:  December 17, 2019          */s/ Nicole N. Murley*
                                                    NICOLE N. MURLEY
                                                    Trial Attorney
                                                    U.S. Department of Justice
                                                    Office of Immigration Litigation
                                                    District Court Section
                                                    P.O. Box 868,
                                                    Washington, DC 20044
                                                    T: (202) 616-0473
                                                    F: (202) 616-8962
                                                    Nicole.Murley@usdoj.gov

                                                    *Attorney for Defendants*