**FILED**
CLERK, U.S. DISTRICT COURT

3/12/2020

**CENTRAL DISTRICT OF CALIFORNIA**
BY: ___CW___ DEPUTY



# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Ms. J.P., et al.,

        Plaintiffs,

     v.

WILLIAM P. BARR, et al.,

        Defendants.

Case No. 2:18-cv-06081-JAK-SK

**STIPULATION AND PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL**

I.	Plaintiffs and Defendants (collectively, the "Parties") in the above-caption action *Ms. J.P., et al., v. William P. Barr, et al.,*[1] Case No. 2: 18-cv-06081-JAK-SK ("Litigation" or "Action") recognize that confidential government information, including law enforcement sensitive, as well as information about putative or confirmed class members and their children exchanged by the Parties in the Action for the purpose of discovery and facilitating compliance with the Court's preliminary injunction order may include private information related to individuals who are or have been in the custody and care of the United States Government or employees of the United States Government and that such materials may reasonably, in good faith, be confidential and protected from disclosure to the public or to one or more of the Parties under Rule 26(c) of the Federal Rules of Civil Procedure.

II.	The Parties desire to enter into this stipulation to facilitate the exchange of documents and information while protecting against the unauthorized disclosure of sensitive and confidential documents and information.

III.	The Parties believe good cause exists for approving the stipulation because it seeks to protect against injury caused by the dissemination of protected materials. The materials to be protected include personally identifiable information and confidential government information, including medical records and law enforcement sensitive information.

**Stipulation**

NOW, THEREFORE, the Parties stipulate and agree, through their undersigned counsel, to the following terms and conditions to govern the production of information that the party producing the documents (Producing Party) reasonably and in good faith deems confidential, and request that the Court enter a protective order (hereafter "Protective Order" or "Order") consistent with the terms of this stipulation.

**1. Definitions.**

---

[1] Pursuant to the Court's Order of November 5, 2019, former Attorney General Jefferson B. Sessions III has been replaced in the caption of this matter with Attorney General William P. Barr.

**A)** "Action" shall mean the case captioned *Ms. J.P., et al., v. Barr*, No. 2:18-cv-06081 (C.D. Cal.).

**B)** "Challenging Party" shall mean any party who challenges the designation of information as Protected Material under this Protective Order.

**C)** "Counsel of Record" includes all attorneys who have appeared as counsel of record in this action on behalf of a party to this action.

**D)** "Designating Party" shall mean the party or other person including a Non-Party producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Protected Material pursuant to this Protective Order.

**E)** "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

**F)** "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & B.

**G)** "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party.

**H)** "Privileged Information" shall mean information contained in an inadvertently produced Document produced by a Producing Party that the Producing Party later claims to be, in whole or in part, privileged or otherwise protected by the attorney-client privilege and/or work product protection, governmental privileges, or any other applicable privilege.

**I)** "Producing Party" shall mean the person or party including a Non-Party producing in discovery in the Action.

**J)** "Protected Material" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party including a Non-Party because of a good faith belief that the information: (1) is not in the public domain, or if in the public domain, is improperly in the public domain; (2) is a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); (3) personal financial, medical or other private information relating to an individual including, but not limited to, information that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2; (4) non-public information that is For Official Use Only (FOUO) or Law Enforcement Sensitive (LES); (5) information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a; or (6) information contained in individual detainee files subject to disclosure conditions under the Privacy Act, 5 U.S.C. § 552a, or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence. The Parties stipulate that this Order serves as a Court Order authorizing disclosure of materials protected by the Privacy Act in accordance with 5 U.S.C. § 522a(b)(11) and that such materials must be designated "Protected Material" and bear the mark of that designation.

**K)** "Receiving Party" shall mean any party who receives information that has been designated as Protected Material.

**2. Scope**. The following terms govern with respect to all documents and information exchanged by the Parties in theAction, whether before or after the entry of this Order.

**3. Duration.** Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Parties and any

other person(s) or entity subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

4. **Protected Material.** The categories of Protected Material include:

    **A.** Information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, or information covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence.

    **B.** Personally Identifying Information (PII), Protected Health Information (PHI), and any information that is protected or restricted from disclosure by statute or regulation.

    **C.** All other protected documents, information or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

    **D.** Confidential and sensitive information, including information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), non-public information that is designated or treated as For Official Use Only (FOUO) and/or Law Enforcement Sensative (LES), and information that is protected or restricted from disclosure under the terms of any other statute or regulation, but which the Court may order to be produced.

    **E.** Defendants do not waive their right to assert other or further privileges over the information and redact such information. For instance, Defendants may withhold or redact information that is protected by statute for which no exceptions permitting disclosure apply or exist or information that is subject to a claim of privilege or exemption from disclosure such as withholding classified national security information the Deliberative Process Privilege, Law Enforcement Privilege, Attorney-Client Privilege or Attorney Work Product.

5. **Designations.** It shall be the duty of the party producing the Protected Material ("Producing Party") to give notice of material that is to be considered covered by this Protective Order in the manner set forth in paragraphs 5, 8 and 11 below. Protected Material may be designated as "PROTECTED MATERIAL" if the Producing Party believes in good faith that such material is covered by this Protective Order. A party may designate material that it obtained from a Non-Party pursuant to this Protective Order, if it believes in good faith that it qualifies as Protected Material under this Order.

6. **Duties.** The duty of the Party or Parties receiving the Protected Material ("Receiving Party") and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence with such notice. Protected Material shall be designated by the Producing Party, subject to the provisions of this Order, with the designation of "PROTECTED MATERIAL." No person subject to this Protective Order may disclose, in public or private, any Protected Material designated by a Party as "PROTECTED MATERIAL," except as provided for in this Protective Order or as further ordered by the Court.

7. **Method Of Designation.** Any material the Producing Party wishes to designate as Protected Material must be labeled PROTECTED MATERIAL, at the time the material, or a copy thereof, is provided to the Receiving Party. In the case of material contained in or on media other than paper, the Producing Party shall affix such a label to the material or use its best efforts to identify the material as Protected Material and affix the applicable designation.

8. **Access to Protected Material.** Only the following persons shall have access to or retain material designated as PROTECTED MATERIAL pursuant to this Order:

    **A.** The Court and its official personnel;

**B.** Counsel for any Party and any of Defendants' personnel with whom Counsel for Defendants determines it is appropriate to share such information for the purpose of this Action. For the purposes of this Protective Order, "Counsel" means the attorneys representing the Parties for this Action, including paralegals, office clerks, secretaries, and other support staff assisting those attorneys, working on the Action;

**C.** For information designated as PROTECTED MATERIAL relating to an individual member of the Class, the individual Class Member and counsel who represent individual Class Members, or any prospective counsel that is evaluating whether to take on the representation of a Class Member; the individual Class Member and counsel shall only be provided PROTECTED MATERIAL relating to the individual Class Member, and the individual may not be provided any information pertaining to other Class Members. Prospective counsel must execute Exhibit A, the Acknowledgment Regarding the Order before receiving this limited material designated PROTECTED MATERIAL;

**D.** Outside experts, consultants retained by the Receiving Party's Counsel to assist in this Action (and the experts' or consultants' staff whose duties and responsibilities require access to such materials);

**E.** Court reporters and translators;

**F.** Outside litigation support personnel retained by Counsel to assist in the preparation and/or litigation of the Action, including contract attorneys, outside copying service vendors, or electronic document management vendors;

**G.** Any person not otherwise covered by subparagraph (a), (b), (c), or (d) who was involved in the preparation of such material or who received or reviewed such material for purposes other than this Action or who

has been alleged to have received or reviewed such material for purposes other than this Action;

**H.** Witnesses at deposition not otherwise covered by subparagraphs (a), (b), (c) or (d);

**I.** Persons whom the Producing Party agrees in writing or on the record at a deposition may be shown material designated PROTECTED MATERIAL;

**J.** Any individuals or persons who Class Counsel designates for the purpose of providing the screening and services to Class Members and their children described in the Preliminary Injunction Order in this Action, including (but not limited to) nonprofit organizations, lawyers, mental health professionals, or any other organization or individuals who may be able to assist with providing the screenings and services described in the Preliminary Injunction Order. The individuals or persons described in this paragraph may receive Protected Material necessary to assist in providing screening and services to the Class Member(s) they are serving or being consulted to serve after signing the Acknowledgment. The individual or organization may not receive information about any other Class Members.

9. **Agreement By Persons Accessing Protected Materials.** All persons identified in paragraph 8 (d), (e), (f), (g), (h) (i), and (j) who in the course of the case may be given access to Protected Material shall be required to read this Protective Order and agree, in writing, to be bound by this Protective Order by executing an acknowledgment in the form of Exhibit A that is annexed to this Protective Order. All such acknowledgments shall be maintained in the files of the counsel allowing access by such person to the Protected Material.

10. **Treatment Of Protected Material During Inspection Of Documents.** It is contemplated that a Party might make available certain of its files for inspection

by other Parties, which files may contain Protected Material as well as non-protected material, and that following such inspection, the inspecting party will designate documents to be copied and the copies will be furnished or produced to it. All documents and their contents made available for such inspection shall be treated as PROTECTED MATERIAL until the Party allowing inspection has had a reasonable opportunity, not to exceed twenty one (21) calendar days absent an agreement by the parties, to designate and mark those documents which were copied as PROTECTED MATERIAL.

11. **Copies, Summarizations, Extracts Protected.** Protected Material designated under this Order shall include, without limitation: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things, or information so designated; (b) portions of deposition transcripts and exhibits to deposition transcripts that contain, summarize, or reflect the content of any such documents, things, or information; and (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information. The Parties agree that information regarding the aggregated numbers for any category of individuals contained in the Class may be excluded from this paragraph. Moreover, a Party may make a request to the producing Party that certain material contained in such copies, extracts, and complete or partial summaries not be treated as PROTECTED MATERIAL. The Parties will meet and confer in good faith within five (5) days of any such request to resolve the request.

12. **Pleadings and Briefs Containing Protected Material.** This Order does not authorize the Parties to file Protected Material under seal. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. When a party seeks to file Protected Material that was so designated by another party and

reasonably requests guidance from the Producing Party as to which portions of the Protected Material should be redacted or otherwise filed under seal, the Producing Party agrees to provide said guidance with reasonable specificity. The Producing Party shall file a brief within seven days after the motion to seal is filed, or such other time as may be permitted by the Court, that either supports the relevant motion to seal and explains the reasons why the Producing Party contends the information should be sealed or provides an alternative version of the Producing Party's Protected Material that the Producing Party contends is appropriate for public filing and explains the reasons why any redacted information should be sealed. The Producing Party's failure to submit a brief explaining why the Protected Material should be sealed shall result in a waiver of confidentiality rights as to the filed documents under this Order.

13. **Court Hearings And Other Proceedings.** Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use before the Court any Protected Material. Before doing so, however, and to the extent not otherwise authorized to be so used hereunder, the Party intending to use Protected Material shall so inform the Court and the Producing Party, so that any Party or Non-Party may apply to the Court for appropriate protection, including clearing the hearing room or courtroom of persons not entitled to receive Protected Material pursuant to paragraph 8.

14. **Testimony At Pretrial Court Hearings And Other Proceedings.** All testimony elicited during hearings and other proceedings that Counsel for a Party or Non-Party indicated on the record may be subject to the protections of this Order shall be deemed PROTECTED MATERIAL until the expiration of twenty one (21) calendar days after delivery of a copy of the transcript of the testimony by the court reporter to counsel who requested a copy of the transcript. Within the twenty-one (21) calendar day period following such receipt of the transcript (with such receipt assumed to be one day following mailing), any Party may move to

seal the transcript, designating all or any portion of the testimony as PROTECTED MATERIAL. Upon being informed that certain portions of a transcript are designated as PROTECTED MATERIAL, each Party must have each copy in their custody, possession or control immediately marked with the appropriate designation at the appropriate pages. Such designation must remain until the Court rules on the motion to seal.

15. **This Order Does Not Apply To Non-Private Information.** The restrictions set forth in this Protective Order shall not apply to documents, things, or information that: (a) is properly in the public domain; or (b) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise. If the Producing Party challenges the Receiving Party's invocation of this provision, then the Receiving Party shall provide written documentation showing the material falls within categories of non-private information referenced in this provision. This paragraph does not purport to waive or in any way limit any protection that exists under law, including the Privacy Act, 5 U.S.C. § 552a, *et seq*.

16. **Challenge To Designations.** If a Party objects to a designation of the materials as PROTECTED MATERIAL on the ground that such protection is not warranted under controlling law, the following procedure shall be used: The Party objecting to the designation of Protected Material must notify, in writing, Counsel for the other Party of the objected-to materials and the grounds for the objection. The writing shall be by email to all counsel for the other Party, followed by a hard copy sent next business day via courier. The objecting Party shall request to meet and confer with the other Party prior to submitting the dispute to the Court for a ruling. If the dispute is not resolved consensually between the parties within ten (10) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.

The materials at issue must be treated as Protected Material, until the Court has ruled on the objection or the matter has been otherwise resolved.

17. **No Waiver By Failure To Challenge Designation.** For purposes of this Action or any other action, no Party concedes that any material designated as PROTECTED MATERIAL does in fact contain or reflect Protected Material. A Party shall not be obligated to challenge the propriety of the PROTECTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge.

18. **Inadvertent Disclosure Of Protected Material.** The failure by a Producing Party to designate specific documents or materials as PROTECTED MATERIAL shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon written notice to the Receiving Party of such failure to designate, or of incorrect designation, the Receiving Party shall cooperate to retrieve disseminated copies, and restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to review such information pursuant to paragraph 8, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the designation. No person or Party shall incur any liability under this Protective Order with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation

19. **Disclosure To Producing Party's Personnel.** Nothing in this Protective Order shall affect the right of the Producing Party to disclose to its client agency personnel, employees, consultants, or experts, any documents, things, or information designated by it as PROTECTED MATERIAL pursuant to this Order; such disclosure shall not waive the protection of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.

**20. Disclosure To Unauthorized Persons.** If information subject to this Protective Order is disclosed to any unauthorized person either through inadvertence, mistake, or otherwise without authorization by the Producing Party, or other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately (a) inform the Producing Party of all pertinent facts relating to such disclosure, including without limitation, the name, address, and telephone number of the recipient and his or her employer; (b) use his or her best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order in the form of the declaration attached to this Protective Order as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the Protected Material.

**21. "Admissibility" Of Protected Material.** This Protective Order shall not constitute a waiver of any Party's or Non-Party's right to object to the admissibility into evidence of any Protected Material under Federal law.

**22. All Objections Preserved.** This Protective Order is intended to provide a mechanism for handling the disclosure or production of Protected Material to which there is no objection other than confidentiality. The protection afforded by this Order shall in no way affect a Producing Party's right to withhold or redact documents as: (a) privileged under the attorney-client or any other privilege, (b) protected by the work product doctrine, or (c) otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil Procedure or under any law. Additionally, this Protective Order shall not prejudice the right of a Party to: (a) seek additional protective treatment for any information it considers to be very highly sensitive, or otherwise exempt from disclosure, such that the protections in this Protective Order would be insufficient, (b) object to the designation of any

document or information as PROTECTED MATERIAL, or (c) seek any modification of or relief from any provision of this Protective Order, either generally or as to any particular Protected Material, by properly noticed motion with notice to all Parties and their respective Counsel.

23. **Advice To Client.** Nothing in this Protective Order shall prevent or otherwise restrict Counsel from rendering legal advice to the clients in this Action and, in the course of this Action, relying generally on examination of designated Protected Material; provided, however, that in rendering such advice and otherwise communicating with such client, Counsel shall not disclose the specific contents of Protected Materials to persons not authorized to receive such material pursuant to the Protective Order.

24. **Inadvertent Disclosure Of Privileged Information.**

   **A.** The inadvertent disclosure of Material covered by the attorney- client privilege, the work-product doctrine, or any other recognized privilege shall be governed by Federal Rule of Evidence 502 and this Protective Order.

   **B.** If, in connection with the pending Action, a Producing Party inadvertently discloses information subject to a claim of a privilege or protection described in paragraph 24(a) ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

   **C.** If a claim of inadvertent disclosure is made by a Producing Party with respect to Inadvertently Disclosed Information, the Receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of

counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

**D.** Within twenty-one (21) calendar days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written agreement of the Parties or order of the Court, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

**E.** If the Receiving Party knows or should reasonably know that materials that the Producing Party has produced contain Privileged Information, the Receiving Party shall (1) notify the Producing Party of inadvertently produced materials, and (2) refrain from examining the writing any more than is necessary to determine the privilege, in accordance with Rule 4.4 of the California Rules of Professional Conduct. The Receiving Party shall notify the Producing Party of the inadvertently produced material, in writing, within 72 hours of examining the material. Within 72 hours of receiving the notification of inadvertently disclosed material, the Producing Party shall confirm, in writing, whether the potentially privileged material was inadvertently disclosed, and may claw back the material pursuant to the procedures in this Paragraph 24 if it is, in fact, Privileged Information.

a. In this section, the "knows or should reasonably know" standard for whether the writing received by the Receiving Party contains privileged information is the standard articulated in California Rule of Professional Conduct 4.4 and its comments. Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the Producing Party to the Receiving Party.

**F.** Nothing in this Protective Order shall limit the right of any Party to petition the Court for an order compelling production of such Inadvertently Disclosed Information, or for an in-camera review of the Inadvertently Disclosed Information.

25. **Good Faith Designations.** Each Party agrees that designation of Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in good faith and not: (a) to impose burden or delay on an opposing Party, or (b) for tactical or other advantage in litigation. Further, each Party agrees to make best efforts to avoid as much as possible inclusion of Protected Material in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents as Protected Material.

26. **Use Of Information Subject To Protective Order.** The Receiving Party's use of any information or documents obtained from the Producing Party subject to this Protective Order, including all information derived therefrom, shall be restricted to use in this Action (subject to the applicable rules of evidence, and subject to the confidentiality of such materials being maintained) and shall not be used by anyone subject to the terms of this agreement, for any purpose outside of this Action or any other proceeding between the Parties, except as otherwise provided in this Order. Before using any Protected Material received for any other purpose outside of this Action, the Receiving Party should seek leave of the Court following the procedures described in Paragraph 16 of this Order, including, if appropriate, a request for *in camera* review of the Protected Material.

27. **Meet And Confer.** Prior to filing any motion or application before the Court to enforce this Protective Order, the moving party shall notify the other Party(ies) in writing and meet and confer in good faith in an attempt to resolve their dispute(s).

**28. Injunctive Relief.** In the event anyone violates or threatens to violate any of the terms of this Protective Order, the Parties including any Non-Party Producing Party and/or Designating Party agree that the aggrieved party may, subject to the "meet and confer" requirement set forth above, apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order. In the event the aggrieved party brings such motion or application, the responding person subject to the provisions of this Protective Order shall not employ as a defense the claim that the aggrieved party possesses an adequate remedy at law. The Parties including any Non-Party Producing Party and/or Designating Party shall not use or reveal, directly or indirectly, any information in violation of this Protective Order. Because of the confidential and proprietary nature of the information contemplated to be covered by this Protective Order, the Parties including any Non-Party Producing Party and/or Designating Party agree that legal remedies are inadequate. Therefore, the Parties including any Non-Party Producing Party and/or Designating Party stipulate that injunctive relief is an appropriate remedy to prevent any person from using or disclosing Protected Material in violation of this Protective Order. The Parties including any Non-Party Producing Party and/or Designating Party waive and release any and all requirements for a bond or undertaking to support any injunctive relief for enforcement of this Protective Order.

**29. Other Actions.** If any Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a Party, or (c) served with any legal process by one not a party to this action, seeking information or material which was produced or designated as PROTECTED MATERIAL by someone other than that Party, the Party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) calendar days of receipt of such subpoena, demand, or legal process, to those who produced the Protected Material prior to compliance with the subpoena so as to allow the Producing Party to seek

protection from the relevant court(s). Nothing in this Protective Order shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

30. **Survival And Final Disposition Of Designated Material.** Final termination of the Action, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by the Protective Order.

   a. Within sixty (60) days of the final termination of the Action by final judgment (whether by settlement, trial, or otherwise), including the time for filing and resolution of all appeals, or within such other period as the Parties may agree upon, all Protected Material and copies of Protected Material, including such material in the hands of outside experts or consultants or attorneys who considered or accepted representation of a Class Member or child, shall be delivered by counsel of record for the Receiving Party to counsel of record for the Producing Party of such material or destroyed, with confirmation of that destruction to the producing Party in writing.

   b. Any Protected Material filed or lodged with and retained by the Court shall not be subject to the provisions of this paragraph 30.

   c. Notwithstanding the foregoing, Counsel may retain copies of briefs and other papers filed with the Court, deposition transcripts, discovery responses, and attorney work product that contains or constitutes Protected Material. Further, counsel are not required to delete information that may reside on their electronic back-up systems that are over-written in the normal course of business. Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

**31. Amendment Or Termination Of Protective Order.** No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each Producing Party or by an Order of this Court for good cause shown. The terms of this Protective Order shall survive termination of the Action.

**32. Jurisdiction For Enforcement.** The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order. Each person to whom disclosure of any Protected Material is made agrees to subject himself to the jurisdiction of the Court in which this action is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

**33. Limitations.** Nothing in this Order shall be deemed to restrict in any manner the use by any party of its own documents or materials. Nothing in this Protective Order should be construed as prohibiting a non-party from seeking additional protections of records or information that it owns or controls.

DATED:     February 28, 2020                    SIDLEY AUSTIN LLP


                                                 */s/* Amy P. Lally
                                                Amy P. Lally
                                                *Attorney for Plaintiffs*

DATED:     February 28, 2020                    UNITED STATES DEPARTMENT OF JUSTICE, OFFICE OF IMMIGRATION LITIGATION


                                                 */s/* Nicole N. Murley
                                                Nicole N. Murley
                                                Senior Litigation Counsel
                                                *Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2) of the Central District of California, I attest that I have concurrence in the filing of this document.


By: /s/ Amy P. Lally _____


**[CONTINUED ON THE NEXT PAGE]**

## **ORDER**

For good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all discovery and other materials exchanged by the Parties or Non-Party Producing Party and/or Designating, or filed with the Court, in *Ms. J.P., et al., v. William P. Barr, et al.,* Case No. 2: 18-cv-06081-JAK-SK (C.D. Cal.) shall be provided subject to the conditions set forth in the foregoing Stipulated Protective Order. This order shall be construed as a lawful order pursuant to the Privacy Act permitting release consistent with the terms of this Order.

**IT IS SO ORDERED**

Dated: March 12, 2020       _____

John A. Kronstadt
United States District Judge

# STIPULATION EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT CONCERNING PROTECTED INFORMATION

**1.** My name is _____ (first, middle initial, last).

**2.** I live at _____ (street address), _____ (city), _____ (state) _____ (zip code).

3. I am employed as a/an _____ by _____ (company), which is located at _____ (street address), _____ (city), _____ (state) _____ (zip code). Its telephone number is _____.

I have read the attached Stipulated Protective Order entered in the action of *Ms. J.P., et al., v. William P. Barr, et al.,* pending in the Central District of California and bearing Case No. 2:18-cv-06081-JAK-SK, and a copy of the Stipulated Protective Order has been given to me.

**4.** I agree to be bound by the terms of the Stipulated Protective Order, and agree that any Protected Material, within the meaning of the Stipulated Protective Order, will be used by me only to assist counsel in connection with the above-referenced litigation or as otherwise authorized by the Stipulated Protective Order.

**5**. l agree that I will not disclose or discuss Protected Material so designated with anyone other than the persons described in paragraph 6 of the Stipulated Protective Order.

**6.** I understand that any disclosure or use of Protected Material in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions for contempt of the Court's Order.

7.   I agree to be subject in personam to the jurisdiction of the Central District of California in connection with any proceeding relating to the enforcement of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
             (date)                                                        (signature)