JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JEFFREY S. ROBINS
Deputy Director

SARAH B. FABIAN
NICOLE N. MURLEY
Senior Litigation Counsel

U.S. Department of Justice
Office of Immigration Litigation
PO Box 868, Ben Franklin Station
Washington, D.C. 20044
Nicole.Murley@usdoj.gov
Telephone: (202) 616-0473
Fax: (202) 616-8962

*Attorneys for Defendants*

Amy P. Lally (SBN 198555)
alally@sidley.com
Ellyce R. Cooper (SBN 204453)
ecooper@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9522
Facsimile: +1 310 595 9501

Mark Rosenbaum (SBN 59940)
mrosenbaum@publiccounsel.org
Judy London (SBN 149431)
jlondon@publiccounsel.org
Talia Inlender (SBN 253796)
tinlender@publiccounsel.org
Amanda Savage (SBN325996)
asavage@publiccounsel.org)
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: +1 213 385-2977
Facsimile: +1 213 385-9089

Attorneys for Plaintiffs
*Additional Counsel on next page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ms. J.P., et al.** | ) **Case No. 2:18-cv-6081-JAK-SK** |
| **Plaintiffs,** | ) |
| | ) **JOINT STATUS REPORT** |
| **v.** | ) |
| **Jeffrey A. Rosen,** | ) Judge:  John A. Kronstadt |
| **Acting U.S. Attorney General, *et al.*,** | ) Magistrate Judge:  Steven Kim |
| | ) Hearing Date:  n/a |
| **Defendants.** | ) |
| | ) |
| | ) |
| _____ | ) |

Carter G. Phillips[*]
cphillips@sidley.com
Jennifer J. Clark[*]
jennifer.clark@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736-8000
Facsimile: +1 202 736-8711

Timothy Payne[*]
tpayne@sidley.com
Kevin Fee[*]
kfee@sidley.com
Daniel Craig[*]
dcraig@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: +1 312 853-7000
Facsimile: +1 312 853-7036

Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896-6000
Facsimile: +1 213 896-6600

Mark E. Haddad (SBN 205945)
markhadd@usc.edu
Part-time Lecturer in Law
USC Gould School of Law[**]
University of Southern California
699 Exposition Boulevard
Los Angeles, CA 90089
Telephone: +1 213 675-5957

Luis Cortes Romero (SBN 310852)
lcortes@ia-lc.com
Alma L. David (SBN 257676)
adavid@ia-lc.com
Immigrant Advocacy &
Litigation Center, PLLC
19309 68th Avenue South, Suite R-102
Kent, WA 98032
Telephone: +1 253 872-4730
Facsimile: +1 253 237-1591

[*]*Admitted pro hac vice*
[**] *Institution listed for identification purposes only*

The Court ordered the parties to file a joint status report (JSR) on or before January 4, 2021 to address the status of the case. On January 4, 2021, the parties jointly stipulated to advance that deadline to January 6, 2021, Dkt. 306, and that stipulation remains pending with the Court. The parties submit this joint status report in accordance with the Court's instruction.

On March 11, 2020, Defendant U.S. Department of Health and Human Services ("HHS") finalized a multimillion-dollar sole-source contract with Seneca Family of Agencies ("Seneca"), a qualified non-profit organization, for the purpose of implementing the preliminary injunction as to the Released Subclass. The initial contract between HHS and Seneca was set to terminate on January 10, 2021. On March 24, 2020, the Court granted the parties' stipulation staying this litigation—including pending discovery—through January 10, 2021. ECF No. 298.

As the parties have previously told the Court, the parties agree that the completion of the Seneca contract, along with the provision of relief to the Custody Subclass by Defendant the U.S. Department of Homeland Security ("DHS"), and its component U.S. Immigration and Customs Enforcement ("ICE"), is expected to fully implement the preliminary injunction and provide the relief ordered by the preliminary injunction to Detained Subclass members and Released Subclass members. *See* Joint Status Report, March 24, 2020, ECF No. 297 at 3. For that reason, the parties agreed that a stay of the litigation was warranted while relief was being provided by Seneca under the contract between HHS and Seneca. *Id.*

Defendants have submitted status reports providing updates on Defendants' progress in providing the injunctive relief to class members on May 22, July 21, September 21, and November 20, 2020. ECF Nos. 299, 301, 303, 305. As Defendants' reports indicate, relief is being provided to both subclasses consistent with the Court's

preliminary injunction. Although Defendants initially indicated that the provision of relief would likely be completed on or before January 10, 2021— the present termination date of the contract between HHS and Seneca—Seneca asserts that the process has been slowed by the COVID-19 pandemic. Due to the unforeseen circumstances of the COVID-19 pandemic, Seneca requested a six-month, zero-dollar extension of the contract with HHS in July 2020. On July 9, 2020, Plaintiffs informed Defendants by email that if the contract between HHS and Seneca was extended, Plaintiffs would agree to a further stay of the litigation for the length of the contract extension and on the terms of the initial stay. Defendants aver that the contract extension process has involved a lengthy administrative approval process within HHS. Defendants informed Plaintiffs on January 5, 2021 that the process has now been completed and the extension until July 10, 2021 was approved on January 5, 2021.

**I.     Plaintiffs' Position**

The Court has the right and obligation to ensure that its Preliminary Injunction is being properly implemented.  Plaintiffs' counsel too have an obligation to the class to ensure that the Preliminary Injunction is being implemented.  Most importantly, however, Plaintiffs believe that all parties – this Court, Plaintiffs, and Defendants – have a strong interest in ensuring that Plaintiffs receive the mental health care that they so desperately need.

Plaintiffs' counsel recently became aware that Seneca seemed to have received incomplete information from the Government that was hampering its work, that Seneca was requesting a further extension of the contract, and that despite significant efforts by Seneca, the ability to reach class members was being hampered by the COVID-19 pandemic.

On Monday December 28, 2020, Plaintiffs raised these issues to Defendants in an email requesting to meet and confer.[1]  At Defendants' request and to accommodate the Government's schedule, Plaintiffs and Defendants had a meet and confer conference on January 4, 2021.  During that conference, Plaintiffs do not believe they received the information necessary to fulfill their duties to the class or to enable the Court to ensure its Preliminary Injunction is being fully implemented.  Plaintiffs therefore believe a status conference is necessary so that this Court and Plaintiffs can receive information to ensure that the Preliminary Injunction is being fully implemented.

Plaintiffs understand that Seneca has had difficulty using what they understand to be often very incomplete information provided by the Government to contact class members.  Plaintiffs understand that the Government may have other sources of information that would be useful in contacting class members. The Government stated on the January 4, 2021 meet and confer call that some of this information has very recently (late December) been provided to Seneca, though it was apparently available to the Government earlier than that.  Plaintiffs are unclear if the information recently provided to Seneca is information that the Government had available and should have provided in January 2020, or at some point earlier than December 2020.

Plaintiffs were under the impression that the zero dollar contract extension between HHS and Seneca that had been requested last summer was a *fait accompli* in July 2020; Plaintiffs learned on December 28, 2020 that this was not the case and that the contract extension had still not been approved.  Plaintiffs learned late on January 5, 2021 that the contract extension, through July, was approved.  Plaintiffs also understand that Seneca

---

[1] Defendants' statement *infra* that Plaintiffs did not provide Defendants the seven day notice required by this Court's Order is consequently flatly false.

1  now estimates that due to the COVID pandemic it will need a further extension to reach

2  class members.

3  It is clear that there is great interest from class members in receiving the relief

4  mandated by this Court; once they are reached by Seneca, Plaintiffs understand that the

5  request rate of class members for services has been remarkably high.  Plaintiffs believe

6  that the appropriate way to ensure that this Court's order is being properly implemented

7  is for this Court to hold a status hearing where Seneca can explain the work it has done,

8  the specific information it has, the further information it needs, and the time it thinks it

9  will need to complete its outreach.  The Government at that time can also update the

10  Court on the status of Contract negotiations. Absent having this further information,

11  information that Plaintiffs would otherwise seek in discovery to ensure that the

12  Preliminary Injunction is being properly implemented, Plaintiffs cannot agree to a further

13  stay.

14  **II.  Defendants' Position**

15  Defendants do not agree that a status conference is necessary, and instead submit

16  that the Court should extend the existing stay of litigation until July 10, 2021.[2] Under the

17  contract, Seneca is responsible for locating the Released Subclass members in the United

18  States, notifying them of the availability of mental health assessment and treatment for

19  themselves and their separated children, and determining their interest in seeking mental

20  health services. For those interested in services, Seneca refers them to SAMHSA's

21  National Child Traumatic Stress Initiative clinics and HRSA's Federally Qualified Health

22  Centers for assessment and treatment. Obtaining approval for the six month contract

23

24  [2] Defendants note that Plaintiffs do not raise any issue with U.S. Immigration and Customs Enforcement

25  ("ICE")'s provision of the relief ordered by the preliminary injunction to Detained Subclass members. While the litigation is stayed, ICE continues the process of rescreening the Custody Subclass members and providing any necessary treatment.

26

27

28

extension requested by Seneca (the maximum allowed under the contract) required a lengthy administrative process due to the nature of the contract, but the extension has been approved and Seneca now has until July 10, 2021, to complete its obligations under the contract. To Defendants' knowledge, the parties remain in agreement—as they previously informed the Court—that the completion of the Seneca contract is expected to fully implement the preliminary injunction and provide the relief ordered by the preliminary injunction to Released Subclass members. There is therefore good reason for the Court to extend the stay of the litigation through July 10, 2021, to allow Seneca time to fulfill its obligations thereby allowing for full and complete implementation of the preliminary injunction in the manner previously agreed to by the parties.

Plaintiffs' positions above at best present an unfounded red-herring, and at worst, could improperly interfere with the government contract between HHS and Seneca. To start, Plaintiffs do not explain the basis for their purported concerns that Seneca "has had difficulty using what they understand to be often very incomplete information provided by the Government to contact class members." They repeatedly assert that it is "unclear" whether Seneca has the information it needs, that they "understand" that Seneca needs more information and that the government has information it should have provided but did not, and that they were "under the impression" that the contract extension should have been finalized sooner. However, they do not describe any factual details to explain how they arrived at these understandings and impressions, and thus the basis for their concerns is unclear.

Additionally, the contract between Seneca and HHS is not being overseen by this Court, but is relevant here only because the parties have already agreed that its fulfillment would fully implement the existing preliminary injunction. This Court should not be the forum for any complaints regarding alleged breaches of the contract or concerns about

performance under the contract; those claims are properly addressed between Seneca and HHS as parties to the contract. To the extent the contract impacts this litigation, both parties were familiar with the terms of the contract when they submitted to this Court their agreement that its performance would fully implement the preliminary injunction and that the litigation should be stayed while this performance was completed. Performance is ongoing as Seneca's contract has been extended until July 10, 2021. To the extent that Plaintiffs are now asking this Court to hold a hearing to determine whether there is any breach of contract or impediment to Seneca's ability to perform under the contract, Defendants submit that this would be improper and premature.[3] The better course is for the Court to extend the stay of the litigation through July 10, 2021 to allow Seneca time to fulfill its obligations under the contract.

To the extent that Plaintiffs are asserting that the Court's involvement is required for reasons unrelated to the contract between Seneca and HHS, they have not explained what those reasons are, and it is unclear what role they are asking the Court to play—or what they are asking the Court to decide—at the hearing they are requesting. The government submitted four status reports over the past year detailing the efforts to provide the injunctive relief to class members. Not once did Plaintiffs raise concerns to Defendants or to the Court about these reports, or about the manner in which Seneca was carrying out the ordered relief. Nonetheless, Plaintiffs now assert that the government's compliance reports that have been filed with this Court, the most recent of which was filed on November 20, 2020 (Dkt. No. 305), raise concerns as to whether the Court's

---

[3] Plaintiffs' assertion that they could seek information about Seneca's performance under the contract through discovery if the stay were lifted likewise is incorrect, because the contract is not the subject of this litigation, and such discovery would be outside the scope of Rule 26(b). In any event, Plaintiffs entirely fail to explain whether or how the information they assert that the government has failed to provide was required to be provided under the contract, and thus fail to establish any basis for this Court to believe a potential breach has occurred.

preliminary injunction is being fully implemented. None of Plaintiffs' assertions regarding alleged challenges faced by Seneca—raised for the first time more than a month after the most recent report was filed—are supported by, or consistent with, the reports that the government has submitted. Moreover, having already agreed that performance by Seneca of the contract between Seneca and HHS would constitute implementation of the preliminary injunction, and considering that fulfillment of the contract by Seneca remains ongoing, Plaintiffs fail to explain what violation of the Court's preliminary injunction they believe has occurred. In any event, if Plaintiffs seek the Court's intervention regarding Defendants' implementation of the Court's preliminary injunction, then the local rules require, and the Court's orders contemplate, that the parties should meet and confer at least seven days before bringing an issue to the court's attention – that process has not happened here.

Seneca's contract with HHS has been extended to July 10, 2021, and holding a hearing about Seneca's performance under the contract and the manner in which HHS and Seneca are working together under the contract potentially interferes with performance under the contract. Full performance is best achieved by allowing any issues to be resolved through discussions between HHS and Seneca as parties to the contract, and not by a collateral attack by Plaintiffs before this Court predicated on vague, unsupported allegations. For all of these reasons, Defendants submit that the best course of action is for the Court to extend the existing stay of litigation to July 10, 2021, and to allow Seneca to continue its work under the contract implementing the Court's preliminary injunction while raising with HHS any concerns that it may have. Defendants will continue to provide regular status reports to Plaintiffs and the Court every sixty (60) days until this process is completed, and once the third-party contract is fulfilled, and the government has thereby provided the injunctive relief ordered by the Court, the parties

will so-notify the Court and will jointly advise the Court on how they believe the litigation should proceed.

Dated: January 6, 2021                          Respectfully Submitted,

                                                Amy P. Lally
                                                Sidley Austin LLP

                                        By:     /s/ Amy P. Lally (with permission)
                                                AMY P. LALLY

                                                *Attorney for Plaintiffs*

Dated: January 6, 2021                          Respectfully Submitted

                                                JEFFREY BOSSERT CLARK
                                                Acting Assistant Attorney General
                                                JEFFREY S. ROBINS
                                                Deputy Director
                                                NICOLE N. MURLEY
                                                Senior Litigation Counsel

                                                */s/ Sarah B. Fabian*
                                                SARAH B. FABIAN
                                                Senior Litigation Counsel
                                                U.S. Department of Justice, Civil Division
                                                Office of Immigration Litigation
                                                District Court Section
                                                P.O. Box 868, Washington, DC 20044
                                                Telephone: (202) 532-4824
                                                Facsimile: (202) 616-8962
                                                Sarah.B.Fabian@usdoj.gov

                                                *Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>SIGNATURE ATTESTATION</u>

Pursuant to LR 5-4.3.4(a)(2)(i), I hereby attest that the concurrence in the filing of the document has been obtained from each of the other Signatories.

/s/ *Sarah B. Fabian*
Sarah B. Fabian

*Attorney for Defendants*

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED THAT:

I, Sarah B. Fabian, am a citizen of the United States and am at least eighteen years of age. My business address is 450 Fifth Street, NW, Washington, D.C. 20001. I have caused service of the Joint Status Report on all counsel of record, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice. I also served Plaintiffs' counsel by electronic mail. I declare under penalty of perjury that the foregoing is true and correct.

DATED: January 6, 2021

/s/ *Sarah B. Fabian*
Sarah B. Fabian