Amy P. Lally (SBN 198555)
alally@sidley.com
Ellyce R. Cooper (SBN 204453)
ecooper@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9500
Facsimile: +1 310 595 9501

Mark Rosenbaum (SBN 59940)
mrosenbaum@publiccounsel.org
Amanda Savage (SBN 325996)
asavage@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: +1 213 385 2977
Facsimile: +1 213 385 9089

Attorneys for Plaintiffs
*Additional Counsel on next page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. J.P., et al., | Case No. 2:18-cv-6081-JAK-SK |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| Merrick B. Garland, | Date: Mar. 25, 2024 |
| U.S. Attorney General, et al., | Time: 8:30 a.m. |
| Defendants. | Ctrm: 10B |
| | Location: First Street Courthouse |
| | 350 W. First Street |
| | Los Angeles, CA 90012 |
| | Judge: Hon. John A. Kronstadt |

Carter G. Phillips*
cphillips@sidley.com
Jennifer J. Clark*
jennifer.clark@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

Timothy G. Payne*
tpayne@sidley.com
SIDLEY AUSTIN LLP
Daniel C. Craig *
dcraig@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: +1 312 853 7000
Facsimile: +1 312 853 7036

Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

Mark E. Haddad (SBN 205945)
markhadd@usc.edu Part-time Lecturer in
Law
USC Gould School of Law**
University of Southern California
699 Exposition Boulevard
Los Angeles, CA 90089
Telephone: +1 213 675-5957

Luis Cortes Romero (SBN 310852)
lcortes@ia-lc.com
Alma L. David (SBN 257676)
adavid@ia-lc.com
Immigrant Advocacy &
Litigation Center, PLLC
19309 68th Avenue South, Suite R-102
Kent, WA 98032
Telephone: +1 253 872-4730
Facsimile: +1 253 237-1591

*Admitted pro hac vice
** Institution listed for identification
purposes only

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 25, 2024, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable John A. Kronstadt, United States District Court Judge, in Courtroom 10B of the United States District Court, Central District of California, located at the First Street Courthouse, 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012, Plaintiffs will and hereby do respectfully move the Court for an order awarding the Plaintiffs reasonable attorneys' fees, expenses, and costs totaling $1,288,527.35 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), payable to Plaintiffs' counsel.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Declarations of Amy P. Lally and Mark Rosenbaum, the exhibits attached thereto, and the complete files and records in this action.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on Feb. 5, 2024. Subsequent to that conference, Defendant's counsel informed Plaintiff's counsel that they intent to oppose Plaintiff's motion.

Date:  February 16, 2024

Respectfully submitted,


By:_/s/  Amy P. Lally_____
SIDLEY AUSTIN LLP

Mark Rosenbaum (SBN 59940)
PUBLIC COUNSEL

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................... 1

II.    STATEMENT OF FACTS ......................................................................... 1

III.    PLAINTIFFS MEET EAJA REQUIREMENTS FOR A FEE AWARD ........... 3

    A.    Plaintiffs' Motion Is Timely .......................................................... 3

    B.    Plaintiffs Are "Prevailing Parties" And Meet EAJA's Net Worth
        Requirements................................................................................... 4

    C.    The Government's Positions Were Not Substantially Justified And No
        Special Circumstances Render A Fee Award Unjust ................................ 5

IV.    THE AMOUNT OF FEES SOUGHT IS REASONABLE ................................ 7

    A.    The Number of Hours Claimed Is Reasonable .......................................... 8

    B.    The Rate Claimed Is Reasonable ................................................... 9

        1.    Compensation Is Warranted Above the EAJA Statutory Hourly
               Rate For Attorneys Whose Special Expertise and Experience Was
               Needed In The Litigation .............................................................. 9

        2.    Plaintiffs' Counsel Have Distinctive Knowledge of Skill ............. 10

        3.    Specialized Knowledge Was Required for This Litigation ........... 12

        4.    Attorneys With Counsel's Specialized Knowledge and Skill Are
               Not Available At Statutory EAJA Rates ........................................ 12

        5.    The EAJA Statutory Hourly Rate Should Be Adjusted for Inflation
               .................................................................................................... 13

        6.    Plaintiffs Are Entitled To Reimbursement For Costs And Out-Of-
               Pocket Expenses .......................................................................... 14

V.    CONCLUSION ........................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abela v. Gustafson*,
   888 F.2d 1258 (9th Cir. 1989) ............................................................................7

*In re Application of Mgndichian*,
   312 F. Supp. 2d 1250 (C.D. Cal. 2003) ............................................................14

*Arroyo v. United States Dep't of Homeland Sec.*,
   No. SA-CV-19-815-JGB-SHKX, 2020 WL 1228665 (C.D. Cal. Jan.
   2, 2020) ...............................................................................................................6

*Bair v. California Dep't of Transp.*,
   No. C-14-03422-WHA, 2015 WL 1516913 (N. D. Cal. Mar. 31, 2015) .............4

*Bravo-Castillo v. Barr*,
   No. 20:00605 (C.D. Cal. Mar 25, 2020) ...........................................................12

*C.J.L.G. v. Barr*,
   No. 16-73801 (9th Cir. Dec 1, 2016) ................................................................11

*Californians for Alternatives to Toxics, Wilderness Watch v. Troyer*,
   No. CIV. S-05-1633-FCD-KJM, 2006 WL 2346324 (E.D. Cal. Aug.
   11, 2006) .............................................................................................................6

*Carbonell v. Immigration & Naturalization Serv.*,
   429 F.3d 894 (9th Cir. 2005) .............................................................................5

*Comm'r, Immigration & Naturalization Serv. v. Jean*,
   496 U.S. 154 (1990) ...........................................................................................4

*Dep't of Homeland Sec. v. Regents of the Univ. of California*,
   140 S. Ct. 1891 (2020) .......................................................................................7

*DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*,
   489 U.S. 189 (1989) .........................................................................................12

*Estelle v. Gamble*,
   *429 U.S. 97* (1976) ..........................................................................................12

*F.L.B. (formerly J. E. F.M.) v. Sessions*
   No. 15-35738 (9th Cir. Sep 17, 2015) ................................................. 11

*Fang v. Gonzales,*
   No. 03-71352, 2006 WL 5669901 (9th Cir. Oct. 30, 2006) .............................. 10

*Franco-Gonzalez v. Holder*,
   No. 10-2211 (C.D. Cal. Mar 26, 2010) .............................................. 11

*Gregorio T. v. Wilson*,
   131 F.3d 1297 (9th Cir. 1997) ...................................................... 11

*Gutierrez v. Barnhart*,
   274 F.3d 1255 (9th Cir. 2001) ....................................................... 6

*Henry A. v. Willden*,
   678 F.3d 991 (9th Cir. 2012) ........................................................ 12

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)............................................................... 7, 8, 9

*Hernandez v. Garland*,
   No. ED-CV-16-620-JGB-KKX, 2022 WL 1176752 (C.D. Cal. Mar. 28, 2022) ..................................................................... 7

*Herrington v. Cnty. of Sonoma*,
   883 F.2d 739 (9th Cir. 1989) ......................................................... 7

*Int'l Woodworkers of Am., AFL-CIO, Loc. 3-98 v. Donovan*,
   792 F.2d 762 (9th Cir. 1985), *amended*, 792 F.2d 762 (9th Cir. 1986) .............. 15

*Int'l Refugee Assistance Project v. Kelly*,
   No. 17-01761 ................................................................. 10, 11

*Li v. Keisler*,
   505 F.3d 913 (9th Cir. 2007) ......................................................... 4

*Martinez v. Nygaard*,
   831 F.2d 822 (9th Cir. 1987) ........................................................ 11

*Meier v. Colvin*,
   727 F.3d 867 (9th Cir. 2013) ......................................................... 4

iii

*Meinhold v. U.S. Dep't of Def.*,
   123 F.3d 1275 (9th Cir. 1997) ................................................................... 6

*Ms. L., et al. v. ICE, et al*,
   Case No. 18-cv-428 (S.D. Cal.) ........................................................... 1, 3

*Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*,
   No. 19-70115, 2023 WL 7017704 (9th Cir. Mar. 1, 2023) ............................ 15

*Orantes-Hernandez v. Holder*,
   713 F. Supp. 2d 929 (C.D. Cal. 2010) ............................................... 9, 10

*Perez-Funez v. I.N.S.*,
   619 F.Supp. 656 (C.D. Cal. 1985) ........................................................ 11

*Pierce v. Underwood*,
   487 U.S. 552 (1988) ........................................................................... 6, 9

*Pirus v. Bowen*,
   869 F.2d 536 (9th Cir. 1989) ................................................................... 9

*Ramon-Sepulveda v. I.N.S.*,
   863 F .2d 1458 (9th Cir. 1988) ............................................................... 11

*Richard S. v. Dept. of Dev. Services of State of Cal.*,
   317 F.3d 1080 (9th Cir. 2003) ................................................................. 5

*Richlin Sec. Serv. Co. v. Chertoff*,
   553 U.S. 571 (2008) ............................................................................. 14

*Thangaraja v. Gonzales*,
   428 F.3d 870 (9th Cir. 2005) ................................................................. 13

*Trump v. Hawaii*,
   138 S. Ct. 2392 (2018) ........................................................................... 7

*Wakefield v. Thompson*,
   177 F. 3d 1160 (9th Cir. 1999) ............................................................... 12

*Watson v. County of Riverside*,
   300 F.3d 1092, 1096 (9th Cir. 2002) ........................................................ 5

*Webb v. Bd. of Educ.*,
   471 U.S. 234 (1985) ............................................................................... 7

iv

*Wood v. Burwell*,
   837 F.3d 969 (9th Cir. 2016) ..................................................................... 4

**Statutes**

28 U.S.C. §§ 1920, 2412(a)(1) .................................................................... 14

28 U.S.C. § 2412 ............................................................................................ 3

28 U.S.C. § 2412(a)(1), (d)(1)(A) ............................................................... 14

28 U.S.C. § 2412(b) ........................................................................................ 1

28 U.S.C. § 2412(d)(1)(A) .......................................................................... 4, 5

28 U.S.C § 2412(d)(1)(B) ........................................................................... 4, 8

28 U.S.C. § 2412(d)(2)(A) ......................................................................... 7, 13

28 U.S.C. § 2412(d)(2)(A)(11) ...................................................................... 9

42 U.S.C. § 1988 ............................................................................................. 5

Equal Access to Justice Act ("EAJA") ........................................... 1, 1, 3, 12

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) ........................................... 3

**Other Authorities**

Seneca Family of Agencies, *Todo Por Mi Familia*,
   https://senecafoa.org/todopormifamilia/ (last visited January 4, 2024) ............. 5

Social Security, Cost-of-Living Adjustment (COLA Information for
   2024), https://www.ssa.gov/cola/ (last visited Feb 2, 2024) .............................. 13

Statutory Maximum Rates Under the Equal Access to Justice Act,
   UNITED STATES COURTS FOR THE NINTH CIRCUIT,
   https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/
   (last visited Dec. 26, 2023) ........................................................................... 13

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    INTRODUCTION

In this action, Plaintiffs fought a years-long lawsuit to achieve justice and remedial services on behalf of thousands of traumatized children and parents who were separated and detained at the U.S. border. Each of the three named plaintiffs, mothers seeking asylum in the United States, were wrongfully separated from their minor children upon being detained in the U.S. Plaintiffs fought the family separation policy through significant and extensive briefing, prevailing on a motion for preliminary injunction and a motion for class certification, and prevailing in opposition to Defendants' motion to dismiss.

These efforts achieved an excellent result for Plaintiffs and the certified class. The preliminary injunction ordered the federal government to provide mental health screenings and treatment to thousands of immigrant families separated by the Zero Tolerance policy. This matter has ultimately been resolved by the Settlement Agreement that was granted final approval in the parallel *Ms. L.* case, representing the same class of individuals as the instant litigation. The parties accordingly stipulated to dismissal of this case with prejudice. Pursuant to the Equal Access to Justice Act ("EAJA"), Plaintiffs are entitled to reasonable attorneys' fees and costs, which are reasonable in light of the nature of the litigation and the relief obtained. Plaintiffs meet each of the requirements for an award under EAJA as the prevailing party in this litigation, and the government cannot carry its burden of showing that its positions were substantially justified or that any special circumstances make an EAJA award unjust.

### II.    STATEMENT OF FACTS

A cross-organization coalition of Plaintiffs initiated this lawsuit against the U.S. government on July 12, 2018, to remedy constitutional violations and address the severe harm inflicted by the federal government's policy of separating parents from

their minor children, and maintaining parents and children in separate detention facilities without access to one another. ECF No. 1. Shortly thereafter, Plaintiffs engaged in extensive briefing. First, Plaintiffs filed a motion for preliminary injunction on July 18, 2018, seeking an order to compel the federal government to provide mental health screenings and treatment to separated immigrant families that endured trauma as a result of the family separation policy. ECF No. 45. Then, Plaintiffs filed a motion for class certification on July 27, 2018. ECF No. 81. Defendants opposed both motions, and filed a motion to dismiss. ECF Nos. 109, 110, 132.[1]

Plaintiffs' counsel achieved significant early victories at the outset of this case. On November 5, 2019, the Court granted in part Plaintiffs' motions for class certification and a preliminary injunction, and denied Defendants' motion to dismiss. Specifically, the Court certified a class consisting of "[a]ll adult parents nationwide who entered the United States at or between designated ports of entry, who (1) on or after July 1, 2017, were, are, or will be detained in immigration custody by DHS; and (2) have a minor child who has been, is, or will be separated from them by DHS and detained in DHS or Office of Refugee Resettlement custody or foster care, absent a demonstration in a hearing that the parent is unfit or presents a danger to the child," as well as a custody subclass. ECF No. 251 at p. 29. The Court found that Plaintiffs demonstrated a substantial likelihood of success on the merits as to their due process claim on Plaintiffs' motion for preliminary injunction, and ordered Defendants to make available medically appropriate initial mental health screenings, diagnoses, and treatment by qualified professionals. *Id.* at p. 42, 45-46. In the same order, the Court denied Defendants' motion to dismiss. *Id.* at p. 49.

---

[1] The parties also engaged in settlement discussions while the three motions were pending, beginning in January 2019. ECF No. 177. After six months of extended settlement negotiations from March 2019 until September 2019, at which point the parties reached a fully negotiated and documented settlement agreement, the presidential administration at the time refused to allow the agreement to be signed and finalized. ECF Nos. 187, 191-192, 204, 210, 219, 221-222, 230, and 234; Lally Decl. ¶ 3.

1   Following the Court's November 5, 2019 order, fact discovery resumed, and

2   Defendants finalized a contract to hire Seneca Family of Agencies ("Seneca"), a third-

3   party non-profit organization, to implement the relief awarded by the preliminary

4   injunction. ECF No. 297 at p. 5-6. While that relief was being implemented, the

5   parties agreed to stay further litigation in March 2020. ECF No. 298.

6   In tandem with this litigation, another litigation, *Ms. L., et al. v. ICE, et al*, Case

7   No. 18-cv-428 (S.D. Cal.), represented the same class of individuals and proceeded in

8   the Southern District of California against the federal government, seeking to end the

9   family separation policy and require the federal government to reunite separated

10  families. Over the past two years, the parties in the *Ms. L.* case negotiated a settlement

11  agreement with the federal defendants, with a joint motion for preliminary approval of

12  the settlement on October 16, 2023. *Ms. L, et al. v. ICE, et al.*, ECF No. 711. That

13  settlement received final approval and that court certified the settlement classes on

14  December 11, 2023, which requires the government to continue to identify families

15  that were separated, fund their unification in the U.S., provide those families with an

16  opportunity to secure asylum, and provide benefits including behavioral health

17  services, certain medical services, immigration legal services, and housing. *Id.*, ECF

18  Nos. 711-1 and 727. The parties in this case agreed to file a stipulation for dismissal

19  under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) upon final approval of the *Ms.*

20  *L.* settlement agreement with Plaintiffs reserving the right to file a motion for

21  attorneys' fees and costs. ECF No. 334. The stipulation for dismissal was filed on

22  December 22, 2023. ECF No. 337.

23  **III.   PLAINTIFFS MEET EAJA REQUIREMENTS FOR A FEE AWARD**

24      **A.   Plaintiffs' Motion Is Timely**

25  Plaintiffs are entitled to an award of reasonable attorneys' fees and costs

26  pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which

27  authorizes attorneys' fees and costs incurred by a party in a civil action against the

28  United States, unless the position of the United States was "substantially justified" or

special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *see also Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The purpose of the EAJA is to increase access to federal courts by eliminating the deterrent effect of litigation expenses incurred when challenging unlawful government actions. *See Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 163 (1990); *see also id.* at 163 n.11.

A party seeking attorneys' fees pursuant to the EAJA must apply within 30 days of a final and unappealable judgement in the action in which that party prevails. 28 U.S.C § 2412(d)(1)(B). In this case, the Court's Order approving the parties' Stipulation of Dismissal with prejudice was issued on January 17, 2024. *Id.* § 2412(d)(1); ECF No. 338; *see Bair v. California Dep't of Transp.*, No. C-14-03422-WHA, 2015 WL 1516913, at *2 (N. D. Cal. Mar. 31, 2015).

**B.    Plaintiffs Are "Prevailing Parties" And Meet EAJA's Net Worth Requirements**

Plaintiffs are eligible parties under EAJA as private individuals whose net worth has never exceeded $2,000,000. *Id.* § 2412(d)(2); *see* Declaration of Mark Rosenbaum ("Rosenbaum Decl."), ¶ 13. An award of attorney's fees and costs is appropriate in this litigation because Plaintiffs are prevailing parties as a result of the court-ordered preliminary injunction and the position of the U.S. government in defending the family separation policy was not substantially justified, nor are there any special circumstances that would make an EAJA award unjust.

Prevailing party status requires a material alteration of the legal relationship between the parties that was judicially sanctioned, *i.e.*, the prevailing party has been awarded some relief by a court. *See Wood v. Burwell*, 837 F.3d 969, 973 (9th Cir. 2016) (quoting *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016)); *see also Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007) ("[T]he petitioner's success in obtaining the desired relief from the federal court is critical to establishing prevailing

party status under *Buckhannon*, regardless of whether the federal court's order addressed the merits of the underlying case."). There can be no doubt that Plaintiffs are a prevailing party based on their success in securing a preliminary injunction, which is significant court-ordered relief that accomplished one of the main purposes of this litigation, to provide mental health services and treatment to parents and children separated at the U.S. border. *See supra* Section II, Statement of Facts; *see Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) (holding that the plaintiff was considered a "prevailing party" pursuant to 42 U.S.C. § 1988 since he had a "judicial *imprimatur* " by successfully obtaining a preliminary injunction); *see also Richard S. v. Dept. of Dev. Services of State of Cal.*, 317 F.3d 1080, 1089 (9th Cir. 2003) (ruling that the district court erred when it denied the plaintiffs prevailing party status based on their success in obtaining a preliminary injunction). Further, the injunction has provided widespread relief, as Seneca reported that 1,296 individuals received behavioral health services and 735 families received case management services since the contract was awarded and the program was launched over two years ago. *See* Seneca Family of Agencies, *Todo Por Mi Familia*, https://senecafoa.org/todopormifamilia/ (last visited January 4, 2024). This standard is plainly met. *See Carbonell v. Immigration & Naturalization Serv.*, 429 F.3d 894, 900 n.5 (9th Cir. 2005) ("[A] plaintiff prevails if [s]he 'has succeeded on any significant issue in litigation which achieved some of the benefit [she] sought in bringing suit.'").

### C. The Government's Positions Were Not Substantially Justified And No Special Circumstances Render A Fee Award Unjust

Defendants cannot meet their burden of demonstrating that their positions were substantially justified, or that any special circumstances would make an EAJA award unjust in this case. 28 U.S.C. § 2412(d)(1)(A). The federal government bears the burden of showing that both the agency misconduct giving rise to the litigation and its legal positions were substantially justified, meaning that its position was "justified in

1  substance or in the main—that is, justified to a degree that could satisfy a reasonable

2  person." *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation

3  marks omitted) (The government's position must have a "reasonable basis both in law

4  and fact"); *see also Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

5  Defendants cannot meet such burdens. The government's issuance of the Zero

6  Tolerance policy was not substantially justified, nor were its arguments defending it.

7  As to the former, there can be no substantial justification for the government

8  misconduct that led to this litigation: the cruel practice of forcibly separating families

9  at the U.S. border under the Trump administration Zero Tolerance policy and

10 inflicting lasting trauma on parents and children, and the government's failure to

11 provide sufficient mental health and trauma services to families that were forcibly

12 separated pursuant to the policy. *See supra* Section II; *see also Arroyo v. United States*

13 *Dep't of Homeland Sec.*, No. SA-CV-19-815-JGB-SHKX, 2020 WL 1228665, at *4

14 (C.D. Cal. Jan. 2, 2020) (underlying acts were not substantially justified where those

15 actions "contravened clearly established law and norms"). Defendants' actions, which

16 more likely than not violated constitutional due process requirements, cannot be

17 substantially justified. *See Meinhold v. U.S. Dep't of Def.*, 123 F.3d 1275, 1278 (9th

18 Cir. 1997) ("If the government's position violates the Constitution, a statute, or its own

19 regulations, a finding that the government was substantially justified would be an

20 abuse of discretion.").

21      Furthermore, the government's litigation position is also not reasonable or

22 substantially justified. This Court found that Plaintiffs established a likelihood of

23 success on the merits of their constitutional claims, and granted Plaintiffs' motion for

24 preliminary injunction. ECF No. 251 at p. 36-45. Other courts have found such

25 circumstances relevant to whether Defendants' litigation position was substantially

26 justified. *See Californians for Alternatives to Toxics, Wilderness Watch v. Troyer*, No.

27 CIV. S-05-1633-FCD-KJM, 2006 WL 2346324, at *4 n. 3 (E.D. Cal. Aug. 11, 2006)

28 (finding the government's position was not substantially justified "in light of the

court's final decisions to grant a TRO and PI to plaintiffs"); *see also Hernandez v. Garland*, No. ED-CV-16-620-JGB-KKX, 2022 WL 1176752, at *8 (C.D. Cal. Mar. 28, 2022). Lastly, the government did not appeal any of this Court's rulings on Defendant's motion to dismiss or Plaintiffs' motions for class certification and preliminary injunction, implicitly recognizing that the government's litigation positions for such motions were not well grounded in law.[2]

The government also cannot meet its burden to prove any special circumstances that would make an EAJA fee award unjust in this matter. *See, e.g., Abela v. Gustafson*, 888 F.2d 1258, 1266 (9th Cir. 1989); *see also Herrington v. Cnty. of Sonoma*, 883 F.2d 739, 744 (9th Cir. 1989) (to meet the government's burden of showing special circumstances warranting a denial of fees, "[their] showing must be a strong one."). Plaintiffs, in short, are entitled to a fee award for all phases of their work on this case since initiating the lawsuit.

## IV.    THE AMOUNT OF FEES SOUGHT IS REASONABLE

The EAJA enables prevailing parties to recover "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). Statutes like EAJA compensate for time that is "reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). That includes the time spent preparing for litigation, such as drafting the initial pleadings and developing the theory of the case. *See Webb v. Bd. of Educ.*, 471 U.S. 234, 242 (1985). "[T]he 'most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.' *Hensley*, 461 U.S. at 433. A petitioning party must submit an itemized statement that provides the actual time expended and the rate at which fees

---

[2] The government's decision not to appeal this Court's rulings is particularly noteworthy as the federal government appealed multiple cases concerning the Trump administration's immigration policies up to the Supreme Court. *See Trump v. Hawaii*, 138 S. Ct. 2392 (2018) (challenging Presidential Proclamation indefinitely barring entry by nationals from six predominantly Muslim countries); *see also Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020) (challenging rescission of the Deferred Action for Childhood Arrivals program for certain unauthorized aliens who had entered the U.S. as children).

and other expenses were computed. *Id.* § 2412(d)(1)(B).

Plaintiffs request a total of $1,288,527.35 in reasonable attorneys' fees and costs under the EAJA. As explained in greater detail below and in the accompanying attached declarations, Plaintiffs request to recover $1,188,394.22 in fees for 5,149.15 hours of attorney and legal professional time, and $100,133.13 in other recoverable costs.

### A.    The Number of Hours Claimed Is Reasonable

Plaintiffs' counsel should be compensated for all hours claimed in the supporting declarations and billing records. The hours are well documented, based on contemporaneous and detailed time records for each attorney for whom fees are sought. *See Hensley*, 461 U.S. at 437-38; Declaration of Amy P. Lally ("Lally Decl."), Ex. A; Rosenbaum Decl., Ex. A. Further, the hours claimed are justified. Where "a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. Plaintiffs' counsel expended a reasonable amount of time on the matter considering the complex nature of litigating a class action lawsuit against a government agency that defended its policy. This required significant time-consuming work. Specifically, the representation required: (i) working with Plaintiffs to assess the merits of a potential class action; (ii) researching and defining the contours of the prospective class; (iii) researching complex concepts of constitutional law; (iv) drafting a Complaint, motion for a preliminary injunction, motion for class certification, and opposition to a motion to dismiss; and (v) beginning discovery until this case was stayed in March 2020. *See supra* Statement of Facts. Plaintiffs also spent significant time negotiating a settlement agreement through several mediation sessions with Defendants over the course of six months, to arrive at a fully negotiated and documented settlement agreement, only to learn that these settlement efforts were futile when the then-administration refused to allow the settlement agreement to be signed. ECF Nos. 187, 191-192, 204, 210, 219, 221-222,

230, and 234; Lally Decl. ¶ 3.

Counsel's successful *pro bono* representation of the class—who could not otherwise afford an attorney—weighs in favor of a full award of fees. *See Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). Plaintiffs achieved an excellent result in this case, securing a comprehensive preliminary injunction that provides services and concrete benefits to families forcibly torn apart by the family separation policy for two certified subclasses. *See supra* Statement of Facts.

### B.    The Rate Claimed Is Reasonable

#### 1.    Compensation Is Warranted Above the EAJA Statutory Hourly Rate For Attorneys Whose Special Expertise and Experience Was Needed In The Litigation

Although the EAJA generally authorizes fees not to exceed $125 per hour adjusted for inflation, a court may award fees at a higher rate where "a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(11). Applying this provision, the Supreme Court has held that the statutory rate may properly be increased in a case where there is a limited availability of "attorneys having some distinctive knowledge of foreign law or language." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). The statutory cap may be exceeded on these grounds if the attorney has a distinctive knowledge or specialized skill, such knowledge and skills were necessary for the litigation, and an attorney with similar knowledge and skills could not have been obtained at the statutory rate. *See Pirus v. Bowen*, 869 F.2d 536, 541-2 (9th Cir. 1989).

The Ninth Circuit recognizes that attorneys may demonstrate "distinctive knowledge and specialized skill in immigration law and, in particular, constitutional immigration law and litigation involving the rights of detained immigrants." *Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929, 960–61 (C.D. Cal. 2010) (awarding fees at

market rates under EAJA to attorneys, including one of the attorneys claiming fees under this application, possessing specialized immigration law expertise, where such expertise was necessary to the litigation); *see also Int'l Refugee Assistance Project v. Kelly,* No. 17-01761, EFC. 88 (C.D. Cal. Jul 27, 2017) (same); *see also Fang v. Gonzales*, No. 03-71352, 2006 WL 5669901, *3 (9th Cir. Oct. 30, 2006) (awarding fees at market rates under EAJA where counsel had specialized skills and distinctive knowledge of immigration law).

## 2.   Plaintiffs' Counsel Have Distinctive Knowledge of Skill

Plaintiffs' counsel in this litigation, Mark Rosenbaum and Talia Inlender possess distinctive knowledge and expertise in immigration law and immigrants' rights litigation. Because of this expertise, two of the attorneys claiming fees under this application—Mark D. Rosenbaum and Talia Inlender—were previously awarded fees under the EAJA at market rates by the Ninth Circuit. *See Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929, 960–61 (C.D. Cal. 2010) (awarding enhanced fees for Mark D. Rosenbaum's specialized skill and knowledge); Rosenbaum Decl., ¶ 4; *Int'l Refugee Assistance Project v. Kelly,* No. 17-01761, EFC. 88 (C.D. Cal. Jul 27, 2017) (awarding enhanced fees for Talia Inlender's specialized skill and knowledge); Declaration of Talia Inlender ("Inlender Decl.") ¶ 4.

Plaintiff's lead counsel, Mark Rosenbaum, has acquired 50 years' experience in in complex civil rights litigation and has acquired extensive expertise in the nuances of constitutional immigration law. He serves as Public Counsel's Senior Special Counsel for Strategic Litigation and spent over four decades with the American Civil Liberties Union (ACLU) of Southern California, most recently as Chief Counsel. Rosenbaum Decl. ¶ 2. argued four times before the United States Supreme Court, more than 25 before the Ninth and Sixth Circuit federal Courts of Appeal, three before the California Supreme Court and before the United States Court of Military Appeals. *Id.* He has been either principal counsel or co-counsel in landmark civil rights cases,

1   including those related to immigrants' rights. *See e.g.*, *Orantes-Hernandez suit: e.g.*,

2   *Gregorio T. v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) (striking down Proposition 187;

3   awarded fees at market rates under EAJA); *Perez-Funez v. I.N.S.*, 619 F.Supp. 656

4   (C.D. Cal. 1985) (rights of children arrested by INS to notification of rights and access

5   to counsel); *Martinez v. Nygaard*, 831 F.2d 822 (9th Cir. 1987) (4th Amendments

6   rights in INS factory raids); *Ramon-Sepulveda v. I.N.S.*, 863 F .2d 1458 (9th Cir.

7   1988) (due process rights in immigration hearings). Rosenbaum Decl. ¶ 4.  Moreover,

8   he brings unique experience to this litigation, having extensive knowledge of

9   processing and detention practices, which played an important role in plaintiffs'

10  successful litigation in the present matter.  *See* Rosenbaum Decl. ¶ 5.

11      Plaintiff's co-counsel, Talia Inlender, is one of the nation's leading immigration

12  lawyers and an expert on the rights of people incarcerated by immigration authorities.

13  Talia Inlender presently serves as the Deputy Director of the Center for Immigration

14  Law and Policy ("CILP"), at UCLA School of Law, which is a hub for immigration

15  legal scholarship and advocacy. In her role on the inaugural senior leadership team,

16  she develops CILP's strategic vision for advocacy and litigation and plays a key role

17  in overseeing research, advocacy, and litigation related to immigrants' rights. During

18  the present litigation, Talia Inlender served as a Supervising Senior Staff Attorney in

19  Public Counsel's Immigrants' Rights Project, which provides legal services for low-

20  income immigrants. Talia Inlender has successfully litigated a number of immigrants'

21  civil rights cases over the course of her career. *See e.g.*, *Franco-Gonzalez v. Holder*,

22  No. 10-2211 (C.D. Cal. Mar 26, 2010) (establishing a right to government-appointed

23  counsel for detained immigrants with severe mental disabilities in California, Arizona,

24  and Washington); *F.L.B. (formerly J. E. F.M.) v. Sessions* No. 15-35738 (9th Cir. Sep

25  17, 2015) (seeking to vindicate the right to appointed counsel for children in

26  immigration proceedings); *C.J.L.G. v. Barr*, No. 16-73801 (9th Cir. Dec 1, 2016)

27  (same);  *Int'l Refugee Assistance Project v. Kelly,* No. 17-01761 (C.D. Cal. Mar 4,

28  2017) (challenging the detention of an Afghan family following the Trump

11

Administration's Muslim Ban; awarded enhanced fees for distinctive knowledge and specialized skill under the Equal Access to Justice Act); and *Bravo-Castillo v. Barr*, No. 20:00605 (C.D. Cal. Mar 25, 2020) (challenging the detention of community members arrested in ICE raid during the COVID-19 public health emergency).

### 3.    Specialized Knowledge Was Required for This Litigation

This litigation required counsel with distinctive knowledge and experience  in immigration law, immigration processing and enforcement procedures, and immigrants' rights litigation—particularly with respect to the niche practice of class action lawsuits involving immigrants' rights. In the course of this litigation, Plaintiffs' also raised several legal arguments requiring specialized knowledge of detainees' substantive due process rights under the Fifth Amendment and Eight Amendment— particularly as those rights relate a detainee's right to adequate medical care both during and for a reasonable time after detention. *See Wakefield v. Thompson*, 177 F. 3d 1160, 1164-65 (9th Cir. 1999); *Henry A. v. Willden*, 678 F.3d 991, 1000 (9th Cir. 2012); see also *Estelle v. Gamble, 429 U.S. 97*, 104 (1976); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989)).

The litigation also required extensive understanding of immigration detention policies and practices. This experience permitted plaintiff's counsel to investigate problems in the field, review and understand discovery information, and present evidence to the Court to counter the government's claims that their policies, and guidelines eliminated the need for the injunction's provisions regarding processing and detention conditions. The experience also permitted plaintiff's counsel to successfully oppose Plaintiff's motion to dismiss Plaintiff's claims and reach a favorable settlement for class members.

### 4.    Attorneys With Counsel's Specialized Knowledge and Skill Are Not Available At Statutory EAJA Rates

The attached declarations from experienced immigration attorneys and civil rights litigators establish that attorneys with the specialized knowledge possessed by

Plaintiffs' counsel and needed in this litigation are not available at the EAJA statutory rate. They also establish that the rates plaintiffs are seeking —$1,170 per hour for an attorney of Mark Rosenbaum's expertise and $795 per hour for an attorney of Talia Inlender's expertise are at or below the prevailing market rates at which attorneys with such specialized expertise are available. *See* A. Lai Decl.; M. Rosenbaum Decl.; T. Inlender Decl.

### 5. The EAJA Statutory Hourly Rate Should Be Adjusted for Inflation

Plaintiffs seek reimbursement of hourly rates in accord with the EAJA for the remainder of plaintiffs' counsel, and for paralegals and other personnel for whom compensation is sought. EAJA provides for the following statutory maximum hourly rates throughout the lifespan of this litigation, adjusted for increases in cost of living:[3]

| Time Period | Hourly Rate |
|-------------|-------------|
| 2018 | $201.60 |
| 2019 | $205.25 |
| 2020 | $207.78 |
| 2021 | $217.54 |
| 2022 | $234.95 |
| 2023 | $244.62 |
| 2024 | $252.46 |

The hourly rates claimed are eminently reasonable. Each of the attorneys in this case had a market rate well over the applicable EAJA hourly rate based on counsel's actual billing rates. For Class Counsel from Sidley Austin LLP, these hourly rates represent a substantial reduction over the billing rates used in non-*pro bono* matters. Lally Decl., ¶ 4. The EAJA rates also represent a substantial reduction for every lawyer who worked on this matter from Public Counsel. Rosenbaum Decl., ¶ 3. Work

---

[3] 28 U.S.C. § 2412(d)(2)(A); *Statutory Maximum Rates Under the Equal Access to Justice Act*, UNITED STATES COURTS FOR THE NINTH CIRCUIT, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Dec. 26, 2023); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Given that rates for 2024 have not been published, the 2024 rate considers a cost of living adjustment of 3.2% in accordance with Federal cost of living information published for 2024. Social Security, Cost-of-Living Adjustment (COLA Information for 2024), https://www.ssa.gov/cola/ (last visited Feb 2, 2024).

performed by paralegals, law clerks, and law students is also recoverable under the EAJA at the prevailing market rate. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 577-578 (2008); *see In re Application of Mgndichian*, 312 F. Supp. 2d 1250, 1266 (C.D. Cal. 2003). Plaintiffs' application for fees is based on these standardized rates and Plaintiffs do not seek further increases in rates due to specialized knowledge.

Attorney's fees for Sidley Austin at the applicable EAJA hourly rates amount to $818,400.20, for a total of 3,878.6 hours worked by attorneys, paralegals, and legal support professionals. Lally Decl., Ex. A. Fees for Public Counsel at the applicable hourly rates amount to $3878.60 for a total of 1,270.55 hours worked.[4]

The Court should find that this bottom-line figure is reasonable, particularly given the complex nature of this class action litigation and Plaintiffs' significant victory in the form of a preliminary injunction.

| Firm/Program | Fees |
|---|---|
| Sidley Austin | $818,400.20 (Lally Decl., Ex. A) |
| Public Counsel | $369,994.02 (Rosenbaum Decl., Ex. A) |
| **Total Fees** | $1,288,527.35 |

### 6.    Plaintiffs Are Entitled To Reimbursement For Costs And Out-Of-Pocket Expenses

The EAJA also authorizes an award of "costs" pursuant to 28 U.S.C. §§ 1920, 2412(a)(1), as well as "other expenses." 28 U.S.C. § 2412(a)(1), (d)(1)(A). As itemized and described in the Lally Declaration, Plaintiffs seek a total of $100,133.13 in costs and expenses incurred throughout this litigation, including filing fees, docket and search fees, document preparation service, postage and delivery service, data hosting, computerized legal research, audio and video conferencing services, copying, and travel and meal expenses. Lally Decl., Ex. A. Sidley Austin maintains supporting documentation for such expenses, which were tabulated throughout the course of the

---

[4] Plaintiffs reserve the right to seek additional fees and costs associated with negotiating and litigating the present motion for fees.

litigation. *Id.*, ¶ 7. All such expenses are routinely billed to clients and are recoverable under the EAJA. *See Int'l Woodworkers of Am., AFL-CIO, Loc. 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985), *amended*, 792 F.2d 762 (9th Cir. 1986); *see also Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*, No. 19-70115, 2023 WL 7017704, at *8 (9th Cir. Mar. 1, 2023).

## V.    CONCLUSION

For each of the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' motion for attorneys' fees and costs in the amount of $1,188,394.22 in fees, and $100,133.13 in costs, be granted in its entirety.

Date:  February 16, 2024

Respectfully submitted,


By: /s/  Amy P. Lally
    Amy P. Lally (SBN 198555)
    SIDLEY AUSTIN LLP

    Mark Rosenbaum (SBN 59940)
    PUBLIC COUNSEL

    *Attorneys for Plaintiffs*


## CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2

The undersigned, counsel of record for Plaintiffs certifies that this brief contains 4448 words, which complies with the word limit of L.R. 11-6.1.

Date:  February 16, 2024

Respectfully submitted,


By: /s/  Amy P. Lally
    Amy P. Lally (SBN 198555)
    SIDLEY AUSTIN LLP

1

2          Mark Rosenbaum (SBN 59940)
           PUBLIC COUNSEL
3
           *Attorneys for Plaintiffs*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS