Amy P. Lally (SBN 198555)
alally@sidley.com
Ellyce R. Cooper (SBN 204453)
ecooper@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9500
Facsimile: +1 310 595 9501

Mark Rosenbaum (SBN 59940)
mrosenbaum@publiccounsel.org
Amanda Savage (SBN 325996)
asavage@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, CA 90005
Telephone: +1 213 385-2977
Facsimile: +1 213 385-9089

Attorneys for Plaintiffs

*Additional Counsel on next page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ms. J.P., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Merrick B. Garland,<br><br>U.S. Attorney General, et al.,<br><br>　　　　Defendants. | Case No. 2:18-cv-6081-JAK-SK<br><br>**DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:　　March 25, 2024<br>Time:　　8:30 a.m.<br>Ctrm:　　10B<br>Location:　First Street Courthouse<br>　　　　　350 W. First Street<br>　　　　　Los Angeles, CA 90012<br>Judge:　　Hon. John A. Kronstadt |

DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

1  Carter G. Phillips*
   cphillips@sidley.com
2  Jennifer J. Clark*
   jennifer.clark@sidley.com
3  SIDLEY AUSTIN LLP
   1501 K Street, N.W.
4  Washington, D.C. 20005
   Telephone: +1 202 736 8000
5  Facsimile: +1 202 736 8711

6

   Timothy G. Payne*
7  tpayne@sidley.com
   SIDLEY AUSTIN LLP
8  Daniel C. Craig *
   dcraig@sidley.com
9  SIDLEY AUSTIN LLP
   One South Dearborn Street
10 Chicago, IL 60603
   Telephone: +1 312 853 7000
11 Facsimile: +1 312 853 7036

12

   Sean A. Commons (SBN 217603)
13 scommons@sidley.com
   SIDLEY AUSTIN LLP
14 555 West Fifth Street
   Los Angeles, CA 90013
15 Telephone: +1 213 896 6000
   Facsimile: +1 213 896 6600

16

17 *Admitted pro hac vice
   ** Institution listed for identification
18 purposes only

   Mark E. Haddad (SBN 205945)
   markhadd@usc.edu Part-time Lecturer in Law
   USC Gould School of Law**
   University of Southern California
   699 Exposition Boulevard
   Los Angeles, CA 90089
   Telephone: +1 213 675-5957

   Luis Cortes Romero (SBN 310852)
   lcortes@ia-lc.com
   Alma L. David (SBN 257676)
   adavid@ia-lc.com
   Immigrant Advocacy &
   Litigation Center, PLLC
   19309 68th Avenue South, Suite R-102
   Kent, WA 98032
   Telephone: +1 253 872-4730
   Facsimile: +1 253 237-1591

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ANNE LAI IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

I, Anne Lai, declare as follows:

1. I execute this declaration based upon my personal knowledge. If called as a witness in this proceeding, I could and would competently testify with respect to the facts set forth herein. I execute this declaration in support of plaintiffs' motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA) calculated at prevailing market rates. I believe that counsel with specialized expertise unavailable at the inflation-adjusted EAJA rate was essential to the successful litigation of plaintiffs' claims in *Ms. J.P. et al. v. Garland, et al.*

2. I presently serve as a clinical professor of law and Co-Director of the Immigrant Rights Clinic at the University of California, Irvine School of Law ("UCI IRC"). UCI IRC is a law school clinic based in Irvine, California that advocates on behalf of individuals and community groups. My teaching, research and legal practice focus on the intersection of immigrants' rights, civil rights, immigrant workers' rights, and criminal law and procedure.

3. I have substantial experience litigating complex civil and constitutional rights cases in the federal courts, and many of the cases I have litigated have involved the protection of immigrants' rights. During my time at the ACLU of Arizona, I served as a member of the monitoring team for plaintiffs in *Arnold v. Ariz. Dep't of Public Safety*, No. CV-01001463-PCT-JAT (D. Ariz. 2006) (class action alleging pattern and practice of racial profiling in traffic stops) and *Graves v. Arpaio*, No. CV-77-00479-PHX-NVW (D. Ariz. 2008) (class action relating to conditions in the Maricopa County Jails). I also represented the plaintiff or plaintiffs in *Ortega Melendres v. Arpaio*, No. CV-07-2513-PHX-GMS (D. Ariz. 2007) (class action against the Maricopa County Sheriff's Office (MCSO) alleging pattern and practice of racial discrimination and Fourth Amendment violations, including in immigration-related operations), *Lopez-Valenzuela v. Maricopa County*, No. 08-cv-660-SRB (D. Ariz. 2008) (class action challenging Arizona state constitutional amendment prohibiting release on bail of criminal defendants alleged to be undocumented

1  immigrants), *Mabrouk v. Arpaio*, No. 09-cv-01184 (D. Ariz. 2009) (1983 damages
2  action on behalf of Muslim woman detained in Maricopa County Jail that led to
3  change in MCSO policy on religious head coverings at intake and booking), and *Valle*
4  *del Sol v. Whiting*, No. 10-01061 (D. Ariz. 2010) (challenge to constitutionality of
5  Arizona's state immigration law, S.B. 1070 2010). In addition, I served as the lead
6  attorney in *Mora v. Arpaio*, No. 09-cv-1719-DGC (D. Ariz. 2011) (damages action on
7  behalf of U.S. citizen and lawful permanent resident detained by MCSO in connection
8  with worksite raid), successfully obtaining a $200,000 settlement after prevailing in
9  part on summary judgment.

10      4.    After entering law teaching, I continued to litigate complex cases in
11  federal court. For example, I served as counsel for plaintiffs in *Chacon v. East Haven*
12  *Police Dep't*, No. 10 CV 1692 (JBA) (D. Conn. 2010) (action against EHPD
13  challenging a pattern and practice of discriminatory policing and excessive force) and
14  *Brizuela v. Feliciano*, No. 12-cv-0226 (JBA) (D. Conn. 2012) (class action
15  challenging Connecticut Department of Corrections' practice of holding individuals
16  on immigration detainers without probable cause past their time in state criminal
17  custody). In my personal capacity, I continued to serve as counsel to plaintiffs in
18  *Ortega Melendres v. Arpaio*, arguing before the Ninth Circuit Court of Appeals,
19  serving as a member of the trial team, and playing a substantial role in fashioning
20  comprehensive relief following the District Court's issuance of its Findings of Fact
21  and Conclusions of Law. Further, I represented several immigration clients in federal
22  court actions, such as *Pierre v. Holder*, No. 10-2131 (2nd Cir. 2010) (petition for
23  review involving claim of derivative citizenship based on constitutional equal
24  protection grounds). More recently, our clinic served as lead counsel in *Puente v.*
25  *Arpaio*, No. 2:14-cv-01356-DGC (D. Ariz. 2017) (action challenging Maricopa
26  County law enforcement officials' practice of arresting and prosecuting immigrant
27  workers for I-9 related conduct that followed from their undocumented status). We
28  currently serve as lead counsel in *UCI Law School Immigrant Rights Clinic v. IC*E,

1  No. 8:20-cv-01188- DOC-KES (C. D. Cal. 2020) (Freedom of Information Act lawsuit seeking records about ICE's relationship with the private contractor Palantir Technologies, Inc.).

5. I am familiar with the specialized knowledge and expertise and reputations of Mark D. Rosenbaum and Talia Inlender. I am generally familiar with the *Ms. J.P. et al. v. Garland, et al*. litigation and settlement, and with other major litigation Mark D. Rosenbaum and Talia Inlender have brought on behalf of immigrants asserting civil rights violations, including as set forth below.

6. I am generally aware of other major litigation Mark D. Rosenbaum has successfully brought on behalf of immigrants including, *Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929, 960–61 (C.D. Cal. 2010) (challenging practices and procedures employed by the Immigration and Naturalization Service to detain, process, and remove Salvadorian nationals; awarded enhanced fees for distinctive knowledge and specialized skills under the EAJA).

7. I am also generally aware of other major litigation Talia Inlender has brought on behalf of immigrants, including *Intl. Refugee Assistance Project v. Kelly*, No. 2:17-cv-1761-JLS-AFMx, 2017 WL 3263870, at *1 (C.D. Cal. July 27, 2017) (challenging the detention of an Afghan family following the Trump Administration's Muslim Ban; awarded enhanced fees for distinctive knowledge and specialized skills under the EAJA).

8. I am further familiar with the expertise of my fellow members of the immigration bar, legal services lawyers, and the private bar from which Public Counsel recruits *pro bono* attorneys. I am generally familiar with the billing practices of immigration practitioners and general members of the private bar.

//
//
//

9. In my opinion, qualified counsel could not be found to represent class members denied rights under the *Ms. J.P. et al. v. Garland, et al.* settlement at the inflation-adjusted rate specified in the Equal Access to Justice Act. I believe expertise in conducting complex federal litigation, as well as knowledge of the laws affecting families detained in immigration custody and the rights of class members under the settlement, were essential for plaintiffs to enjoy a fair chance of prevailing in the present litigation.

10. Even were other lawyers qualified to vindicate class members' rights to be found, I firmly believe none would have prosecuted an enforcement motion on behalf of the plaintiff class at the inflation-adjusted EAJA rate. In my opinion, developing expertise in the law affecting plaintiff class members would be prohibitively time-consuming, and retaining qualified counsel at the inflation-adjusted EAJA rate, all but impossible.

11. Further, in my experience, few legal aid lawyers or members of the immigration bar regularly undertake federal litigation, and fewer still, class actions. When private immigration practitioners do undertake litigation, they typically charge at least several times the inflation-adjusted EAJA statutory rate. These billing rates are comparable to those charged by private firms from which Public Counsel recruits *pro bono* counsel. Based upon this experience, I do not believe qualified counsel of Mark Rosenbaum's level of skill and expertise could have been found to prosecute plaintiffs' claims for less than $ 1,170 per hour and qualified counsel of Talia Inlender's level of skill and expertise could not have been found to prosecute plaintiffs' claims for less than $795 per hour. I also believe the market rates for lawyers with experience comparable to that of plaintiffs' counsel are even higher than $1,170 and $795 per hour respectively.

//

//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of February 2024, in Los Angeles, California.

                                                  Anne Lai