# EXHIBIT 1

**SETTLEMENT AGREEMENT OF PLAINTIFFS'
CLAIMS FOR ATTORNEYS' FEES AND COSTS,
AND RELEASE OF CLAIMS IN
*MS. J.P., ET AL., V. JEFFERSON B. SESSIONS, ET AL.*,
CENTRAL DISTRICT OF CALIFORNIA
NO. 2:18-cv-06081-JAK-SK**

This Settlement Agreement and Release ("Fees Settlement Agreement") is entered into by and between Plaintiff, Ms. J.P., a noncitizen parent in the above-captioned matter, on behalf of herself and all Class Members ("Plaintiffs"), and Defendants[1] Merrick Garland, Attorney General of the United States; U.S. Department of Homeland Security ("DHS"); U.S. Immigration and Customs Enforcement ("ICE"); U.S. Customs and Border Protection ("CBP"); U.S. Department of Health and Human Services ("HHS"); Office of Refugee Resettlement ("ORR"); Patrick J. Lechleitner, Deputy Director and Senior Official Performing the Duties of the Director of ICE; Alejandro Mayorkas, Secretary of Homeland Security; Troy A. Miller, Senior Official Performing the Duties of the Commissioner of CBP; Xavier Becerra, Secretary of the Department of Health and Human Services; Robin Dunn Marcos, Director of the Office of Refugee Resettlement (collectively, "Defendants," and with Plaintiffs, the "Parties"), by and through their attorneys, in which Defendants have agreed to pay, and Plaintiffs have agreed to accept, subject to the Court's approval, eight hundred and fifty thousand dollars ($850,000.00) in full and complete satisfaction of any claims by Plaintiffs for costs, attorneys' fees, and litigation expenses, including any interest in connection with this lawsuit. This Fees Settlement Agreement is effective as of the date it is executed by all Parties and upon final approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, as set forth below.

---

[1] The names of the successors for the originally named Defendants who were sued in their official capacities have been automatically substituted here pursuant to the operation of Fed. R. Civ. P. 25(d).

## RECITALS

On November 5, 2019, Plaintiffs' motions for class certification and preliminary injunction were granted in part, and Defendants' motion to dismiss was denied. ECF No. 251. On February 16, 2024, Plaintiffs filed a motion for award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). ECF No. 343. Declarations setting forth details about Plaintiffs' counsels' timekeepers, hourly rates, hours work, and the nature of the work performed, were filed in support of the Motion. *Id.*

The Parties vigorously negotiated at arm's length to resolve Plaintiffs' claim for attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. On July 3, 2024, the Parties notified the Court that the Parties have reached a settlement in principle subject to the Government's necessary approval processes. ECF No. 351. On August 20, 2024, the Parties notified the Court that the Government has received final approval of the Parties' settlement. ECF No. 355.

The Parties have concluded that further litigation regarding Plaintiff's fees and costs would be protracted and expensive for all Parties. After considering these factors, as well as the risks of further litigation, the Parties agreed to settle in the manner and upon the terms set forth in this Agreement.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective attorneys, subject to the final approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

1. The parties do hereby agree to settle and compromise all claims related to attorneys' fees, litigation costs, and related expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), pursuant to Plaintiffs' Motion for Award of Attorneys' Fees filed in the United States District Court for the Central District of California (the "Court"), ECF No. 343 (the "Motion"), including any such claims not already before

the Court, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the claim for attorneys' fees and costs in the Motion, under the terms and conditions set forth in this Fees Settlement Agreement.

2. This Fees Settlement Agreement is not, is in no way intended to be, and shall not be construed as an admission of liability or fault on the part of Defendants, their agents, officers, or employees, and it is specifically denied that they are liable to Plaintiffs. All parties enter into this Fees Settlement Agreement for the purpose of settling Plaintiffs' claims under the EAJA for fees and costs relating to or arising from this civil action and avoiding the expenses and risks of further litigation. Further, none of the terms of this Fees Settlement Agreement may be offered or received into evidence or in any way referred to in any civil, criminal, or administrative action or proceeding, other than proceedings that may be necessary to consummate or enforce the terms of this Settlement Agreement against Plaintiffs, the United States, or any agency or instrumentality of the United States.

3. By entering into this Fees Settlement Agreement, Plaintiffs acknowledge and agree that they are waiving any additional claims, known or unknown, that may arise with respect to seeking any fees or costs from any Defendant for any claims that are the subject of the Motion.

4. Within five (5) business days of the execution of the Settlement Agreement, the parties will file a Joint Stipulation to Approve Fee Settlement Agreement and Dismiss EAJA Motion with Prejudice (the "Joint Stipulation") for the Court's approval. The Joint Stipulation will attach this Settlement Agreement. The Parties will use their best efforts to secure Court approval of this Fee Settlement Agreement and will take any further steps that may be necessary to do so.

3

5.  In full settlement and satisfaction of any and all claims, demands, rights, or causes of action for attorneys' fees and other expenses, and taxable costs pursuant to the Motion of whatsoever kind and nature, arising out of or in connection with any event related to this civil action, filed in the Court:

    a. Defendants agree to pay Plaintiffs eight hundred and fifty thousand dollars ($850,000.00) in settlement of Plaintiffs' claims and any potential claims for attorneys' fees, litigation costs, interest, and related expenses in this civil action. Plaintiffs agree that this is a reasonable resolution of Plaintiffs' claims in this civil action.

    b. Defendants' payment, as identified in Paragraph 5(a) above, shall be accomplished by electronic funds transfer to Plaintiffs' counsel's account on behalf of Plaintiff. Within ten (10) business days of the execution of this Settlement Agreement by all Parties, Plaintiffs' counsel shall provide Defendants with the banking information necessary for Defendants to effectuate payment. This banking information includes the following: Payee's name; Payee's address; Payee's SSN or Tax ID #; Payee's Bank Name and Identification of the Type of Bank Account; Payee's Bank Address; Routing Number; Account Number; and Payee's SAM.gov unique entity identifier (UEI) and commercial and government entity (CAGE) codes.

    c. Defendants will use all good faith efforts to pay the settlement amount within 90 days of the Court's approval of the Joint Stipulation.

    d. Plaintiffs represent that they have no existing debts to the United States and that they are not subject to an offset under *Astrue v. Ratliff*, 560 U.S. 586 (2010).

    e. This Settlement Agreement does not waive Plaintiffs' or their attorneys' tax liability or any other liability owed to the United States government.

4

    f. Neither Plaintiffs nor their counsel may pursue additional claims for attorneys' fees, litigation costs, or other monies arising from this civil action other than for work in any proceedings that may be necessary to enforce the terms of this Fees Settlement Agreement.

    g. Plaintiffs represent that their claim for attorneys' fees, litigation costs, interest and other expenses has been assigned to their counsel, and Defendants accept the assignment and waive any applicable provisions of the Anti-Assignment Act, 31 U.S.C. § 3727.

    h. Plaintiffs agree to waive their right to payment to them of attorneys' fees and costs pursuant to the Motion, so that Defendants may pay Plaintiffs' counsel as described above.

6. This Fees Settlement Agreement contains the entire agreement between the parties hereto. Plaintiffs acknowledge and agree that no promise or representation not contained in this Fees Settlement Agreement has been made to them, and acknowledge and represent that this Fees Settlement Agreement contains the entire understanding between the parties to this Settlement Agreement and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No oral or written statement, remark, agreement, or understanding that is not contained herein shall be recognized or enforced, nor does this Fees Settlement Agreement reflect any agreed-upon purpose other than the desire of the parties to reach a full and final conclusion of the litigation concerning the Motion without the time and expense of further litigation.

7. This Fees Settlement Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties to this Fees Settlement Agreement, nor shall any provision hereof be waived other than by a written waiver

signed by the parties to this Fees Settlement Agreement.

8. This Fees Settlement Agreement shall be binding upon and inure to the benefit of Plaintiffsand Defendants and their respective assignees and representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto or having an interest herein. The individuals signing this Agreement represent that they have the authority to bind the parties on whose behalf they sign this Agreement.

9. This document constitutes the complete integration of the Agreement between the parties and supersedes any and all prior oral or written representation, understandings, or agreements among or between the parties.

10. This Fees Settlement Agreement may be signed in counterparts. Facsimile or electronic transmissions of the original or electronic signatures to this agreement shall have the same effect as the original signatures.

11. This Fees Settlement Agreement is deemed executed on the date that the Settlement Agreement is signed by all of the individuals listed in the signature block below.

Dated: September 5, 2024

_____
Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9500
Facsimile: +1 310 595 9501

Mark Rosenbaum (SBN 59940)
mrosenbaum@publiccounsel.org
PUBLIC COUNSEL
610 S. Ardmore Avenue
Los Angeles, CA 90005

Dated: September 5, 2024

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director
MICHAEL A. CELONE
Senior Litigation Counsel

FIZZA BATOOL
Digitally signed by FIZZA BATOOL
Date: 2024.09.05 21:30:06 -04'00'
_____
FIZZA BATOOL
Trial Attorney
Office of Immigration Litigation

| | |
|---|---|
| Telephone: +1 213 385-2977<br>Facsimile: +1 213 385-9089<br><br>*Attorneys for Plaintiffs* | Civil Division<br>U.S. Department of Justice<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 616-4863 (phone)<br>(202) 305-7000 (facsimile)<br><br>*Attorneys for Defendants* |

7